UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――X
New Jersey Carpenters Health Fund, On Behalf      :
of Itself and All Others Similarly Situated,      :     Docket No. 08-CV-5310 (DAB)
                                                  :
            Plaintiff,                            :
                                                  :
         – against –                              :
                                                  :
NovaStar Mortgage Funding Trust, Series 2006-3,   :
NovaStar Mortgage Funding Trust, Series 2006-4,   :
NovaStar Mortgage Funding Trust, Series 2006-5,   :
NovaStar Mortgage Funding Trust, Series 2006-6,   :
NovaStar Mortgage Funding Trust, Series 2007-1,   :
NovaStar Mortgage Funding Trust, Series 2007-2,   :
NovaStar Mortgage Funding Corporation, Scott.     :
F. Hartman, Gregory S. Metz, W. Lance             :
Anderson, Mark A. Herpich, The Royal Bank of      :
Scotland Group, plc, Greenwich Capital Holdings,  :
Inc., Greenwich Capital Markets, Inc. d/b/a RBS   :
Greenwich Capital, Wachovia Securities, LLC       :
Deutsche Bank Securities, Inc., Moody's Investors :
Service, Inc.; and The McGraw-Hill Companies,     :
Inc.,                                             :
                                                  :
            Defendants.                           :
―――――――――――――――――――――――――――X

### PLAINTIFF'S MEMORANDUM OF LAW
### IN SUPPORT OF ITS MOTION TO REMAND

**SCHOENGOLD SPORN LAITMAN & LOMETTI , P.C.**
  Samuel P. Sporn (SS-4444)
  Joel P. Laitman (JL-8187)
  Christopher Lometti (CL-9124)
  Frank R. Schirripa (FS-1960)
  Daniel B. Rehns (DR-5506)
19 Fulton Street, Suite 406
New York, New York 10038
Telephone: (212) 964-0046
Facsimile: (212) 267-8137

*Counsel for Plaintiff and The Proposed Class*

**TABLE OF CONTENTS**

I.    INTRODUCTION ..................................................................................................................1

II.    FACTUAL AND PROCEDURAL BACKGROUND........................................................2

III.    THERE IS NO BASIS IN FACT OR LAW FOR
DEFENDANTS' REMOVAL OF THIS ACTION ............................................................4

    A.    Defendants' Reliance On CAFA Is An Insufficient Ground For Removal In
Light of Express Provisions In The Securities Act Precluding Removal ................4

    B.    Recent Authority Further Supports Remand of This Action ...................................9

VI.    CONCLUSION................................................................................................................11

# TABLE OF AUTHORITIES

**CASES**

*Breuer v. Jim's Concrete of Brevard, Inc.,*
    538 U.S. 691 (2003)..................................................................................................8

*California Pub. Employees Ret. Sys. v. WorldCom, Inc.,*
    368 F.3d 86 (2d Cir. 2004)........................................................................................4

*Estate of Pew v. Cardarelli,*
    Civ. No. 06-5703, 2008 U.S. App. LEXIS 10269 (2d Cir. May 13, 2008) ........................10

*Gaus v. Miles,*
    980 F.2d 564 (9th Cir. 1992) .......................................................................................10

*Herman & MacLean v. Huddleston,*
    459 U.S. 375 (1983)....................................................................................................7

*Hernandez v. J.B. Hunt, Inc.,*
    Civ. No. 08-0057, 2008 U.S. Dist. LEXIS 22598 (E.D.N.Y. Mar. 20, 2008) .....................4

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
    511 U.S. 375 (1994)...................................................................................................10

*Lupo v. Human Affairs Int'l, Inc.,*
    28 F.3d 269 (2d Cir. 1994)..........................................................................................4

*Luther v. Countrywide Home Loans Servicing LP,*
    Civ. No. 07-8165, 2008 U.S. Dist. LEXIS 26534 (C.D. Cal. Feb. 28, 2008)..................5, 9

*Reiter v. Sonotone Corp.,*
    442 U.S. 330 (1979)....................................................................................................7

*Reves v. Ernst & Young,*
    494 U.S. 56 (1990)......................................................................................................8

**STATUTES**

15 U.S.C. § 77b(a)(1) .............................................................................................................8

15 U.S.C. § 77k(a) ..................................................................................................................7

15 U.S.C. § 77l(a)(2)...............................................................................................................7

15 U.S.C. § 77o.................................................................................................................1, 3, 6

15 U.S.C. § 77p(c) ....................................................................................................................5

15 U.S.C. § 77v...................................................................................................................1,5, 8

28 U.S.C. § 1332(d)(9)(c) ................................................................................................ *passim*

New York General Business Law § 349......................................................................................10

**OTHER AUTHORITY**

Senate Report on Class Action Fairness Act of 2005 ..................................................................5, 6

**I.     INTRODUCTION**

This action was improperly removed and should be remanded to the Supreme Court of the State of New York, New York County. Plaintiff New Jersey Carpenters Health Fund (the "Carpenters Fund" or "Plaintiff") filed this action in New York Supreme Court New York County asserting claims under Sections 11, 12 and 15 of the Securities Act of 1933 ("Securities Act" or "1933 Act"), 15 U.S.C. §77k, 77l and 77o. *See* Complaint, annexed to the accompanying Declaration of Joel P. Laitman ("Laitman Decl.") as Exhibit A.[1] The claims arise from Plaintiff's purchase of mortgage-backed securities issued by NovaStar Mortgage Funding Trust ("NovaStar")[2] and the other defendants pursuant to a registration statement which is alleged to have misrepresented the true impaired nature of the loan collateral which purportedly supported or "backed" these debt securities. These misrepresentations and omissions are alleged to have adversely affected both the value of the securities and the likelihood that repayment obligations will be fully satisfied. (¶¶ 3, 34-62).

As amended in 1998, Section 22(a) of the Securities Act provides that class actions asserting Securities Act claims in state court may *not* be removed to federal court. *See* 15 U.S.C. §77v ("no case arising under this title and brought in any state of competent jurisdiction shall be removed to any court of the United States"). Despite this clear provision, Defendants' have nevertheless removed this action to federal court, relying exclusively on the Class Action Fairness Act of 2005 ("CAFA"). *See* Defendants' Notice of Removal, annexed to Laitman Decl. as Exhibit B. However, there is nothing in either the language or legislative history of CAFA which indicates that CAFA abrogates or repeals the provisions precluding removal of this class

---

[1]     "¶" denotes a reference to a specific paragraph(s) in the Complaint.

[2]     As alleged, the NovaStar Certificates are not traded or listed on any national exchange (¶ 1), and thus are not subject to the exception to non removal under Section 16 of the Securities Act.

1

action including under Section 22(a).  Indeed, CAFA reflects a clear intent to do the opposite: to preserve the framework for concurrent jurisdiction and removal contained in the Securities Act by excepting from removal under CAFA any action "that relates to the rights, duties and obligations relating to or created by or pursuant to any security (as defined under Section 2(a)(1) of the Securities Act of 1933 and the regulations issued thereunder.)"[3]  As a result, CAFA provides no ground for removal and this action should be remanded to state court.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

This case arises as a result of recent disclosures regarding the impaired nature of the loan collateral which purportedly supported or "backed" the NovaStar mortgage-backed securities purchased by the Carpenters Fund and the class.  In recent months, it has become clear that in a rush to obtain massive investment banking and other fees, Defendants Greenwich Capital Markets, Inc. d/b/a RBS Greenwich Capital ("RBS"), Wachovia Securities, LLC ("Wachovia") and Deutche Bank Securities, Inc. ("DBS") and the other Defendants packaged impaired loans as collateral purportedly designed to support the repayment of the principal and interest owed to Plaintiff and the Class as a result of their purchase of the NovaStar Certificates.  The disclosures of default and delinquency rates among other events and disclosures have revealed that the loan collateral was far more risky and prone to non-payment or default than what Defendants had

---

[3]     Pursuant to Section 2(a)(1), the term "security" means:

> any note, stock, treasury stock, security future, bond, debenture, evidence of indebtedness, certificate of interest or participation in any profit-sharing agreement, collateral-trust certificate, preorganization certificate or subscription, transferable share, investment contract, voting-trust certificate, certificate of deposit for a security, fractional undivided interest in oil, gas, or other mineral rights, any put, call, straddle, option, or privilege on any security, certificate of deposit, or group of index of securities (including any interest therein or based on the value thereof), or any put, call straddle, option or privilege entered into on a national securities exchange relating to foreign currency, or, in general, any interest or instrument commonly known as a 'security,' or any certificate of interest or participation in, temporary or interim certificate for, receipt for, guarantee of, or warrant or right to subscribe to or purchase, any of the foregoing.

2

disclosed to investors and thus that the statements in the applicable Registration Statements regarding the underwriting standards used to originate the loan collateral contained misstatements and omissions. (¶¶ 34-62). Defendants' practices are alleged to have adversely affected the value of the NovaStar Certificates by decreasing the likelihood that the collateral will be sufficient to support repayment of principal and interest owed to Plaintiffs and the Class. Indeed, as alleged the Carpenters Fund's holdings in NovaStar bonds have declined by approximately **77%** as disclosures emerged regarding the true manner in which the loan collateral was originated and as ratings agency "reevaluated" the worth of the securities in light of, *inter alia*, the "aggressive underwriting" used to originate the bond collateral. (¶¶ 3, 78-93).

On June 3, 2008, Plaintiff properly filed this action in the New York Supreme Court New York County seeking relief against defendants and only alleging claims brought pursuant to the 1933 Act for violations of Sections 11, 12(a)(2) and 15 on behalf of itself and similarly situated investors ("Securities Act claims").  As alleged in the Complaint, Defendants caused Registration Statements to be filed with the Securities and Exchange Commission ("SEC") in connection with, and for the purpose of issuing billions of dollars of NovaStar mortgage - backed Certificates or "mortgage backed securities."  (¶¶ 1-2).  The Complaint alleges that the Registration Statements omitted and/or misrepresented information about the underlying mortgages and the borrowers under those mortgages, and that as a result, the Certificates sold to plaintiff and the Class were much riskier than represented in the Registration Statements. (¶¶ 2, 34-62).  The Complaint alleges that Defendants owed plaintiff and the other members of the Class who purchased the Certificates pursuant to the Registration Statements and Prospectus Supplements:

> the duty to … make a reasonable and diligent investigation of the statements contained in the Registration Statements and the Prospectuses, to ensure that such

3

>   statements were true and that there was no omission to state a material fact required to be stated in order to make the statements contained therein not misleading.

(¶ 91). Therefore, plaintiff and the other members of the Class who hold the Certificates issued pursuant to the Registration Statements "have the right to rescind and recover the consideration paid" for their Certificates. (¶ 94). "Class members who have sold their Certificates seek damages to the extent permitted by law." *Id*.

On June 10, 2008, Defendants improperly removed this action to this Court based solely upon CAFA. Remand is warranted since CAFA does not repeal or abrogate any provisions of the Securities Act, and actually contains a provision under 28 U.S.C. Section 1332(d)(9)(C) ("Subsection C") which excepts removal of actions such as this one implicating "the rights and duties relating to a security" as defined under the Securities Act.

### III. THERE IS NO BASIS IN FACT OR LAW FOR DEFENDANTS' REMOVAL OF THIS ACTION

#### A. Defendants' Reliance On CAFA Is An Insufficient Ground For Removal In Light of Express Provisions In The Securities Act Precluding Removal

It is well-settled that any removal statute is to be construed "narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994); *see also, California Pub. Employees Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004); *Hernandez v. J.B. Hunt, Inc.*, Civ. No. 08-0057, 2008 U.S. Dist. LEXIS 22598 (E.D.N.Y. Mar. 20, 2008). Further, there is a "strong 'presumption' against removal jurisdiction," which means that defendants always have the burden of establishing that removal is proper. *Id*.

Here this presumption *against* removal is further bolstered by Section 22(a) of the Securities Act, which expressly precludes the removal from state court of class actions asserting Securities Act claims as follows:

4

> The district courts of the United States and United States courts of any Territory shall have jurisdiction of offenses and violations under this title [15 USCS §§ 77a, *et seq.*] and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, ***except as provided in section 16(c) [15 USCS § 77p] with respect to covered class actions,*** of all suits in equity and actions at law brought to enforce any liability or duty created by this title [15 USCS §§ 77a, *et seq.*]. Except as provided in section 16(c) [15 USCS § 77p(c)] [4]. ***no case arising under this*** **title [15 USCS §§ 77a *et seq.*] and brought in any State court of competent jurisdiction shall be removed to any court of the United States.**

15 U.S.C. § 77v.  (Emphasis added)

Defendants ignore this Securities Act provision, relying exclusively on CAFA as a basis for removal.  However, CAFA does not repeal or abrogate any provisions of the Securities Act.[5] Indeed, CAFA provides under Section 1332(d)(9) for a series of exceptions to federal jurisdiction, including securities-related exceptions.  Those exceptions provide that the federal courts do not have jurisdiction over an action:

> (A)  concerning a covered security as defined under 16(f)(3) of the Securities Act of 1933 and section 28(f)(5)(E) of the Securities Exchange Act of 1934;
>
> (B)  that relates to the internal affairs or governance of a corporation or other form of business enterprise and that arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized; **or,**
>
> (C)  that relates to the **rights, duties** (including fiduciary duties), and **obligations** relating to or created by or pursuant to any security (as defined under section 2(a)(l) of the Securities Act of 1933 and the regulations issued thereunder).

---

[4]  As set forth above, it is alleged that the NovaStar Certificates are not traded or listed on any national exchange (¶ 1), and thus are not subject to the exception to non removal under Section 16 of the Securities Act.

[5]  As reflected in the Senate Report on CAFA and noted in *Luther v. Countrywide Home Loans Servicing LP*, Civ. No. 07-8165, 2008 U.S. Dist. LEXIS 26534 (C.D. Cal. Feb. 28, 2008) *(see* discussion, *infra,* at section III. B.) CAFA was enacted for wholly other purposes: to curb "coupon settlements" in consumer class actions and eliminating consumer class actions which avoided federal jurisdiction by naming as a local defendant whose local residence defeated federal diversity jurisdiction**.**  The legislative history of CAFA reflects a clear intent to preserve the provisions of the Securities Act as amended by SLUSA not repeal or abrogate them as removal of this action under CAFA would require.  *See* note 3, *infra*.

28 U.S.C. §1332(d)(9)(A)-(C). (Emphasis added).[6]

Subsection C applies to this action. This action challenges the representations made in a Registration Statement and Prospectus regarding the loan collateral supporting repayment of the debt obligations owed to Plaintiffs and the class and thus relates directly to the *"rights, duties and obligations"* arising from the mortgage backed securities issued by NovaStar and the other Defendants named herein.

As Defendants' Notice of Removal ("Defendants Notice of Removal") plainly states, Plaintiff's causes of action are based solely on violations of Sections 11, 12(a)(2) and 15 of the 1933 Act. (Defendants' Notice of Removal at ¶ 2). Here, Plaintiff's claims relate solely to the rights, duties, and obligations relating to or created by the Certificates, issued by Defendants pursuant to the Registration Statement and Prospectuses, which Plaintiff and other Class

---

[6] The Senate Report on CAFA makes clear these exceptions were designed to be *consistent with* the Securities Act as amended by SLUSA. For example, the Senate Report states as follows:

> "Pursuant to new subsection 1332(d)(9), the Act excepts from new subsection 1332(d)(2)'s grant of original jurisdiction those class actions that solely involve claims that relate to matters of corporate governance arising out of state law. *The purpose of this provision is to avoid disturbing in any way the federal vs. state court jurisdictional lines already drawn in the securities litigation class action context by the enactment of the Securities Litigation Uniform Standards Act of 1998 (P.L. 105–353)."*

Senate Report on CAFA, at 45.

> "*In order to be consistent with the exceptions* to federal diversity jurisdiction granted under new section 1332(d), new subsection 1453(d) provides that the class action removal provisions shall not apply to claims involving covered securities or corporate governance litigation. **In addition, claims concerning a covered security, as defined in section 16(f)(3) of the Securities Act of 1933 or section 28(f)(5)(E) of the Securities Exchange Act of 1934, are excepted from the class action removal rule as well. These are essentially claims against the officers of a corporation for a precipitous drop in the value of its stock, based on fraud.** *Because Congress has previously enacted legislation governing the adjudication of these claims,[* See Public Law 104–67, the ''Private Securities Litigation Reform Act of 1995,'' and Public Law 105–353, the ''Securities Litigation Uniform Standards Act of 1998.] *it is the Committee's intent not to disturb the carefully crafted framework for litigating in this context.*"

Senate Report on CAFA, at 49-50.

6

members purchased. The statute's plain wording encompasses those rights, and any interpretation of the statute should "give effect, if possible, to every word Congress used." *Reiter v. Sonotone Corp.,* 442 U.S. 330, 339 (1979).

Section 11 of the Securities Act gives an aggrieved investor the ***right*** to bring an action in very limited circumstances against sellers of securities who have ***obligations*** to buyers. The statute provides that when a Registration Statement contained an "untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading, any person acquiring such security…may, either at law or in equity, in any court of competent jurisdiction, sue" various enumerated defendants. *See* 15 U.S.C. § 77k(a). As the United States Supreme Court has held:

> Section 11 of the 1933 Act allows purchasers of a registered security to sue certain enumerated parties in a registered offering when false or misleading information is included in a registration statement. The section was designed to assure compliance with the disclosure provisions of the Act by imposing a stringent standard of liability on the parties who play a direct role in a registered offering.

*See Herman & MacLean v. Huddleston,* 459 U.S. 375, 381-82 (1983).

Similarly, Section 12(a)(2) of the Securities Act creates a ***obligation*** of liability for, "[a]ny person who offers or sells a security…which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading to the person purchasing such security from him." *See* 15 U.S.C. § 77l(a)(2). The statute provides that the seller ***"shall be liable"*** to the purchaser if the seller fails to sustain certain defenses. *Id.*

Again, the language of the statute creating the right to bring this action and the obligations of the sellers to plaintiff purchasers is clear. These rights, duties, and obligations are created only when an issuer chooses to sell securities under the Securities Act, and are pursuant

7

to and related to those securities.  Thus, the CAFA exception applies here, and this case must be remanded to state court.

Further, as noted above, Section 22 of the 1933 Act explicitly states that in cases such as this "no case arising under this title and brought in any State court of competent jurisdiction *shall* be removed to any court [in] the United States."  *See* 15 U.S.C. § 77v(a).  In 1933, in response to securities scandals that in the late 1920s had laid waste to the American capital markets, Congress enacted the Securities Act – the first of the federal securities laws to protect investors.  *See* 15 U.S.C. § 77a, *et seq.*  In so doing, Congress expressly authorized aggrieved investors to bring claims under the Securities Act in ***either*** state or federal court.  *Id.*  Damaged investors, including plaintiffs alleging Securities Act Sections 11 and 12 claims, were thus entitled to file their lawsuits in state court and to have that choice of forum honored.  As a unanimous Supreme Court stated in *Breuer v. Jim's Concrete of Brevard, Inc.,* 538 U.S. 691 (2003), removal under Section 22(a) and other specific non-removal statutes is prohibited, for "[w]hen Congress has 'wished to give plaintiffs an absolute choice of forum, it has shown itself capable of doing so in unmistakable terms."  Here, Plaintiff properly filed in state court, and therefore the Court should immediately remand this action to the Supreme Court of New York State, County of New York.

It cannot be disputed that the Certificates purchased by Plaintiff and other Class members are a security as defined under Section 2(a)(l) of the Securities Act.  In *Reves v. Ernst & Young,* 494 U.S. 56, 61 (1990), the Supreme Court explained that in defining a "security" under 15 U.S.C. § 77b(a)(1), Congress enacted a definition "sufficiently broad to encompass virtually any instrument that might be sold as an investment."  Here, the present action is brought on behalf of Class members who acquired mortgage pass-through Certificates offered through Registration Statements/Prospectus Statements.  (¶ 1).  Thus, these Certificates clearly fall within the

8

definition of a security. Accordingly, based on Section 22 of the Securities Act and CAFA Section 1332(d)(9)(C), removal under CAFA was improper and this action should be remanded to New York state court.

### B. Recent Authority Further Supports Remand of This Action

In *Luther v. Countrywide,* 2008 U.S. Dist. LEXIS 26534, *supra*, the Court was faced with this precise remand issue of Securities Act class claims asserted in California state court. The Court ruled clearly that CAFA did not trump the expressed provisions of the Securities Act, and ordered the case be remanded to state court. The Court noted that CAFA was enacted for a wholly other purpose – not to repeal Section 22(a) of the Securities Act but rather to end the practice of circumventing federal court by adding parties who would defeat diversity jurisdiction. As a result, the Court concluded that CAFA had no applicability where the Securities expressly precluded removal stating as follows:

> CAFA sought to "make[] it harder for plaintiffs' counsel to 'game the system' by trying to defeat diversity jurisdiction," *see* S. REP. 109-14, 2005 U.S.C.C.A.N. 3, 6 (emphasis added), by "adding named plaintiffs or defendants solely based on their State of citizenship in order to defeat the diversity requirement" or alleging "an amount in controversy that does not trigger the $75,000 threshold for removing cases to federal court." 151 Cong. Rec. S1079 (daily ed. Feb. 8, 2005). (statement of Sen. Dodd). The statutory background is replete with references to this problem with the then-existing diversity requirements. *See, e.g.,* 2005 U.S.C.C.A.N. at 7 ("because of a technical glitch in the diversity jurisdiction statute, such [class action] cases are usually excluded from federal court"); *Id.*, at 12 ("[t]here is a growing chorus of authoritative sources declaring that something is badly amiss with the manner in which federal diversity jurisdictional requirements are applied to class actions"); *Id.*, at 11 (describing in detail the artful pleading that plaintiffs use to manipulate the system, and in particular, the "nonsensical" situations where federal courts lack diversity jurisdiction altogether)…
>
> ***Defendants' argument [for removal to federal court] is unavailing because CAFA appears directed towards a different problem – plaintiffs' artful circumvention of the diversity requirements - whereas the 1933 Act specifically forbids removal of cases brought pursuant to its provisions."***

*Id.* (Emphasis added).

The District Court further found CAFA's silence could not be construed as reflecting an intent to reverse specific provisions in the Securities Act precluding removal:

> Defendants do not show any such "clear intention" and point only to Congress's lack of an express exclusion of 1933 Act claims from CAFA…(arguing that Congress's failure to create a discrete exception that would preserve non-removability of 1933 Act claims indicates an affirmative expression of intent to make them removable).

*Id.* As a result, the District Court directed the class action asserting Securities Act claims be remanded to state court concluding as follows:

> Federal courts are courts of "limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994), and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992). ….Accordingly, the Court must remand this case to state court."

Remand of this action is not inconsistent with recent Second Circuit authority interpreting CAFA. In *Estate of Pew v. Cardarelli,* Civ. No. 06-5703, 2008 U.S. App. LEXIS 10269 (2d Cir. May 13, 2008)**,** the Second Circuit found that the removal to federal court of a state court action asserting a claim under New York General Business Law Section 349 ("GBL claim") was appropriate under the CAFA Section 1332(d)(9)(C). Thus, significantly, in *Pew* the Second Circuit permitted removal under CAFA only where there was no countervailing federal statute which precluded the removal (there is no federal statute which expressly precludes the removal of GBL claims from state to federal court). In this case, there is such a countervailing statute, and it unequivocally prevents removal of this case to federal court.

**IV.**

**CONCLUSION**

As set forth above, defendants had no basis in fact or law to remove this action to federal court pursuant to CAFA. Thus, Plaintiff's action should be immediately remanded to state court as required under Section 22 of the Securities Act of 1933.

Dated:　　New York, New York
　　　　　July 7, 2008

　　　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　　By:　　/s/ Joel P. Laitman
　　　　　　　　　　　　　　　　　　　　　　　Samuel P. Sporn (SS-4444)
　　　　　　　　　　　　　　　　　　　　　　　Joel P. Laitman (JL-8187)
　　　　　　　　　　　　　　　　　　　　　　　Christopher Lometti (CL-9124)
　　　　　　　　　　　　　　　　　　　　　　　Frank R. Schirripa (FS-1960)
　　　　　　　　　　　　　　　　　　　　　　　Daniel B. Rehns (DR-5506)
　　　　　　　　　　　　　　　　　　　　　**SCHOENGOLD SPORN LAITMAN & LOMETTI , P.C.**
　　　　　　　　　　　　　　　　　　　　　19 Fulton Street, Suite 406
　　　　　　　　　　　　　　　　　　　　　New York, New York 10038
　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 964-0046
　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 267-8137

　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff and The Proposed Class*

## CERTIFICATE OF SERVICE

I, Frank Schirripa, counsel for the Plaintiff, hereby certify that on July 7, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of much filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and by sending a copy of the foregoing to each of the addresses listed below:

Thomas C. Rice
trice@stblaw.com
James G. Gamble
jgamble@stblaw.com
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

Floyd Abrams
Fabrams@cahill.com
Susan Buckley
Sbuckley@cahill.com
CAHILL GORDON & REINDEL LLP
Eighty Pine Street
New York, NY 10005-1702
Telephone: (212)701.3000
Facsimile: (212)269.5420


James J. Coster
jcoster@ssbb.com
Joshua M. Rubins
jrubins@ssbb.com
SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue, 11th Floor
New York, NY 10169
Telephone: (212) 818-9200
Facsimile: (212) 818-9606

Martin M. Loring
martin.loring@huschblackwell.com
Michael Thompson
michael.tompson@huschblackwell.com
HUSCH BLACKWELL SANDERS LLP
Plaza Colonnade
Kansas City, MO – Plaza
4801 Main Street
Suite 1000
Kansas City, MO 64112
Telephone:  (816) 983-8000
Facsimile:  (816) 983-8080

                                                          /s/   Frank R. Schirripa
                                                            Frank R. Schirripa