UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
————————————————————————X
New Jersey Carpenters Health Fund, On Behalf      :
of Itself and All Others Similarly Situated,      :
                                                  :
            Plaintiff,                            :
                                                  :
    – against –                                   :   Civ. No. 08-5310 (DAB)
                                                  :
NovaStar Mortgage Funding Trust, Series 2006-3,   :
NovaStar Mortgage Funding Trust, Series 2006-4,   :
NovaStar Mortgage Funding Trust, Series 2006-5,   :
NovaStar Mortgage Funding Trust, Series 2006-6,   :
NovaStar Mortgage Funding Trust, Series 2007-1,   :
NovaStar Mortgage Funding Trust, Series 2007-2,   :
NovaStar Mortgage Funding Corporation, Scott.     :
F. Hartman, Gregory S. Metz, W. Lance             :
Anderson, Mark A. Herpich, The Royal Bank of      :
Scotland Group, plc, Greenwich Capital Holdings,  :
Inc., Greenwich Capital Markets, Inc. d/b/a RBS   :
Greenwich Capital, Wachovia Securities, LLC       :
Deutsche Bank Securities, Inc., Moody's Investors :
Service, Inc.; and The McGraw-Hill Companies,     :
Inc.,                                             :
                                                  :
            Defendants.                           :
————————————————————————X

## PLAINTIFF'S REPLY MEMORANDUM OF LAW IN
## FURTHER SUPPORT OF ITS MOTION TO REMAND

**SCHOENGOLD SPORN LAITMAN &
LOMETTI , P.C.**
  Samuel P. Sporn (SS-4444)
  Joel P. Laitman (JL-8187)
  Christopher Lometti (CL-9124)
  Frank R. Schirripa (FS-1960)
  Daniel B. Rehns (DR-5506)
19 Fulton Street, Suite 406
New York, New York 10038
Telephone: (212) 964-0046
Facsimile: (212) 267-8137

*Counsel for Plaintiff and The
Proposed Class*

# **TABLE OF CONTENTS**

Page

**Page**

I.    INTRODUCTION ………..…....…………….…..……………………….............…. 1

II.    ARGUMENT ...........................................................……………………............. 3

    A.    The SLUSA Amendments Created A Detailed Statutory Scheme Specifically Governing The Removal of Securities Class Actions ....................... 3

    B.    Defendants Cannot And Have Not Made The Requisite Showing To Support A Finding That CAFA Implicitly Repealed The SLUSA Amendments ..................................................... 5

        1.    Defendants Have Not Made The Requisite Showing of "Clear And Manifest Intent" To Repeal The SLUSA Amendments ..................... 6

        2.    Defendants Have Not Made The Requisite Showing of "Irreconcilable Conflict" 'Between CAFA And SLUSA Amendments ............................................ 8

    C.    Any Arguable Conflict Between CAFA and the SLUSA Removal Amendments Must Be Resolved In Favor of The Far More Specific SLUSA Removal Amendments……................................ 8

    D.    The CAFA Securities Exception Is Applicable Under *Pew v. Cardarelli* ............. 9

III.    CONCLUSION ........................................................................................10

# **TABLE OF AUTHORITIES**

## **CASES**

*Cal. Pub. Employees Ret. Sys. v. WorldCom, Inc.*,
    368 F.3d 86 (2d Cir. 2004) ..............................................................................................6

*Estate of Pew v. Cardarelli*,
    527 F.3d 25 (2d Cir. 2008) ...................................................................................... 2. 3, 9

*Kittery Motorcycle, Inc. v. Rowe*,
    320 F.3d 42 (1st Cir. 2003) ............................................................................................ 6

*Luther v. Countrywide Home Loans Servicing LP*,
    Civ. No. 08-55865, 2008 U.S. App. LEXIS 15115, (9th Cir. July 16, 2008) …….. *passim*

*Radzanower v. Touche Ross & Co.*,
    426 U.S. 148 (1976)................................................................................................ 5, 8, 9

*Traynor v. Turnage*,
     485 U.S. 535 (1988) ....................................................................................................... 5

*Watt v. Alaska,*
    451 U.S. 259 (1981) .......................................................................................................9

## **STATUTES**

Class Action Fairness Act of 2005 ............................................................................................... 1

28 U.S.C. § 1332    ..............................................................................................................1, 9

28 U.C.S. § 1453    .................................................................................................................1

Investment Company Act of 1940 ............................................................................................... 4

Securities Act of 1933, 15 U.S.C. §77a, *et seq*. ....................................................................1,3, 4

15 U.S.C. § 77p……………………………….....................................................................................3

15 U.S.C. § 77r…………… .......................................................................................................4

15 U.S.C. § 77v ……………….......................................................................................................4

Securities Litigation Uniform Standards Act of 1998 ................................................................. 1

## **OTHER**

Senate Report 109-14, February 28, 2005 ............................................................................ 2, 6, 7

**I.      INTRODUCTION**

In opposing remand of this action defendants argue, as they must, having removed the case from New York State Supreme Court solely on the grounds of the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (amending 28 U.S.C. §§ 1332 and 1453) ("CAFA"), that CAFA implicitly repealed or supercedes the removal provisions of the Securities Act of 1933, 15 U.S.C. §77a, *et seq*. (the "Securities Act" or "SA") found in Section 22(a) of the SA.  On July 16, 2008 the Ninth Circuit, in *Luther v. Countrywide Home Loan Servicing LP*, N0l 08-55865, 2008 U.S. App. LEXIS 15115, at *6-7 (9th Cir. July 16, 2008), rejected this precise argument. The Circuit Court remanded to state court a securities class action asserting claims only under the Securities Act, finding unequivocally that CAFA "does not supersede Section 22(a)'s specific bar against removal of cases under the '33 Act." *Luther*, at *7.[1]

The Securities Act removal provisions are fully contained in Sections 22(a), 16(c) and 18(b) of the Securities Act and were enacted in 1998 pursuant to the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), Pub. L. 105-353, 112 Stat. 3227 (1998) ("SLUSA Removal Amendments" or "SLUSA Amendments"); and relate solely to securities class actions. In contrast, the CAFA removal provisions encompass all class actions over a certain jurisdictional amount ($5,000,000) and with those involving members in excess of 100 individuals.  28 U.S.C. § 1332(d)(2) and (5).  In order for Defendants to successfully argue that CAFA implicitly repealed the SLUSA Amendments, however, defendants must first demonstrate that it was the "clear and manifest intent" of the Congress in enacting CAFA to do so, and also that there is an "irreconcilable conflict" between the removal provisions in CAFA and the

---

[1]     Defendants also argue the district court decision in *Luther* was inapplicable because it rested on removal pursuant to 28 U.S.C. 1441(a) and not, as here 1453. (Def. Mem. at n. 7 p. 17).  However, in affirming the remand decision of the District Court, the Ninth Circuit did so after specifically noting that CAFA "provided for such class actions to be removable to federal court*, **28 U.C.S. 1453(b).**" Luther*, 2008 U.S. App. LEXIS 15115, at *5 (Emphasis supplied).

SLUSA Amendments. Neither of these conditions has been – nor can be – satisfied here. There is nothing in CAFA's 96-page legislative history (contained in the Senate Report 109-14, February 28, 2005 ("Report") (annexed as Exhibit A to the Declaration of Joel P. Laitman) which supports any "clear and manifest intent" to repeal the removal provisions set forth in Sections 22(a), 16(c) and 18(b). To the contrary, CAFA's legislative history evidences an intent to address abuses wholly unrelated to securities class actions and leave "undisturbed" the SLUSA Amendments. CAFA was designed to ensure that class actions would not be filed in state court merely by defeating the previous definition of diversity jurisdiction (Report at pp. 10-12); provide class members in *consumer* class actions with a so-called consumer "bill of rights" (Report at pp. 27-28); and ensure that CAFA did not conflict with the removal provisions in the SLUSA Amendments, which required the removal of class actions involving covered securities. (Report at pp. 49-50).[2]

The SLUSA Amendments, on the other hand, were designed to provide that securities class actions involving "covered securities" (*i.e.*, "covered class actions") *had to be removed* to federal court while non covered class actions, such as this action, remain protected by SA's anti-removal provisions. Since CAFA is broader, encompassing all class actions and was intended not to conflict with SLUSA, there is also no "irreconcilable conflict" between CAFA and the SLUSA removal provisions.[3] Further, even if an irreconcilable conflict was found to exist

---

[2]   As discussed below, there is scarce reference to securities or securities class actions in the Report with the term "securities" only appearing on pages 29, 45, 49-50, 61, 64 and 84 of the 96. These references make no mention of an intent to repeal any SA removal provisions, but rather discuss CAFA's implementation of a securities related exception so as to not have CAFA conflict with the SA removal provisions. There is also no discussion of any specific securities class action cases. In contrast, the Report is replete with detailed discussions of particular abusive non securities class actions which were emblematic of the problems CAFA was enacted to redress. *See e.g.*, Report at pp. 14-27 (containing references and discussion of over thirty specific abusive consumer-related class actions which gave rise to CAFA's principal statutory provisions.)

[3]   Defendants rely heavily on *Estate of Pew v. Cardarelli*, 527 F.3d 25 (2d Cir. 2008) for their implicit repeal argument. (Def. Mem. at 4, 7-11, 20-21). However, while *Pew* considered the legislative history of CAFA, it gave

2

between the two statutes – which there is not – under settled Supreme Court authority, and as recently held by the Ninth Circuit in *Luther,* the earlier enacted but far more specific SLUSA Amendments are not to be controlled by the more general CAFA removal provisions.  Finally, in all events, and while not necessary to remand this action in light of the above reasoning that CAFA does not implicitly supercede or repeal the SLUSA Amendments, the allegations here fall within the securities exception contained in CAFA as explained by the Second Circuit in *Pew*, 527 F.3d 25.

## II. ARGUMENT

### A. The SLUSA Amendments Created A Detailed Statutory Scheme Specifically Governing The Removal of Securities Class Actions

In 1998 Congress made important amendments to the Securities Act through the enactment of SLUSA.  SLUSA specifically amended the removal provisions, inserting or modifying Sections 22(a), 16(c) and 18(b) of the Securities Act.  These changes narrowed the type of securities class actions which would be subject to removal under the SA.  The amendments differentiated between class actions involving "covered securities" – which *must* be removed to federal court under Section 16(c),[4] and class actions involving non-covered

---

no consideration to CAFA in relation to SLUSA's Removal Amendments.  The Ninth Circuit in *Luther* noted the inapplicability of *Pew* to the issue of CAFA's implicit repeal of the SLUSA Amendments, stating as follows:  "***The defendants put much reliance on Pew v. Cardelli, 527 F.3d 25(2d Cir. 2008) which held that 28 U.S.C. 1332(c)(9)(C)'s exception to the original  diversity jurisdiction under CAFA did not cover an action alleging violations of a state consumer fraud statute.  We do not find the case to be controlling.  The Pew court did not address the interplay between CAFA and 22(a).  Because the claim proceeded under state law rather than the 1933 Act, § 22(a) did not apply on its terms.***"  *Luther*, 2008 U.S. App. LEXIS 15155, at *7.

[4]     Section 16(c) was a 1998 amendment which provides affirmatively for the removal of only "covered class actions" as follows:

> (c) Removal of covered class actions. Any covered class action brought in any State court involving a *covered security*, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

15 U.S.C. §77p. (Emphasis added).

3

securities, which may *not* be removed to federal court under Section 22(a).[5] Section 18(b) of the SA set forth a detailed definition of kinds of securities, which are deemed "covered securities."[6] The definition of "covered securities" includes, for example, securities, which are traded or listed on a national exchange, or securities issued under the Investment Company Act of 1940.[7] The removal provisions of Sections 22(a), 16(c) and 18(b) are intertwined and self–referencing and thus constitute a carefully designed statutory scheme or framework for securities class actions.

### B. Defendants Cannot and Have Not Made The Requisite Showing to Support A Finding That CAFA Implicitly Repealed The SLUSA Amendments

---

[5]   Section 22(a) was amended to read as follows (emphasis added):

§ 77v.  Jurisdiction of offenses and suits

(a) Federal and State courts; venue; service of process; review; removal; costs. The district courts of the United States and United States courts of any Territory shall have jurisdiction of offenses and violations under this title and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, except as provided in section 16 with respect to covered class actions, of all suits in equity and actions at law brought to enforce any liability or duty created by this title. … **Except as provided in section 16(c), no case arising under this title and brought in any State court of competent jurisdiction shall be removed to any court of the United States.** No costs shall be assessed for or against the Commission in any proceeding under this title brought by or against it in the Supreme Court or such other courts.

[6]   Section 18(b), 15 U.S.C. §77r, provides as follows:

(b) Covered securities. For purposes of this section, the following are covered securities:

  (1) Exclusive Federal registration of nationally traded securities. A security is a covered security if such security is—

    (A) listed, or authorized for listing, on the New York Stock Exchange or the American Stock Exchange, or listed, or authorized for listing, on the National Market System of the NASDAQ Stock Market (or any successor to such entities);
    (B) listed, or authorized for listing, on a national securities exchange (or tier or segment thereof) that has listing standards that the Commission determines by rule (on its own initiative or on the basis of a petition) are substantially similar to the listing standards applicable to securities described in subparagraph (A); or
    (C) is a security of the same issuer that is equal in seniority or that is a senior security to a security described in subparagraph (A) or (B).
  (2) Exclusive Federal registration of investment companies. A security is a covered security if such security is a security issued by an investment company that is registered, or that has filed a registration statement, under the Investment Company Act of 1940.

[7]   It is undisputed that the securities at issue here, mortgage-backed securities, are not "covered securities" under Section 18 (b) of the Securities Act.

4

The Supreme Court made it clear in *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 153 (1976), that a court will only find a statute to have been implicitly repealed if two conditions are met. It must first be shown that there was a "clear and manifest intent" by the Legislature to effectuate such a repeal, and secondly that there is an irreconcilable conflict between the two statutes as follows:

> There are, however, 'two well-settled categories of repeals by implication - (1) where provisions in the two acts are in ***irreconcilable conflict***, the later act to the extent of the conflict constitutes an implied repeal of the earlier one; and (2) if the later act covers the whole subject of the earlier one and is clearly intended as a substitute, it will operate similarly as a repeal of the earlier act. But, in either case, ***the intention of the legislature to repeal must be clear and manifest***….' *Posadas v. National City Bank,* 296 U.S. 497, 503.

*Radzanower*, 426 U.S. at 153.

Further, the Supreme Court noted that there is an affirmative duty in interpreting statutes to find a manner in which the two statutes may "coexist" so that each may be found to be effective:

> The statutory provisions at issue here cannot be said to be in "irreconcilable conflict" in the sense that there is a positive repugnancy between them or that they cannot mutually coexist. It is not enough to show that the two statutes produce differing results when applied to the same factual situation, for that no more than states the problem. ***Rather, "when two statutes are capable of coexistence, it is the duty of the courts… to regard each as effective." Morton v. Mancari, supra,*** at 551. As the Court put the matter in discussing the interrelationship of the antitrust laws and the securities laws: "Repeal is to be regarded as implied only if necessary to make the [later enacted law] work, and even then only to the minimum extent necessary. This is the guiding principle to reconciliation of the two statutory schemes." *Silver v. New York Stock Exchange,* 373 U.S. 341, 357.

*Radzanower*, 426 U.S. at 155. *See also Traynor v. Turnage*, 485 U.S. 535, 548 (1988) (holding that both statutes could co-exist since later enacted "legislation did not expressly contradict the more 'narrow, precise, and specific'" subsequent legislation and was not rendered meaningless by such a reconciliation); *Kittery Motorcycle, Inc. v. Rowe*, 320 F.3d 42, 51 (1st Cir. 2003)

5

("Given our reluctance to find an implied repeal, if we can reasonably read the two statutes consonantly, we will. … In other words, so long as the two statutes, fairly construed, are capable of coexistence, courts should regard each as effective.").[8]

### 1. Defendants Have Not Made The Requisite Showing of "Clear And Manifest Intent" To Repeal The SLUSA Amendments

Defendants argue that the specific removal scheme contained in Sections 22(a), 16(c) and 18(b) has been implicitly repealed by CAFA such that all securities class actions, whether "covered class actions" or not, must be removed to federal court. However, if that truly was the intent of CAFA – to discard the removal framework in SLUSA – one would expect that this intent would be evidenced in CAFA's legislative history. It is not. Indeed, to the contrary, the Report states CAFA "*excludes from its federal jurisdiction grant: … any securities class actions covered by the Securities Litigation Reform Act*." (Report at p. 29) (emphasis added). As noted in Plaintiff's opening memorandum of law, the Report, in explaining the exception to CAFA for "covered securities," stated that CAFA "was not intended to disturb the carefully crafted framework for litigating" … in the "context" of cases alleging securities violations. (Report at p. 50). The Report makes clear that CAFA created an exception for "covered securities" to be consistent with the removal provisions enacted in SLUSA, as follows:

> In order to be consistent with the exceptions to federal diversity jurisdiction granted under new section 1332(d), new subsection 1453(d) provides that the class action removal provisions shall not apply to claims involving covered securities or corporate governance litigation. In addition, claims concerning a covered security, as defined in section 16(f)(3) of the Securities Act of 1933 or section 28(f)(5)(E) of the Securities Exchange Act of 1934, are excepted from the

---

[8] Defendants argue that *Cal. Pub. Employees Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86 (2d Cir. 2004) supports their interpretation of CAFA. (Def. Br. at 11-14). However, in that case the court interpreted the SA removal provisions in relation to the removal provisions under the bankruptcy code. There an irreconcilable conflict existed since where the bankruptcy code is applicable, any anti-removal provisions necessarily conflict with it. As found by the Ninth Circuit in *Luther,* the same necessary conflict is not true of securities class actions subject to the SLUSA Removal Amendments in relation to CAFA since the SLUSA amendments pertain to only a narrow subset of class actions and, as noted above, were not intended to conflict with CAFA.

> class action removal rule as well. ***These are essentially claims against the officers of a corporation for a precipitous drop in the value of its stock, based on fraud. Because Congress has previously enacted legislation governing the adjudication of these claims, it is the Committee's intent not to disturb the carefully crafted framework for litigating in this context.***

Report at p. 50-51 (emphasis added).  It would make little sense for the Report to state it excepted covered securities to preserve the framework for removal under SLUSA if, in fact its purpose was, as Defendants now argue, to dismantle it.[9]

The balance of the 96-page Report only further confirms CAFA was not enacted to alter the SA removal scheme for securities class actions since it is devoted entirely to redress abuses in the consumer class action field. *See Luther v. Countrywide Home Loans Servicing, LP*, Civ. No. 07-8165, 2008 U.S. Dist. LEXIS 26534, at *9 (C.D. Cal. Feb. 28, 2008) ("CAFA appears to be directed towards a different problem – plaintiffs' artful circumvention of the diversity requirements – whereas the 1933 Act specifically forbids removal of cases brought pursuant to its provisions") aff'd, *Luther*, 2008 U.S. App. LEXIS 15115.  Thus, defendants repeated assertions that the intention of CAFA was to "trump" the SA removal provisions (Def. Br. at pp. 2, 4-5, 11-10) are simply not supported by CAFA's legislative history.

>  **2. Defendants Have Not Made The Requisite Showing of An "Irreconcilable Conflict" Between CAFA And The SLUSA Amendments**

Here, as in *Radzanower* and *Kittery*, the duty to achieve coexistence is easily satisfied because of the difference in breadth and intent between the two statutes.  The SLUSA Amendments are specifically related to securities class actions, while CAFA is broader – relating

---

[9] Not surprisingly, Defendants can cite to no portion of CAFA's legislative history which supports their interpretation.  *See* Def. Br. at p. 11 fn. 4.  Instead, Defendants argue only that the scant mention of the Securities Act evidences that the Securities Act could have been carved out but was not.  On its face, however, the failure to create an exception is not sufficient evidence of "clear and manifest intent" to repeal the SLUSA Amendments required under *Radzanower*.  Finally, defendants rely on *Pew* as supportive of CAFA's implicit repeal.  However, as the Ninth Circuit specifically found in Luther (*see* fn. 3 above), *Pew* is not controlling since no claims were pending under the Securities Act and the SLUSA Removal Amendments were not considered.

7

to all class actions – but intended not to conflict with the SLUSA Amendments. Since CAFA's legislative history evidences an intent to preserve the SLUSA removal provisions, defendants also cannot demonstrate "irreconcilable conflict" between CAFA and SLUSA. Both statutes may coexist, and there is no irreconcilable conflict because CAFA expanded federal jurisdiction to cover national consumer class actions while not conflicting with SLUSA removal, while SLUSA expanded federal jurisdiction to cover securities class actions involving "covered securities." (The CAFA exception related to covered securities is, as indicated in the legislative history above, to ensure there is no conflict with the SLUSA amendments.)

   **C. Any Arguable Conflict Between CAFA And The SLUSA Removal Amendments Must Be Resolved In Favor of The Far More Specific SLUSA Removal Amendments**

Even if the Court were to find an irreconcilable conflict between CAFA and SLUSA, settled principles of statutory interpretation require, as the Ninth Circuit recently ruled in *Luther* when faced with this precise issue, that the specific SLUSA amendments related solely to removal of securities class actions are not repealed or "superceded" by the more general CAFA removal provisions. *Luther*, 2008 U.S. App. LEXIS 15115, at *7. In *Radzanower*, the Supreme Court made clear that "it is a basic principle of statutory construction that a statute dealing with a narrow, precise, and specific subject is not submerged by a later enacted statute covering a more generalized spectrum." 426 U.S. at 153. The rationale for this principle was stated as follows:

> "The reason and philosophy of the rule is, that when the mind of the legislator has been turned to the details of a subject, and he has acted upon it, a subsequent statute in general terms, or treating the subject in a general manner, and not expressly contradicting the original act, shall not be considered as intended to affect the more particular or positive previous provisions, unless it is absolutely necessary to give the latter act such a construction, in order that its words shall have any meaning at all." T. Sedgwick, The Interpretation and Construction of Statutory and Constitutional Law 98 (2d ed. 1874).

8

*Radzanower*, 426 U.S. at 153.  Applying this principle in *Radzanower* led the Supreme Court to find the more specific, but older, venue provision in the National Bank Act governed over the broader venue provision in the more recent Securities Exchange Act statute.  *Id.*, at 150.  Here there is no question, as the Ninth Circuit specifically found in *Luther*, that SLUSA's removal amendments, which specifically govern the removal of only securities class actions, are more specific than the CAFA provisions which govern removal of all class actions.[10]

### D. The CAFA Securities Exception Is Applicable Under *Pew v. Cardarelli*

As demonstrated above, CAFA does not control or repeal the SLUSA removal amendments.  However, under CAFA, there are no grounds for removal since the allegations, here fall within one of the CAFA exceptions.  Defendants argue that the CAFA exception relating to "rights, duties and obligations relating to or created by or pursuant to any security" (under the Securities Act), 28 U.S.C. § 1332(d)(9)(C), has no application under the Second Circuit decision in *Pew*, 527 F.3d 25.  (Def. Br. at 6-11).  The Second Circuit in *Pew* explained the exception applies to:

> Claims that "relate[] to the rights . . . and obligations" "created by or pursuant to" a security must be claims ***grounded in the terms of the security itself,*** the kind of claims that might arise where the interest rate was pegged to a rate set by a bank that later merges into another bank, or where a bond series is discontinued, or where a failure to negotiate replacement credit results in a default on principal.

*Pew*, 527 F.3d at 31-32.

This exception applies here since the allegations challenge the "terms of the security itself."  It is alleged that the ratings assigned to particular tranches or classes of Certificates and

---

[10] Defendants argue that the Second Circuit decision in *WorldCom* requires that the CAFA and Securities Act provisions be viewed as equally specific.  (Def. Br. at 14-15).  However,  as noted, *WorldCom* compared the bankruptcy removal provisions to the SA.  The Ninth Circuit compared precisely the same statutes at issue here and rejected Defendants' argument finding the SLUSA Amendments far more specific than CAFA.  *Luther*, 2008 U.S. App. LEXIS 15115, at *7.  Defendants also argue that since CAFA is more "recent" it should control SLUSA.  (Def. Mem. at 15-16).  However, under *Radzanower*, the rule of recency has no application where the earlier enacted statute is more specific where there is no irreconcilable conflict.  *See Watt v. Alaska,* 451 U.S. 259, 266 (1981) (declining to apply the recent statute canon when statutes did not "irreconcilably" conflict).

9

the relative values assigned to those various Certificate classes as a result of inaccurate ratings by the defendant rating agencies were false. *See* Complaint ¶¶ 2, 24-26, 61-62. The challenge to the ratings assigned to specific tranches is also alleged to have adversely impacted the "interest rate … pegged" – or assigned – to each class of the Certificates at issue during initial pricing of the offering. *Id.* at ¶ 61. As a result, this case fits within CAFA's securities exception under *Pew* and may be not removed even if CAFA is found to control the SLUSA Removal Amendments, which it does not.

### III.   CONCLUSION

For the reasons set forth above and as set forth in Plaintiff's opening memorandum in support of remand, Plaintiff's action should be remanded to state court.

Dated:   New York, New York  
         August 4, 2008

Respectfully submitted,

By:   /s/ Joel P. Laitman  
      Samuel P. Sporn (SS-4444)  
      Joel P. Laitman (JL-8187)  
      Christopher Lometti (CL-9124)  
      Frank R. Schirripa (FS-1960)  
      Daniel B. Rehns (DR-5506)  
**SCHOENGOLD SPORN LAITMAN & LOMETTI , P.C.**  
19 Fulton Street, Suite 406  
New York, New York 10038  
Telephone: (212) 964-0046  
Facsimile: (212) 267-8137

*Counsel for Plaintiff and Proposed Class*

## CERTIFICATE OF SERVICE

I, Frank Schirripa, counsel for the Plaintiff, hereby certify that on August 4, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of much filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and by sending a copy of the foregoing to each of the addresses listed below:

Thomas C. Rice
trice@stblaw.com
James G. Gamble
jgamble@stblaw.com
**SIMPSON THACHER & BARTLETT LLP**
425 Lexington Avenue
New York, NY 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

Floyd Abrams
Fabrams@cahill.com
Susan Buckley
Sbuckley@cahill.com
**CAHILL GORDON & REINDEL LLP**
Eighty Pine Street
New York, NY 10005-1702
Telephone: (212) 701-3000
Facsimile: (212) 269-5420

James J. Coster
jcoster@ssbb.com
Joshua M. Rubins
jrubins@ssbb.com
**SATTERLEE STEPHENS BURKE & BURKE LLP**
230 Park Avenue, 11th Floor
New York, NY 10169
Telephone: (212) 818-9200
Facsimile: (212) 818-9606

Martin M. Loring
martin.loring@huschblackwell.com
Michael Thompson
michael.tompson@huschblackwell.com
**HUSCH BLACKWELL SANDERS LLP**
Plaza Colonnade
Kansas City, MO – Plaza
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone:  (816) 983-8000
Facsimile:   (816) 983-8080

　　　　　　　　　　　　　　　　　　　　　　　/s/   Frank R. Schirripa