UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NEW JERSEY CARPENTERS HEALTH FUND, *on Behalf of Itself and All Others Similarly Situated*,

Plaintiff,

-against-

NOVASTAR MORTGAGE, INC., NOVASTAR MORTGAGE FUNDING CORPORATION, SCOTT F. HARTMAN, GREGORY S. METZ, W. LANCE ANDERSON, MARK HERPICH, RBS SECURITIES, INC., f/k/a GREENWICH CAPITAL MARKETS, INC., d/b/a RBS GREENWICH CAPITAL, DEUTSCHE BANK SECURITIES, INC., WELLS FARGO ADVISORS, LLC f/k/a WACHOVIA SECURITIES LLC,

Defendants.

Case No. 08-CV-5310 (DAB)

ECF CASE

**DECLARATION OF WILLIAM F. ALDERMAN IN SUPPORT OF NOVASTAR DEFENDANTS' OPPOSITION TO PLAINTIFF NEW JERSEY CARPENTERS HEALTH FUND'S MOTION FOR CLASS CERTIFICATION**

I, William F. Alderman, declare as follows:

1.      I am a partner with the firm of Orrick, Herrington & Sutcliffe LLP and one of the attorneys of record for defendants NovaStar Mortgage, Inc. ("NMI"), NovaStar Mortgage Funding Corporation ("NMFC"), Scott F. Hartman, Gregory S. Metz, W. Lance Anderson and Mark Herpich (collectively, the "NovaStar Defendants") and make this declaration in support of the NovaStar Defendants' opposition to plaintiff New Jersey Carpenters Health Fund's motion for class certification.  I have personal knowledge of the facts stated in this declaration, and I could and would testify competently to those facts if called as a witness.

2.      Attached as Exhibit A hereto is a true and correct copy of excerpts from the certified transcript of the deposition of plaintiff's "confidential witness" Patrick N. Rider, taken on September 16, 2015.

3.      Attached as Exhibit B hereto is a true and correct copy of excerpts from the certified transcript of the deposition of plaintiff's "confidential witness" Dan Augustine, taken on September 9, 2015.

4.      Attached as Exhibit C hereto is a true and correct copy of excerpts from the certified transcript of the deposition of plaintiff's "confidential witness" Tanya Reeder (formerly Bozic), taken on September 29, 2015.

5.      Attached as Exhibit D hereto is a chart I prepared comparing (a) the weighted averages of actual FICO scores and actual loan-to-value ratios for the initial mortgage loans in the pool of collateral backing certificates issued in the NovaStar Mortgage Funding Trust ("NMFT") Series 2006-3 Offering with (b) the minimum FICO scores and maximum LTV ratios permitted by the underwriting standards for those loans, together with a true and correct excerpt of pages from the Prospectus Supplement ("Prosupp") for the Series 2006-3 Offering from which the data on the chart are taken.  The 2006-3 Prosupp and all other Prosupps cited in this declaration are publicly available at www.novastarbondinvestors.com.

6.      Attached as Exhibit E hereto is a chart I prepared comparing, for the NMFT Series 2006-4 Offering, the data described in paragraph 5 above, together with a true and correct excerpt of pages from the 2006-4 Prosupp from which the data on the chart are taken.

7.      Attached as Exhibit F hereto is a chart I prepared comparing, for the NMFT Series 2006-5 Offering, the data described in paragraph 5 above, together with a true and correct excerpt of pages from the 2006-5 Prosupp from which the data on the chart are taken.

8.      Attached as Exhibit G hereto is a chart I prepared comparing, for the NMFT Series 2006-6 Offering, the data described in paragraph 5 above, together with a true and correct excerpt of pages from the 2006-6 Prosupp from which the data on the chart are taken.

9.    Attached as Exhibit H hereto is a chart I prepared comparing, for the NMFT Series 2007-1 Offering, the data described in paragraph 5 above, together with a true and correct excerpt of pages from the 2007-1 Prosupp from which the data on the chart are taken.

10.    Attached as Exhibit I hereto is a chart I prepared comparing, for the NMFT Series 2007-2 Offering, the data described in paragraph 5 above, together with a true and correct excerpt of pages from the 2007-2 Prosupp from which the data on the chart are taken.

11.    Attached as Exhibit J hereto is a true and correct copy of the Declaration of Matt Kaltenreider, NovaStar's Vice President of Securitization at the time, with Exhibits, filed herein on May 14, 2013 (Dkt. No. 148).

12.    Attached as Exhibit K hereto is a true and correct copy of NovaStar's report on Form 8-K filed with the SEC on April 19, 2007.

13.    Attached as Exhibit L hereto is a true and correct copy of page S-8 from the 2006-3 Prosupp.

14.    Attached as Exhibit M hereto is a true and correct copy of page S-8 from the 2007-1 Prosupp.

15.    Attached as Exhibit N hereto is a true and correct copy of page S-9 from the 2007-2 Prosupp.

16.    Attached as Exhibit O hereto are true and correct copies of pages S-3, S-4, S-9, S-10, S-22, S-26 and S-46 from the 2007-2 Prosupp.

17.    Attached as Exhibit P hereto is a chart I prepared summarizing the size of each of the Offerings and the portion of each that was sold to investors, together with true and correct copies of the pages of each of the Prosupps from which, along with the distribution reports included in Exhibit R below, the data on the chart are taken.  The portion that was sold to

-3-

investors, as shown in Exhibit P, does not include: (a) any tranches that were not included in the Offerings at all and are therefore not listed in the Prosupps, or (b) any tranches included in the Offerings that were transferred to an affiliate of NMI and not purchased by the underwriters. Thus, the value of the portion of each securitization that was sold to investors is the original face value of the securitization minus the combined value of those tranches that were never offered and those that were transferred to an affiliate of NMI.  As an example, the 2006-3 distribution report  in Exhibit R below shows an original face value of $1.0945 billion, but the 2006-3 Prosupp in Exhibit P shows that Class M-11 certificates in the amount of $5.5 million were not included in the $1.089 billion Offering at all.  The 2006-3 Prosupp also shows that $13.75 million of Class M-9 and Class M-10 certificates were retained by an NMI affiliate and not offered to investors, thereby establishing that only $1.07525 billion of the $1.089 billion Offering amount was available to investors.

18.     Attached as Exhibit Q hereto is a chart I prepared summarizing for each of the Trusts the percentage of aggregate loan principal backing the Trust that as of September 25, 2015 was delinquent, foreclosed, in bankruptcy or REO (real-estate owned by lender)(collectively, "impairments" or "impaired"), together with true and correct copies of the pages of the September 25, 2015 monthly distribution reports for each of the Trusts from which the data on the chart are taken.  The September 25, 2015 reports and all other monthly distribution reports cited in this declaration are publicly available at www.novastarbondinvestors.com.

19.     Attached as Exhibit R hereto is a chart I prepared summarizing for each of the Trusts the percentage of aggregate loan principal that was impaired six months after the

Offering and twelve months after the Offering, together with true and correct copies of the pages of the monthly distribution reports from which the data on the chart are taken.

20.     Attached as Exhibit S hereto is a chart I prepared summarizing for each of the Trusts the percentage of aggregate Group I and Group II loan principal that was impaired as of May 25, 2008, one year after the closing of the last of the Offerings (2007-2), together with true and correct copies of the pages of the May 25, 2008 distribution reports from which the data on the chart are taken.

21.     Attached as Exhibit T hereto is a chart I prepared summarizing the impairments as of April 25, 2007 to Group I and Group II loans in the Trusts for each of the seven Offerings completed in the year prior to the 2007-2 Offering that closed on May 25, 2007, together with true and correct copies of the pages of the April 25, 2007 distribution reports from which the data on the chart are taken.

22.     Attached as Exhibit U hereto is a chart I prepared summarizing the impairments as of May 25, 2006 to Group I and Group II loans in the Trusts for each of the two Offerings completed in the year prior to the 2006-3 Offering that closed on June 22, 2006 (excluding the April and June 2006 Offerings for which performance data had not yet been published at that time), together with true and correct copies of the pages of the May 25, 2006 distribution reports from which the data on the chart are taken.

23.     Attached as Exhibit V hereto are the pages of the September 25, 2015 monthly distribution reports for each of the Offerings reflecting realized losses in each Offering by tranche as of that date.

24.     Attached as Exhibit W hereto is a chart I prepared comparing, for each of the Offerings, (a) the percentage of the face value of the certificates offered by the underwriters that is represented by Mezzanine certificates (as shown on Exhibit P above) and (b) the percentage of realized losses sustained on all certificates offered by the underwriters (as shown on Exhibit T above), in both cases excluding certificates retained by NovaStar.

25.     Attached as Exhibit X hereto is a true and correct copy of an article by Gail MarksJarvis, "Manager Fears Housing Will Worsen by Default," *Chicago Tribune*, Feb. 8, 2008.

26.     Attached as Exhibit Y hereto is a true and correct copy of a presentation to the Federal Reserve Board of Governors given by Peter Wallison on Sept. 1, 2011, available at http://www.federalreserve.gov/newsevents/conferences/wallison-presentation-housing-conference-110901.pdf.

27.     Attached as Exhibit Z hereto is a true and correct copy of an article by James R. Hagerty and Ruth Simon, "WSJ Update:  New Century Bankruptcy Shows Subprime Shrinkage," Dow Jones Newswires, Apr. 2, 2007.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at San Francisco, California on September 30, 2015.

_____/s/ William F. Alderman_____
William F. Alderman