# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE

NEW YORK, NY 10017-3954

---

TELEPHONE: +1-212-455-2000

FACSIMILE: +1-212-455-2502

Direct Dial Number
(212) 455-3040

E-mail Address
trice@stblaw.com

BY HAND AND ECF

July 27, 2016

Re:   *New Jersey Carpenters Health Fund v. NovaStar Mortgage, Inc., et al.*, No. 08-cv-5310 (DAB)

The Honorable Deborah A. Batts
United States District Court
Southern District of New York
500 Pearl Street, Room 2510
New York, NY 10007

Dear Judge Batts:

We write on behalf of the Underwriter Defendants (RBS Securities Inc., Deutsche Bank Securities Inc., and Wells Fargo Advisors, LLC) in response to the July 26, 2016 letter from Plaintiff's counsel to the Court.  Dkt. No. 225.

<u>Background</u>

Last Friday evening, July 22, 2016, counsel for defendants NovaStar Mortgage, Inc. and NovaStar Mortgage Funding Corporation (the "Debtors") filed a Suggestion of Bankruptcy, informing the Court and the parties that those entities had filed voluntary petitions under Chapter 11 of the Bankruptcy Code, and advising that the automatic stay pursuant to 11 U.S.C. § 362 applied to this action.  *See* Suggestion of Bankruptcy, Dkt. No. 224.  The next business day, Monday, July 25, the Debtors' bankruptcy counsel wrote to all parties in this action, reiterating the application of the automatic stay and advising that, in the Debtors' view, "any continuation of an action or discovery undertaken in or in connection with any action in which a Debtor is a defendant after the bankruptcy filing date would violate the automatic stay" and that "any violation of the foregoing statutory stay and restraints would prejudice and damage the chapter 11 estates and subject the violator to possible damages."  *See* Ex. B to Plaintiff's July 26 Letter.

BEIJING      HONG KONG      HOUSTON      LONDON      LOS ANGELES      PALO ALTO      SÃO PAULO      SEOUL      TOKYO      WASHINGTON, D.C.

July 27, 2016                                              The Honorable Deborah A. Batts

Counsel for the Underwriter Defendants promptly informed Plaintiff's counsel on Monday evening that, in light of these developments and in particular the Debtors' counsel's admonition that proceeding with discovery would violate the stay and subject any violating parties to possible damages, we would not be proceeding with the two depositions that were scheduled to occur this week (one Underwriter Defendant witness and one Plaintiff witness). We further informed Plaintiff's counsel later the same day that it could of course seek relief from the stay if and to the extent it desired to proceed. Plaintiff responded to Underwriter Defendants' counsel after business hours on Tuesday, July 26, insisting that the parties should simply ignore these developments, threatening that if the Underwriter Defendants failed to proceed with scheduled depositions they did so "at your and your clients' peril." A few hours later that same night, Plaintiff's counsel filed in Court its July 26 letter.

In the circumstances, Plaintiff's suggestions that the Underwriter Defendants have somehow acted inappropriately and are improperly attempting to delay resolution of this case are entirely unfounded. To the contrary, the Underwriter Defendants are proceeding in good faith in the manner we believe we are required to in order to comply with applicable law, particularly in light of Debtors' counsel's warning that any continuation of discovery would violate the automatic stay and subject the parties to possible damages. Violating the automatic stay, or even risking doing so, is no trivial matter, since "actions taken in violation of the stay will be either null and void or voidable and knowing violations may result in the award of fees and other sanctions and be punished as contempt." 2-38 Collier Bankruptcy Practice Guide § 38.02.

Application of the Automatic Stay

Plaintiff's contention that it is "settled, black-letter law" that 11 U.S.C. § 362 does not automatically stay this action is wrong, and is not supported by the cases it cites. July 26 Letter at 1-2. First, as long as the Debtors are parties to this case, their counsel's position that discovery taken in the action is a violation of the stay, as it applies to the Debtors themselves, seems well-founded. *See, e.g.*, *Skillforce, Inc. v. Hafer*, 509 B.R. 523, 531 (E.D. Va. 2014) (plaintiff/creditor's failure to affirmatively discontinue all discovery against defendant debtor after debtor filed for Chapter 7 relief violated automatic stay).

Moreover, courts have repeatedly recognized that the automatic stay pursuant to 11 U.S.C. § 362(a) applies to non-debtor defendants in circumstances that are applicable here. Specifically, the automatic stay applies, among other circumstances, where the claims against the debtor defendants and the non-debtor defendants are "inextricably interwoven," where a finding of liability against the non-debtor defendants would

July 27, 2016                                                  The Honorable Deborah A. Batts

potentially have preclusive effect against the debtor defendants, and/or where the non-debtor defendants have potential indemnification or contribution claims against the debtor defendants. *See, e.g., In re Jefferson Cty., Ala.*, 491 B.R. 277, 287 (Bankr. N.D. Ala. 2013) (citing, among other cases, *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986); *E. Air Lines, Inc. v. Rolleston (In re Ionosphere Clubs, Inc.)*, 111 B.R. 423, 434 (Bankr. S.D.N.Y. 1990); *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287-88 (2d Cir. 2003)).

Here, these circumstances apply because Plaintiff's Securities Act claims against the Underwriter Defendants depend on the same elements and allegations as its claims against the Debtor defendants (the only difference being that the Underwriter Defendants have a due diligence defense), such that a finding of liability against the Underwriter Defendants necessarily would be premised on a finding of liability against the Debtor defendants. *See A.H. Robins*, 788 F.2d at 999 (holding that automatic stay applies to non-debtor co-defendants when "a judgment against the third-party defendant will in effect be a judgment or finding against the debtor."); *Maaco Enterprises, Inc. v. Corrao*, No. CIV. A. 91-3325, 1991 WL 255132, at *2 (E.D. Pa. Nov. 25, 1991) (automatic stay applies to "suits the resolution of which may have a significant impact on the debtor") (citing *In re 48th Street Steakhouse, Inc.*, 835 F.2d 427 (2d Cir. 1987); *Rockefeller Group Inc. v. 48th Street Steakhouse, Inc.*, 485 U.S. 1035 (1988); *A.H. Robins*, 788 F.2d at 999). Consequently, there is also the possibility that a finding of liability against the Underwriter Defendants could be asserted by the Plaintiff to have preclusive effect against the Debtor defendants. *In re Jefferson Cty.*, 491 B.R. at 293 (automatic stay encompasses "proceedings against non-debtor defendants when the proceedings would have a potential preclusive effect that would force the debtors to participate in the proceedings as if they were a party") (citing *In re Lomas Fin. Corp.*, 117 B.R. 64, 67 (S.D.N.Y. 1990); *In re Lion Capital Grp.*, 44 B.R. 690, 702-04 (Bankr. S.D.N.Y. 1984)). And, whether or not they are held liable, the Underwriter Defendants have indemnification and/or contribution claims against the Debtor defendants pursuant to their underwriting agreements and pursuant to common law. *In re Jefferson Cty.*, 491 B.R. at 288-89 (holding that existence of potential indemnification and contribution claims supports automatic stay as to non-debtor defendants) (citing *Robert Plan Corp. v. Liberty Mut. Ins. Co.*, No. 09–CV–1930JS, 2010 WL 1193151, at *4 (E.D.N.Y. Mar. 23, 2010); *In re Fiddler's Creek, LLC*, No. 9:10–BK–03846–ALP, 2010 WL 6618876, at *5 (Bankr. M.D. Fla. Sept. 15, 2010)).

Plaintiff cites *A.H. Robins*, 788 F.2d at 999, for the proposition that the stay does not apply to "solvent co-defendants that are independently liable as joint tortfeasors," and asserts that here the Underwriter Defendants are "independently liable." July 26 Letter at 2. Plaintiff is wrong. Plaintiff's claims against the NovaStar Debtor defendants

July 27, 2016                                               The Honorable Deborah A. Batts

and the Underwriter Defendants are predicated on the same factual allegations and legal theory, namely that NovaStar abandoned its underwriting guidelines and that therefore NovaStar (as issuer) and the Underwriter Defendants (as underwriters) are liable for alleged misstatements in the offering documents.  Thus, a finding of liability against the Underwriter Defendants depends on a finding of liability against the Debtor defendants.  The claims are thus not "independent"—to the contrary, they are inextricably intertwined in the manner that the *A.H. Robins* Court, and the other courts cited above, have held means that § 362(a) applies to the non-debtor defendants.

More generally, Plaintiff's narrow reading of the scope of the automatic stay is inconsistent with the purpose of the stay, which is designed "to provide the debtor with a breathing spell from collection efforts of creditors; to protect creditors by insuring that the assets of the estate will not be dissipated in a number of different proceedings; and to avoid interference with the orderly liquidation, rehabilitation, or reorganization of the debtor."  2 Bankruptcy Litigation § 12:1.  Accordingly, courts hold that the § 362(a) automatic stay applies to proceedings "against non-debtor defendants when discovery in those proceedings would impose a burden on the debtor that would substantially hinder the debtor's reorganization."  *In re Jefferson Cty.*, 491 B.R. at 290 (collecting cases).

Here, as reflected by Debtors' counsel's communication to the parties earlier this week, the continuation of discovery would be at odds with both the letter and the purposes of the automatic stay.  Fact depositions to date in this case have focused on questions relating to whether NovaStar abandoned its underwriting guidelines.  Remaining depositions, which include several Underwriter Defendant witnesses and Plaintiff witnesses, and also the three "confidential witnesses"—all former NovaStar employees—who were the subject of the Court's July 14, 2016 Order (Dkt. No. 223), will no doubt focus on the same issue.  Pending written discovery requests served by Plaintiff on all defendants also focus on NovaStar's internal quality control systems and whether certain loans complied with NovaStar's guidelines.[1]  To assert, as Plaintiff does, that none of this impacts the Debtor and that discovery against the Underwriter Defendants can be neatly carved out from the stay, is inconsistent with these realities.

Plaintiff broadly contends that other securities and mortgage-backed securities actions have proceeded against solvent defendants despite the bankruptcy filing of one defendant.  July 26 Letter at 2.  However, Plaintiff cites no opinions issued in any of

---

[1] For example, Plaintiff served a set of requests for admission on all defendants, including the Underwriter Defendants, that seeks admissions that NovaStar internally graded specific loans in specific ways, and that those loans were included in the Offerings at issue.

July 27, 2016                                          The Honorable Deborah A. Batts

those actions that addresses the points in dispute here.  And those cases are in any event factually distinguishable, because in each instance the claims against non-debtor defendants proceeded only *after* debtor entities were fully and formally removed as defendants from the litigations.[2]  These cases therefore do not support Plaintiff's position.

<u>Resolution of the Automatic Stay Issue and Next Steps</u>

The question of whether the automatic stay bars the continuation of discovery and other proceedings in this action during the pendency of the Debtors' bankruptcy is uniquely suited for resolution by the United States Bankruptcy Court for the District of Maryland, which is handling the bankruptcy proceedings.  *See, e.g.*, *Chicago Title Ins. Co. v. Lerner*, 435 B.R. 732, 737 (S.D. Fla. 2010) (explaining that, in determining whether to exercise its authority to adjudicate the scope of the automatic stay, "the district court should be mindful that exercising concurrent jurisdiction may inhibit the bankruptcy court's authority and equitable powers to assure the orderly conduct of the reorganization process and prevent the bankruptcy court from construing its own stay.") (citing *In re Baldwin-United Corp. Litig.*, 765 F.2d 343, 347, 349 (2d Cir. 1985)).[3]  Whichever forum resolves the question, the Debtors' bankruptcy counsel will no doubt want to be heard, since the ruling may significantly impact the estate.

If the Bankruptcy Court or this Court holds that the stay does not apply, or if the Bankruptcy Court determines that Plaintiff should be granted relief from the stay, the remaining parties will need to discuss the steps necessary for completion of discovery and to seek agreement on scheduling adjustments to account for this interruption and allow the remaining parties to re-adjust their final discovery efforts in light of the

---

[2]  *See, e.g.*, Notice of Voluntary Dismissal, *Boilermakers Nat'l Annuity Trust Fund v. WaMu Mortg. Pass Through Certificates*, No. 09-cv-0037 (W.D. Wash. Dec. 31, 2009), Dkt. No. 129; Am. Consol. Class Action Compl. at 2 n.2, *Boilermakers Nat'l Annuity Trust Fund* (W.D. Wash. Dec. 31, 2009), Dkt. No. 130 (noting that Washington Mutual Bank was not named as a defendant because it had been placed into FDIC receivership.); Consol. Sec. Class Action Compl. ¶ 4, *In re Lehman Bros. Mortg.-Backed Sec. Litig.*, No. 08-cv-6762, (S.D.N.Y. Sept. 23, 2009), Dkt. 32 (noting that two Lehman-affiliated entities were excluded as defendants due to bankruptcy filing).

[3]  Plaintiff incorrectly asserts that the automatic stay can only be "extended" to non-debtor defendants by commencement of an adversary proceeding in Bankruptcy Court.  July 26 Letter at 2.  Yet, the very case Plaintiff cites for this proposition holds to the contrary.  *See A.H. Robins*, 788 F.2d at 998-1002 (explaining that, in addition to a district or bankruptcy court's power to adjudicate whether the automatic stay applies to non-debtor co-defendant under § 362, a bankruptcy court *also* has the authority to enjoin proceedings against non-debtors pursuant to 11 U.S.C. § 105); *see also In re Jefferson Cty.*, 491 B.R. at 284 n. 1.

Simpson Thacher & Bartlett LLP

July 27, 2016                                                    The Honorable Deborah A. Batts

Debtor defendants' bankruptcy.  For example, certain additional discovery from third parties may be necessary now that the Debtors cannot be compelled to provide discovery, will likely not be present at trial, and there may now be difficulties associated with obtaining trial testimony from certain witnesses currently or formerly associated with the Debtors.[4]

      We are available to further discuss these issues with the Court at its convenience.


Respectfully,

Thomas C. Rice


cc:  All Counsel of Record

_____

[4] The Underwriter Defendants must now assume that certain NovaStar employees whose testimony and presence at trial the Debtor defendants could have secured may, as a result of the bankruptcy, no longer be available as trial witnesses.  Thus, whether the parties can subpoena such witnesses for depositions, notwithstanding the automatic stay, is another issue that will likely need to be resolved.