

## COHEN MILSTEIN

Joel P. Laitman
(212) 750-7581
jlaitman@cohenmilstein.com

July 28, 2016

**Via Hand & CM/ECF**

Honorable Deborah A. Batts
United States District Court
Southern District of New York
500 Pearl Street, Room 2510
New York, New York 10007

      Re:    *New Jersey Carpenters Health Fund v. NovaStar*
             *Mortgage, Inc., et al., No. 08-cv-5310 (DAB) (S.D.N.Y.)*

Dear Judge Batts:

      We write on behalf of Lead Plaintiff in the above-referenced matter (the "Action") in response to the letter to Your Honor from Defendants RBS Greenwich Capital, Wachovia, and Deutsche Bank (the "Bank Defendants") dated July 27, 2016.

      There really is only one question currently before this Court: Are the Bank Defendants, *who are not debtors in bankruptcy*, automatically entitled to the protection of the automatic stay pursuant to 11 U.S.C. § 362, so as to justify their unilaterally halting discovery in this case? Under uncontroverted black-letter law, the answer is no.

      Nevertheless, the Bank Defendants would have this Court believe that there was nothing improper about their unilaterally halting all discovery in this Action based on an email from the counsel for the two bankrupt defendants (NovaStar Mortgage, LLC and NovaStar Mortgage Funding Corporation, the "Debtor Defendants") that merely "notes" – without citation to any case law or other legal authority, and contrary to the statements made in the Debtor Defendants' own Suggestion of Bankruptcy filed in the Action – their "position" that continuation of the Action against any Defendants would violate the automatic stay under the Bankruptcy Code. Nothing could be further from the truth. Indeed, all of the law cited by the Bank Defendants actually underscores how outrageous their position really is.

July 28, 2016
Page 2

     First, the Bank Defendants are only able to cite a single case, *Skillforce, Inc. v. Hafer*, 509 B.R. 523, 531 (E.D. Va. 2014), for the proposition that their unilateral decision to immediately halt discovery "seems well founded" to avert potential sanctions under the Bankruptcy Code. However, *Skillforce* involved the failure to halt ***discovery of the debtor – not of non-debtor defendants*** – and thus does not provide ***any*** support for unilaterally halting discovery against the non-debtor Bank Defendants. Further, ***every*** decision the Bank Defendants cite to ***confirms*** what the Second Circuit has long held:

> It is well established that [automatic] stays pursuant to § 362(a) [of the Bankruptcy Code] are limited to debtors ***and do not encompass non-bankrupt co-defendants***.

*Teachers Ins. & Annuity Ass'n v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986) (emphasis added).[1] In other words, the cases the Bank Defendants purport to rely upon confirm the black letter law that

---

[1] The Bank Defendants' cases only serve to support the black letter law, as stated in Lead Plaintiff's initial letter, that the automatic stay does not automatically extend to non-debtor defendants such as the Bank Defendants. *See In re Jefferson Cty., Ala.*, 491 B.R. 277, 287 (Bankr. N.D. Ala. 2013) ("Generally, the automatic stay of § 362(a)(1) applies only to certain actions taken or not taken with respect to a debtor, and ***not with respect to such action or inaction affecting other parties***.") (emphasis added); *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986) (the automatic stay "is generally said to be available only to the debtor, not third party defendants or codefendants."); *E. Air Lines, Inc. v. Rolleston (In re Ionosphere Clubs, Inc.)*, 111 B.R. 423, 434 (Bankr. S.D.N.Y. 1990) (the automatic stay "***may*** reach beyond direct actions against the debtor to stay non-debtor lawsuits" but such extension is not automatic) (emphasis added); *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287-88 (2d Cir. 2003) ("[A] suit against a codefendant is ***not*** automatically stayed by the debtor's bankruptcy filing.") (emphasis added; citation omitted); *Maaco Enterprises, Inc. v. Corrao*, No. CIV. A. 91-3325, 1991 WL 255132, at *2 (E.D. Pa. Nov. 25, 1991) ("Section 362 of the Bankruptcy Code provides that the filing of a bankruptcy petition automatically stays all proceedings ***against the debtor***.") (emphasis added); *In re 48th Street Steakhouse, Inc.*, 835 F.2d 427, 431 (2d Cir. 1987) (recognizing that extending stay to non-bankrupt third parties is the exception); *In re Lomas Fin. Corp.*, 117 B.R. 64, 67 (S.D.N.Y. 1990) (general rule against "stay[ing] the proceedings against non-bankrupt co-defendants," can only be upset if there are "unusual circumstances."); *In re Lion Capital Grp.*, 44 B.R. 690, 702-04 (Bankr. S.D.N.Y. 1984) (automatic stay ***does not automatically apply to actions against non-debtors*** who are in a general partnership with the debtor) (emphasis added); *Robert Plan Corp. v. Liberty Mut. Ins. Co.*, No. 09-CV-1930JS, 2010 WL 1193151, at *4 (E.D.N.Y. Mar. 23, 2010) ("By its terms, § 362 applies only to actions against debtors, debtor's property, or estate property, ***and does not stay proceedings against non-debtors***.") (emphasis added); *In re Fiddler's Creek, LLC*, No. 9:10-BK-03846-ALP, 2010 WL 6618876, at *5 (Bankr. M.D. Fla. Sept. 15, 2010) ("The automatic stay under section 362 of the Bankruptcy Code does not act as a stay against a creditor pursuing truly independent causes of action against the Debtors' officers, directors or shareholders."); *Chicago Title Ins. Co. v. Lerner*, 435 B.R. 732, 737 (S.D. Fla. 2010) ("Although the scope of the automatic stay is broad, the clear language of section 362(a) stays actions ***only***

July 28, 2016
Page 3

Section 362 does not automatically apply to non-debtor defendants – which means that none of this authority provides *any* justification for their unilateral action based on the "position" of the Debtor Defendants' counsel, set forth in an e-mail that cites no case law or statutory authority.

Further, and perhaps more significantly, the Bank Defendants repeatedly purport to rely on cases where the exceptional circumstances necessary to extend the stay to non-debtors were alleged in adversary proceedings commenced in the Bankruptcy Court.[2] However, these cases are all inapplicable here because *no adversary proceeding has been brought in the bankruptcy court*. Consequently, these cases only further confirm that the Bank Defendants' unilateral action was completely inappropriate and without any legitimate legal basis.[3]

---

*against a 'debtor.'*") (quoting *McCartney v. Integra Nat'l Bank North*, 106 F.3d 506, 509 (3d Cir. 1997)) (emphasis added).

[2] *In re Jefferson Cty., Ala.*, 491 B.R. 277, 287 (Bankr. N.D. Ala. 2013) (stay had been sought in bankruptcy proceedings before bankruptcy court); *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986) (adversary proceeding had been filed in bankruptcy court seeking declaratory and injunctive relief); *E. Air Lines, Inc. v. Rolleston (In re Ionosphere Clubs, Inc.)*, 111 B.R. 423, 434 (Bankr. S.D.N.Y. 1990) (adversary proceedings had been filed in bankruptcy court seeking injunction); *In re 48th Street Steakhouse, Inc.*, 835 F.2d 427, 431 (2d Cir. 1987) (preliminary injunction sought in bankruptcy court); *In re Lomas Fin. Corp.*, 117 B.R. 64, 67 (S.D.N.Y. 1990) (restraining order obtained from bankruptcy court); *In re Lion Capital Grp.*, 44 B.R. 690, 702-04 (Bankr. S.D.N.Y. 1984) (adversary proceeding in bankruptcy court seeking injunction); *Robert Plan Corp. v. Liberty Mut. Ins. Co.*, No. 09-CV-1930JS, 2010 WL 1193151, at *4 (E.D.N.Y. Mar. 23, 2010) (motion had been made before bankruptcy court to extend automatic stay); *In re Fiddler's Creek, LLC*, No. 9:10-BK-03846-ALP, 2010 WL 6618876, at *5 (Bankr. M.D. Fla. Sept. 15, 2010) (motion to enforce automatic stay before the bankruptcy court).

[3] The Bank Defendants also attempt to argue the merits of extending the stay before this Court. However, as they themselves recognize and as occurred in the similar *RALI* case discussed below, this argument is more appropriately the province of the Bankruptcy Court. Regardless, the Securities Act claims asserted against the Bank Defendants here, as underwriters, are not "dependent" on the issuer claims asserted against the Debtor Defendants. Section 11(a)(5) of the Securities Act could not be clearer that underwriter liability is wholly independent of issuer liability under Section 11(a)(1). Thus, even if the Debtor Defendants commenced an adversary proceeding in the Bankruptcy Court seeking to extend the automatic stay, this Action would never be stayed as to the Bank Defendants because, under settled law, courts do not extend the automatic stay to independent direct claims against solvent defendants. *See Hernandez v. Immortal Rise, Inc.*, 2014 U.S. Dist. LEXIS 33823 at 10-14 (E.D.N.Y. Mar. 13, 2014). As a result, this Action is completely unlike the lone case cited by the Bank Defendants for their unfounded assertion that the automatic stay automatically extends to them, *In re Jefferson Cty., Ala.*, 491 B.R. 277 (Bankr. N.D. Ala. 2013). In *Jefferson Cty.*, one of the principal claims asserted against the underwriter defendant was for aiding and abetting fraud – which necessarily required a finding that the debtor, Jefferson County, committed fraud. *Id.* at 281-82, 286-87. Here, by contrast, Lead Plaintiff's claims against the Bank Defendants stand completely independent from its claims against the Debtor Defendants. Indeed, as the Bank Defendants concede

July 28, 2016
Page 4

      The Bank Defendants and their counsel certainly should be aware of the proper procedure for extending the automatic stay in nearly identical circumstances. Defendant RBS Greenwich Capital, represented by the same counsel, was also a defendant in the *Harborview* mortgage-backed securities class action, *N.J. Carpenters Vacation Fund v. The Royal Bank of Scotland Group, PLC*, Case No. 08-cv-5093 (HB) (S.D.N.Y.), which was coordinated for six years with the *RALI* mortgage-backed securities class action, *N.J. Carpenters Health Fund v. Residential Capital, LLC*, 08-cv-8781 (HB) (S.D.N.Y.). In *RALI*, four years after the commencement of the action, several defendants – like the Debtor Defendants here – filed for bankruptcy. For the next three years, the mortgage-backed securities class action proceeded, unhindered by the automatic stay, against the defendant investment banks that underwrote the *RALI* MBS offerings while the bankruptcy cases proceeded as well. Moreover, the debtors in *RALI* appropriately filed a bankruptcy adversary proceeding against the plaintiffs in 23 separate actions pending in various state and federal courts, seeking an order extending the automatic stay to, or enjoining those actions from proceeding against, the debtors' non-debtor directors and officers, their non-debtor parent entity, and certain of their parent's non-debtor affiliates. *See Residential Capital, LLC, et al. v. Allstate Ins. Co., et al.*, Adv. Pro. No. 12-ap-01671 (Bankr. S.D.N.Y. May 25, 2012). However, the *RALI* debtors *did not* seek such relief for the benefit of any third-party underwriter defendants in any of the securities litigation matters, against whom a number of plaintiffs had asserted direct claims. Those claims moved forward, as they should, unaffected by the chapter 11 proceedings of the bankrupt co-defendants. If the Debtor Defendants and the Bank Defendants truly believe there is a bona fide basis to extend the stay to the Bank Defendants, then that is the same procedure that needs to be followed in the Debtor Defendants' bankruptcy proceedings. Otherwise, there is no stay applicable to the Bank Defendants.

      As a result of the foregoing, it is abundantly clear that there is absolutely no legal basis for the Bank Defendants' unilateral action in halting all discovery against the non-debtor defendants, and Lead Plaintiff respectfully requests that the Court compel all non-debtor defendants in this Action to resume discovery and comply with the Court's Scheduling Order (as modified to deal with the delay caused by the Bank Defendants' improper unilateral action).

---

at pp. 4-5 of their letter, the Action could proceed against them without the Debtor Defendants being named as defendants at all

July 28, 2016
Page 5

      Please do not hesitate to contact the undersigned regarding any of the matters raised herein.

Sincerely,

Joel P. Laitman

JPL
Attachments

cc:   All Parties (via CM/ECF)
      Thomas Rice, Esq. (via E-Mail)
      Alan Turner, Esq. (via E-Mail)
      Steven Fink, Esq. (via E-Mail)