

Joel P. Laitman  
(212) 750-7581  
jlaitman@cohenmilstein.com

July 29, 2016

***Via Hand & CM/ECF***

Honorable Deborah A. Batts  
United States District Court  
Southern District of New York  
500 Pearl Street, Room 2510  
New York, New York 10007

   Re: *New Jersey Carpenters Health Fund v. NovaStar*  
      *Mortgage, Inc., et al., No. 08-cv-5310 (DAB) (S.D.N.Y.)*

Dear Judge Batts:

  We write on behalf of Lead Plaintiff in the above-referenced matter (the "Action") in response to the letters to Your Honor from (a) Defendants NovaStar Mortgage Funding Corporation and NovaStar Mortgage LLC (the "Debtor Defendants") [ECF No. 228-1] and (b) Defendants W. Lance Anderson, Scott F. Hartman, Mark Herpich, and Gregory S. Metz (the "Individual Defendants") [ECF No. 228], each dated July 28, 2016.[1]

  As the Debtor Defendants properly note, the automatic stay in bankruptcy "ordinarily does not apply to non-debtor parties[.]"  What the Debtor Defendants have materially misrepresented to the Court, however, are the unique circumstances that must exist to extend the automatic stay to non-debtor parties and what the Debtor Defendants must do to seek that extraordinary relief.  We need not belabor all of the points raised in our letter of yesterday afternoon [ECF No. 227], which directly refute the mischaracterizations made by the Debtor Defendants and adopted by the Individual Defendants, but it is crucial for the Court to note that the automatic stay under section 362 of the Bankruptcy Code ***does not automatically extend to parties who are not debtors***, such as the Bank Defendants and the Individual Defendants.  Lead Plaintiff does not have the burden of seeking to unwind a stay that simply does not exist.  That is

---

[1] The Individual Defendants' letter simply adopts by reference the arguments set forth in the Debtor Defendants' letter, most of which mirror the same meritless arguments raised by the investment bank defendants, Deutsche Bank Securities, Inc., RBS Securities, Inc., and Wells Fargo Advisors, LLC f/k/a Wachovia (the "Bank Defendants") in their letter dated July 27, 2016 [ECF No. 226].

July 29, 2016
Page 2

the well-settled, indisputable law in the Second Circuit (and nearly every other circuit). <u>Teachers Ins. & Annuity Ass'n v. Butler</u>, 803 F.2d 61, 65 (2d Cir. 1986).

The Debtor Defendants conveniently fail to mention that the Second Circuit has expressly held – *in a case cited by the Debtor Defendants* – that the principal argument all of the Defendants are trying to make here (that the automatic stay automatically extends to non-debtors) is frivolous:

> [Non-debtor] Gardner cites three other decisions for the proposition that '[s]ome courts conclude that 11 U.S.C. § 362(a)(1) applies to third parties automatically.' ***This argument exceeds the bounds of responsible advocacy.***

<u>See</u> <u>Queenie, Ltd. v. Nygard Int'l</u>, 321 F.3d 282, 288 (2d Cir. 2003) (emphasis added). Rather, the *only* way the automatic stay can be extended for the benefit of non-debtor parties such as the Bank Defendants and the Individual Defendants is upon motion of the Debtor Defendants in an adversary proceeding commenced in connection with their bankruptcy cases. <u>See</u> <u>In re FPSDA I, LLC</u>, 2012 Bankr. LEXIS 5928, 2012 WL 6681794, at *8 (Bankr. E.D.N.Y. Dec. 21, 2012).

In such a proceeding – *which has not even been commenced* – the Debtor Defendants would face an enormous evidentiary burden (which is likely why they and the other Defendants are attempting to manipulate this Court into summarily granting them equivalent relief):

> [I]n keeping with the principle that extending the stay is *extraordinary* relief, ***the party seeking extension of the stay must put forth real evidence*** demonstrating an actual impact upon, or threat to, the [debtor's] reorganization efforts if the stay is not extended.

<u>Id.</u> (emphasis added); <u>see also</u> <u>Gray v. Hirsch</u>, 230 B.R. 239, 244 (S.D.N.Y. 1999) ("'[I]n the absence of ***evidence which demonstrates any impact*** upon the debtor's reorganization effort, the stay cannot be extended to a solvent co-defendant.'") (quoting <u>CAE Indus. Ltd. v. Aerospace Holdings Co.</u>, 116 B.R. 31, 34 (S.D.N.Y. 1990)).

The Debtor Defendants have not met their heavy evidentiary burden to obtain an extension of the automatic stay, ***or even attempted to do so***. Rather, the Bank Defendants and now the Individual Defendants (who do not even have standing to seek an extension of the automatic stay) have essentially granted themselves a stay of all discovery – relief they could never obtain through proper procedural means – and are now asking this Court to summarily

July 29, 2016
Page 3

bless their illegitimate attempt to stymie a now eight-year-old litigation without any legal or factual basis to do so.

The Debtor Defendants' other asserted basis for extending the automatic stay is equally meritless.  The Debtor Defendants assert that extension of the automatic stay is warranted because "a finding of liability against the [Bank] Defendants necessarily would be based on precisely the same conduct that could give rise to a finding of liability against the Debtor [D]efendants."  This assertion is misleading and wrong.  Again, the Debtor Defendants have conveniently neglected to mention that the Second Circuit, in a case cited by the Debtor Defendants, has expressly held that the risk of findings against a non-debtor having preclusive effect against a debtor in later proceedings *is not a basis to extend the stay:*

> We have not located any decision applying the [automatic] stay to a non-debtor solely because of an apprehended later use against the debtor of offensive collateral estoppel or the precedential effect of an adverse decision.  ***If such apprehension could support application of the stay, there would be vast and unwarranted interference with creditors' enforcement of their rights against non-debtor co-defendants.***

Queenie, 321 F.3d at 288 (emphasis added).

One of the various factors the Bankruptcy Court would consider if the Debtor Defendants eventually were to seek an extension of the automatic stay is "whether extending the stay would cause the plaintiff hardship by giving unwarranted immunity to a solvent co-defendant[.]" Hernandez v. Immortal Rise, Inc., 2014 U.S. Dist. LEXIS 33823 at *11-*12, 2014 WL 991715, *4 (E.D.N.Y. Mar. 13, 2014).[2]  Extension of the automatic stay here would cause severe and undue hardship for Lead Plaintiff and would grant the Bank Defendants and the Individual Defendants unwarranted immunity from the continued prosecution of this Action.  This Action is

---

[2] In deciding whether to grant the extraordinary relief of extending the automatic stay for the benefit of non-debtors, Bankruptcy Courts consider various factors (based upon a full record after discovery and an evidentiary hearing), including "(1) whether ongoing outside litigation 'would so distract individuals important to the reorganization process as to impede the reorganization effort'; (2) whether extending the stay would cause the plaintiff hardship by giving unwarranted immunity to a solvent co-defendant; (3) whether a recovery 'would so reduce the debtor's limited insurance fund as to affect the property of the estate'; and (4) whether the non-debtor co-defendant is independently liable to the plaintiff." Hernandez, 2014 U.S. Dist. LEXIS 33823 at *11, 2014 WL 991715 at *4 (quoting Millard v. Dev. Disabilities Inst., Inc., 266 B.R. 42, 43 (E.D.N.Y. 2001)).  Even if the Debtor Defendants eventually were to seek an extension of the automatic stay in the Bankruptcy Court, each of these factors weighs against such a request.  But that determination is not, and should not be, before this Court.

July 29, 2016
Page 4

now eight years old and has gone through over seventeen months of fact discovery. Over nine million pages of documents have been produced. The Debtor Defendants and all but one of the Individual Defendants have all been deposed, as well as a number of the principal representatives of the Bank Defendants – twenty one depositions in total. Indeed, Plaintiffs have only a handful of fact depositions remaining. A baseless, full-blown stay of fact discovery regarding non-debtor parties on the eve of its completion would needlessly stretch this action beyond a decade.

      Notwithstanding the egregious attempts by the Debtor Defendants and the Individual Defendants to obfuscate the issues and mislead the Court, there is, as set forth in our letter dated July 28, but a single issue before this Court: Are the Bank Defendants (and now the Individual Defendants), *who are not debtors in bankruptcy*, automatically entitled to the protection of the automatic stay? The answer is, unequivocally, <u>no</u>.

      Please do not hesitate to contact the undersigned regarding any of the matters raised herein.

                                       Respectfully submitted,

                                       /s/ Joel P. Laitman

                                       Joel P. Laitman

JPL

cc:    All Parties (via CM/ECF)
       Thomas Rice, Esq. (via E-Mail)
       Alan Turner, Esq. (via E-Mail)
       Steven Fink, Esq. (via E-Mail)