# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

———————

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

Direct Dial Number
(212) 455-3040

E-mail Address
trice@stblaw.com

BY HAND AND ECF

July 29, 2016

Re:    *New Jersey Carpenters Health Fund v. NovaStar
Mortgage, Inc., et al.*, No. 08-cv-5310 (DAB)

The Honorable Deborah A. Batts
United States District Court
Southern District of New York
500 Pearl Street, Room 2510
New York, NY 10007

Dear Judge Batts:

We write on behalf of the Underwriter Defendants (RBS Securities Inc., Deutsche Bank Securities Inc., and Wells Fargo Advisors, LLC) to respond to two points in Plaintiff's July 28, 2016 and July 29, 2016 letters to the Court (Dkt. Nos. 227, 229).

<u>The Bankruptcy Stay Applies Automatically</u>

Plaintiff incorrectly argues that the automatic stay does not apply here unless and until the Debtor defendants or the non-debtor defendants obtain a ruling from the bankruptcy court *extending* the stay. Plaintiff's July 29 Letter at 1-2; Plaintiff's July 28 Letter at 1-2. Plaintiff is wrong. Under 11 U.S.C. § 362(a), the filing of a voluntary bankruptcy petition automatically "operates as a stay." That is why it is universally referred to as the "automatic stay." The stay undoubtedly applies here, and does so automatically, since the Debtor defendants are still parties to this case. Continuation of all discovery is barred because it is a continuation of the action, especially where the taking of depositions and other discovery on whether the Debtors abandoned their underwriting guidelines and made misstatements in the offering documents directly affects all defendants, including the Debtors.

Plaintiff is also wrong in contending that, as a matter of procedure, the only way the automatic stay can apply to the non-debtor defendants is for the Debtor defendants to affirmatively obtain a ruling to this effect through an adversary proceeding in the

July 29, 2016                                                    The Honorable Deborah A. Batts

Bankruptcy Court. To support this argument, Plaintiff points to a few instances where the scope of the automatic stay was adjudicated through such proceedings and then jumps to the conclusion that such proceedings are mandatory, disregarding numerous cases to the contrary. Plaintiff's July 29 Letter at 2-3; Plaintiff's July 28 Letter at 3-4. While the scope of the automatic stay may be litigated through a variety of procedural mechanisms,[1] it is irrefutable that no affirmative ruling is required for the stay to apply to non-debtor co-defendants. *See Citibank, N.A. v. Super Sayin' Publ'g, LLC*, No. 14-CV-5841SHSKNF, 2016 WL 3866406, at *1-2 (S.D.N.Y. July 1, 2016) (denying motion to compel deposition on basis that automatic stay applied to non-debtors, and further rejecting as "meritless" the argument that non-debtors needed to file a "motion to extend the stay") (citing *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003)).[2] Indeed, in the *Jefferson County* case that Plaintiff cites in support of its position (Plaintiff's July 28 Letter at 3 n.2), the *plaintiff* filed a motion in the bankruptcy case seeking a ruling that the automatic stay did not apply, or, alternatively, to modify the stay and allow the underlying action to continue. *In re Jefferson Cty.*, 491 B.R. at 284; *see also Maaco Enters., Inc. v. Corrao*, No. 91-CV-3325, 1991 WL 255132, at *2-3 (E.D. Pa. Nov. 25, 1991) (finding automatic stay applicable to non-debtors and explaining that "Relief from an automatic stay may be obtained from the bankruptcy court in which the petition was filed. . . . There is nothing at this juncture, however, that

---

[1] *See In re Jefferson Cty., Ala.*, 491 B.R. 277, 284 n.1 (Bankr. N.D. Ala. 2013)

[2] Plaintiff's suggestion that the automatic stay under 11 U.S.C. § 362 *never* applies to non-debtor co-defendants is at odds with all relevant case law. Plaintiff's July 29 Letter at 1-2; Plaintiff's July 28 Letter at 1-2. While the automatic stay does not *always* encompass non-debtor co-defendants, there is no question that in certain circumstances, including those here, the stay applies to non-debtors because such application is necessary to effectuate the purposes of the stay. *See In re Jefferson Cty.*, 491 B.R. at 284 ("Generally, the automatic stay of § 362(a)(1) applies only to certain actions taken or not taken with respect to a debtor . . . . *However, courts have recognized that certain 'unusual circumstances' warrant applying the § 362(a)(1) stay to proceedings against a non-debtor defendant where such an application furthers the purposes behind the stay*.") (citing *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986); *Queenie*, 321 F.3d at 287). Plaintiff's July 29 letter mischaracterizes the Second Circuit's decision in *Queenie* as standing for a contrary proposition. *See Queenie*, 321 F.3d at 287-88 ("*The automatic stay can apply to non-debtors*, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate. Examples are . . . ."). Moreover, the out-of-context fragments of *Queenie* that Plaintiff cites in block quotes (Plaintiff's July 29 Letter at 2, 3) do not have the meaning Plaintiff advances. Rather, the only defensible reading of the relevant portion of *Queenie* is that the automatic stay generally does not apply to non-debtors "*solely*" on the basis of potential collateral estoppel effects on the debtor, and that the debtor's misrepresentations to the court concerning the case law on this specific question "exceed[ed] the bounds of responsible advocacy." *Queenie*, 321 F.3d at 288.

Simpson Thatcher & Bartlett LLP

July 29, 2016                                    The Honorable Deborah A. Batts

this court can do. . . . *[Plaintiff] is free to file a motion for relief from the automatic stay in the Bankruptcy Court. . . .*").  Here too, if Plaintiff wishes to file a motion in the Bankruptcy Court seeking an order that the stay does not apply, or for relief from the stay, it is free to do so.

The *RALI* Case Does Not Support Plaintiff

      In its initial July 26 letter (Dkt. No. 225), Plaintiff cited several RMBS and securities cases that proceeded notwithstanding a bankruptcy filing, in response to which we pointed out that in those cases the bankrupt entities were dismissed from the case, and in any event none of those cases had ruled on the issues presented here.  In reply, Plaintiff points to one other RMBS action, the *RALI* case.  But that case does not support Plaintiff's position either.  Plaintiff's July 28 Letter at 4.  At the time certain *RALI* defendants filed for bankruptcy, discovery was *already stayed* in connection with an interlocutory appeal, with the exception of certain limited discovery of absent class members.[3]  And while limited fact discovery in *RALI* resumed in February 2013, in May 2013 plaintiffs filed an amended complaint that expressly *excluded* the debtors as defendants, and later that month plaintiff and the debtors reached a settlement of the *RALI* claims and certain bankruptcy claims.[4]  Here, by contrast, fact discovery in this action is in full swing and, as Debtors' counsel has emphasized, has largely focused on the Debtor defendants' conduct and practices, such that the continuation of discovery here will force the Debtors "to focus not on the Chapter 11 case and the many pressing matters in it, but instead on litigations outside of the bankruptcy court."  Debtors' Counsel's July 28 Letter at 2, Dkt. No. 228-1.

      Moreover, while Plaintiff's July 28 letter discusses the impact of the Residential Capital ("ResCap") entities' bankruptcies on the *RALI* lawsuit, it fails to mention the Second Circuit's decision in *In re Residential Capital, LLC*, 529 Fed. App'x. 69 (2d Cir. 2013), wherein the court of appeals reversed the district court's ruling in a mortgage-backed securities case that the automatic stay did not apply to certain non-debtor defendants. The Second Circuit explained that it was inappropriate for the district court to have "denied application of Section 362(a)'s automatic stay to the non-debtor entities

---

[3] *See N.J. Carpenters Health Fund v. Residential Capital, LLC*, No. 08-cv-8781 (HB) (S.D.N.Y.), Dkt. No. 146, May 7, 2012 (order granting plaintiffs' request to "lift the discovery stay . . . for 60 days for the limited purpose of conducting additional limited discovery" as to "absent class member knowledge"); Dkt. No. 147, May 14, 2012 (debtor defendants' Notice of Bankruptcy and Effect of Automatic Stay).

[4] *See id.* Dkt. No. 212, Feb. 15, 2013 (Scheduling Order); Dkt. No. 222, May 10, 2013 (Consolidated Third Amended Securities Class Action Complaint); Dkt No. 224, June 10, 2013 (Stipulation and Order for Temporary Stay in light of settlement).

Simpson Thacher & Bartlett LLP

July 29, 2016                                                    The Honorable Deborah A. Batts

as a categorical matter, without factual findings as to whether the lawsuit against those entities would have had 'immediate adverse economic consequence[s]' on ResCap's estate," and remanded with instructions "to supplement the record and determine whether Section 362(a)'s automatic stay applies to the non-debtor entities." *Id.* at 71.[5] On remand, the district court held that the automatic stay did not apply to the non-debtors, but did so for reasons distinguishable from the present case. *Residential Capital, LLC v. Fed. Hous. Fin. Agency*, Nos. 12-CV-5116 (DLC) and 11-CV-6188 (DLC), 2013 WL 4056195 (S.D.N.Y. Aug. 12, 2013) ("*FHFA*"). First and foremost, in *FHFA* the debtors "d[id] not argue that [their] compliance with third party discovery . . . constitutes an 'immediate adverse economic consequence.'" *Id.* at *2. Here, the Debtors have made such an assertion. *See* Debtors' Counsel's July 28 Letter. Moreover, the *FHFA* court rejected the debtors' insurance- and indemnification-related arguments on grounds that are inapplicable here. For instance, unlike in the ResCap bankruptcy cases, Debtors here have not relinquished to any third party the "rights and proceeds" under their insurance policies pursuant to a reorganization plan (indeed, the Debtor defendants have not yet filed a reorganization plan), such that the continuation of this action will result in the continued erosion (via the covered Individual Defendants) of the Debtors' insurance policies. *See FHFA*, 2013 WL 4056195, at *2. Similarly, in *FHFA* the relevant non-debtor co-defendants had agreed, pursuant to the reorganization plan, to release the debtors from all indemnification claims. *See id.* at *2-3. Here, there is no reorganization plan yet, and the non-debtor co-defendants have not released their indemnification claims. Accordingly, *FHFA* supports the Debtors' previously-stated view that the automatic stay encompasses all further proceedings in this action because the Debtor defendants would otherwise suffer immediate adverse economic consequences.

Respectfully,

*/s/ Thomas C. Rice*

Thomas C. Rice

cc:  All Counsel of Record

---

[5] Regarding Plaintiff's contention that the automatic stay may only be "extended" to apply to non-debtors through adversary proceedings in bankruptcy court, the Second Circuit's decision in *ResCap* suggests that, to the contrary, there is a presumption that the automatic stay applies to non-debtor co-defendants, further contradicting Plaintiff's position.