

# COHEN MILSTEIN

Joel P. Laitman
(212) 750-7581
jlaitman@cohenmilstein.com

August 1, 2016

*Via Hand & CM/ECF*

Honorable Deborah A. Batts
United States District Court
Southern District of New York
500 Pearl Street, Room 2510
New York, New York 10007

Re: *New Jersey Carpenters Health Fund v. NovaStar Mortgage, Inc., et al., No. 08-cv-5310 (DAB) (S.D.N.Y.)*

Dear Judge Batts:

We write on behalf of Lead Plaintiff in the above-referenced matter (the "Action") to briefly respond to the second letter from counsel for Deutsche Bank Securities, Inc., RBS Securities, Inc., and Wells Fargo Advisors, LLC f/k/a Wachovia (the "Bank Defendants") [ECF No. 230], dated July 29, 2016.

First, the Bank Defendants' continual representations to this Court that they were justified in unilaterally halting discovery in this Action because the stay pursuant to section 362 of the Bankruptcy Code *automatically* applies to them "exceed[] the bounds of responsible advocacy." *See Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287-88 (2d Cir. 2003). The Second Circuit has repeatedly held that the stay under Section 362 is "automatic" ***only as to the debtor but not as to non-debtors***. *See, e.g., Teachers Ins. & Annuity Ass'n v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986) ("It is well-established that stays pursuant to § 362(a) are limited to debtors ***and do not encompass non-bankrupt co-defendants***.") (emphasis added); *see also Queenie*, 321 F.3d at 287 ("[A] suit against a codefendant ***is not automatically stayed*** by the debtor's bankruptcy filing.") (emphasis added); *Wynn v. AC Rochester GMC*, 155 Fed. App'x 528, 528 (2d Cir. 2005) ("[T]he stay is ***not automatically applicable*** to non bankrupt co-defendants") (emphasis added).[1]

---

[1] The Bank Defendants' claim that potential indemnification or contribution rights of the Bank Defendants cause the automatic stay to automatically extend to them is false. Indemnification rights alone would not be sufficient even if a proper motion to extend the automatic stay had been brought in the Bankruptcy Court. *See, e.g., In re SDNY 19 Mad Park, LLC*, 2014 Bankr. LEXIS 3877, *5-*6 (Bankr. S.D.N.Y. Sep. 11, 2014) ("The fact that a Debtor may have to indemnify a third-party is alone not a sufficient basis to extend the automatic stay to that party because the justification for extending the stay 'must be consistent with the purpose of the stay itself, [which is] to suspend actions that pose a ***serious threat*** to a corporate debtor's reorganization efforts.'") (citation omitted; emphasis added). Moreover, the impact of an indemnification claim must be immediate to

August 1, 2016
Page 2

Second, the Bank Defendants not only completely fail to explain why this Action is any different from the mortgage-backed securities litigation in *RALI*, *Lehman*, and *Wamu*,[2] where the Securities Act cases proceeded against non-debtors despite the bankruptcy of another defendant, but also inexplicably purport to rely on the Second Circuit's decision in *In re Residential Capital, LLC*, 529 Fed App'x 69 (2d Cir. 2013) ("*ResCap*").[3] In *ResCap*, the Second Circuit reversed the District Court's categorical denial[4] of a motion to extend the automatic stay to certain non-debtor defendants not because the automatic stay automatically applied to those defendants, but because the District Court had not made any findings of fact in support of its denial of the debtors' motion. *Id.* at 70. A key distinction between the instant case and *ResCap*, however (aside from the fact that the *ResCap* debtors did not seek to extend the automatic stay to the non-affiliated underwriter defendants), is that the ***ResCap* debtors followed the proper procedure for seeking an extension of the automatic stay by filing an adversary proceeding in the Bankruptcy Court in the first instance.** *See In re Residential Capital, LLC*, 2013 U.S. Dist. LEXIS 46436, *2-*3 (S.D.N.Y. Mar. 29, 2013). Neither the Second Circuit nor the District Court made summary findings based on the non-debtor defendants' conclusory statements, as Defendants have asked this Court to do. Rather, the Second Circuit remanded the matter back to the District Court for further evidentiary proceedings – a step that is not even possible here

---

warrant extension of the stay. *See Queenie*, 321 F.3d at 282 (extension of the stay is appropriate "only when a claim against the non-debtor will have an *immediate* adverse economic consequence for the debtor's estate"); *Steel Workers Pension Trust v. Citigroup, Inc.*, No. 03-CV-2171, 2003 U.S. Dist. LEXIS 12392, at *8-*9 (E.D. Pa. July 17, 2003) ("[M]ere potential impact upon the debtor's estate is insufficient. Contingent liability will not suffice."). Here, the fact that the Bank Defendants *might* ultimately file a proof of claim in the Debtor Defendants' bankruptcy case – presumably one of thousands of claims that will be filed by creditors – clearly does not threaten any immediate harm to the Debtor Defendants or their bankruptcy case. In any event, indemnification on account of Securities Act claims may not even be available at all. *See, e.g., Heizer Corp. v. Ross*, 601 F.2d 330, 334 (7th Cir. 1979) ("A securities wrongdoer should not be permitted to escape loss by shifting his entire responsibility to another party."); *Laventhol, Krekstein, Horwath & Horwath v. Horwitch*, 637 F.2d 672, 676 (9th Cir. 1980) ("[P]ermitting indemnity [of underwriters] would undermine the statutory purpose of assuring diligent performance of duty and deterring negligence."). Again, however, the issue of whether the Debtor Defendants are entitled to the extraordinary relief of extending the automatic stay to non-debtor defendants (which they are not) has not been raised before the Bankruptcy Court and is not before this Court.

[2] The fact that the debtor defendants in *RALI*, *Lehman*, and *WaMu* were dismissed from the Securities Act cases is irrelevant because their dismissal was ***without prejudice***, as could easily be done here. The Bank Defendants' claim that those cases were meaningfully different because the debtor defendants were dismissed does not change the legal requirement that Debtor Defendants must seek relief from the Bankruptcy Court to extend the automatic stay to any other non-debtor co-defendants. Moreover, the claim that unlike the above cases, the fact discovery here has "largely focused" to date on the Debtor is simply wrong. The due diligence on all six offerings has been carefully examined and will be largely done after completing the three remaining Bank Defendant depositions.

[3] The *ResCap* decision arose in the bankruptcy proceedings of certain of the *RALI* defendants.

[4] The District Court presided over the *Residential Capital* bankruptcy adversary proceeding after withdrawing the reference from the Bankruptcy Court by operation of certain statutory provisions unique to the Federal Housing Finance Agency, the plaintiff in the non-bankruptcy litigation.

August 1, 2016
Page 3

because the Debtor Defendants have never commenced a bankruptcy adversary proceeding seeking an extension of the automatic stay.

Since the Section 362 stay is – as a matter of law – not automatically applicable to non-debtors, there is no possible legal justification for the Bank Defendants' unilateral halting of discovery, and Plaintiffs respectfully request that the Court compel all non-debtor defendants to comply with the Scheduling Order in place in this Action (as modified to account for the unwarranted delay) and for such other relief as the Court deems appropriate.

                          Respectfully submitted,

                          *Joel P. Laitman / J.S.*

                          Joel P. Laitman

cc:    All Parties (via CM/ECF)
       Thomas Rice, Esq. (via E-Mail)
       Alan Turner, Esq. (via E-Mail)
       Steven Fink, Esq. (via E-Mail)