# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW JERSEY CARPENTERS HEALTH FUND, *on Behalf of Itself and all Others Similarly Situated*,<br><br>      Plaintiff,<br><br>      *v.*<br><br>NOVASTAR MORTGAGE, INC., NOVASTAR MORTGAGE FUNDING CORPORATION, SCOTT F. HARTMAN, GREGORY S. METZ, W. LANCE ANDERSON, MARK HERPICH, RBS SECURITIES INC. f/k/a GREENWICH CAPITAL MARKETS, INC., d/b/a RBS GREENWICH CAPITAL, DEUTSCHE BANK SECURITIES INC., WELLS FARGO ADVISORS, LLC f/k/a WACHOVIA SECURITIES LLC,<br><br>      Defendants. | Case No. 08-cv-5310 (DAB)<br><br>ECF Case |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated March 8, 2017, is made and entered into by and among (i) Plaintiffs, on behalf of themselves and each of the proposed Settlement Class Members, by and through their counsel of record in the Action; and (ii) Defendants, by and through their counsel of record in the Action.

This Settlement is intended by the Settling Parties to fully, finally and forever compromise, resolve, discharge and settle the Released Claims and result in the complete dismissal of this Action with prejudice, upon and subject to the terms and conditions herein.

**WHEREAS:**

A.      All terms with initial capitalization shall have the meanings ascribed to them in paragraph 1 below or as otherwise defined herein.

B.      On May 21, 2008, the New Jersey Carpenters Health Fund filed a complaint against, *inter alia*, the Defendants, in the Supreme Court of the State of New York, County of New York, Index No. 601563/08, asserting claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77l, and 77o.

C.      On June 10, 2008, the action was removed to the United States District Court for the Southern District of New York, Civ. No. 08-cv-5310.   The case was assigned to the Honorable Deborah Batts (the "Court").

D.      On November 7, 2008, notice of the action was published pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), notifying eligible purchasers of their right to move for appointment as lead plaintiff.  On April 17, 2009, the Court appointed New Jersey Carpenters Health Fund as Lead Plaintiff and approved Lead Plaintiff's selection of Schoengold Sporn Laitman & Lometti, P.C. as lead counsel.  On May 12, 2009, on Lead Plaintiff's motion, the Court substituted Cohen Milstein Sellers & Toll PLLC as lead counsel.

1

E.       On June 16, 2009, Lead Plaintiff filed the Consolidated First Amended Securities Class Action Complaint (the "First Amended Complaint"). The First Amended Complaint asserted claims concerning the purchase or sale of securities issued in six (6) residential mortgage-backed securities offerings[1] (the "Offerings," and each individually an "Offering"), pursuant or traceable to a Registration Statement and accompanying Prospectus filed with the Securities and Exchange Commission by NovaStar Mortgage Funding Corporation a/k/a NovaStar Certificates Financing Corporation on June 16, 2006 (No. 333-134461), against NovaStar Mortgage, Inc., NovaStar Mortgage Funding Corporation, Scott F. Hartman, Gregory S. Metz, W. Lance Anderson, Mark Herpich, RBS Securities Inc. f/k/a Greenwich Capital Markets, Inc., d/b/a RBS Greenwich Capital, Deutsche Bank Securities Inc., and Wells Fargo Advisors, LLC f/k/a Wachovia Securities LLC (collectively, the "Defendants").[2]

F.       On August 31, 2009, Defendants moved to dismiss the First Amended Complaint.

G.       On March 31, 2011, the Court issued a memorandum and order (the "March 31, 2011 Order") granting in part Defendants' motions to dismiss.  In the March 31, 2011 Order, the Court dismissed all of Lead Plaintiff's claims without prejudice, finding that Lead Plaintiff had not adequately pleaded its claims.  The Court further found that Lead Plaintiff lacked standing to sue for the five Offerings in which it had not purchased any Certificates, and had standing to sue only with respect to the NMFT 2007-2 Offering in which it had purchased a Certificate.  The Court also dismissed claims based on the allegations that credit rating models were outdated, that

---

[1]      The Offerings are NovaStar Mortgage Funding Trusts, NovaStar Home Equity Loan Series ("NMFT"): 2006-3, 2006-4, 2006-5, 2006-6, 2007-1, and 2007-2.

[2]      The First Amended Complaint also asserted claims against Moody's Investors Service, Inc. and The McGraw-Hill Companies, Inc. (the "Rating Agencies").

credit enhancements were inadequate, and that Defendants purportedly omitted disclosure of material conflicts of interest with the Rating Agencies.[3]

      H.      On May 18, 2011, Lead Plaintiff filed its Second Amended Complaint, asserting claims solely with respect to the NMFT 2007-2 Offering.

      I.      On July 8, 2011, Defendants moved to dismiss the Second Amended Complaint. On March 29, 2012, the Court granted Defendants' motion to dismiss the Second Amended Complaint, with prejudice.

      J.      On April 25, 2012, Lead Plaintiff appealed the Court's rulings dismissing the First and Second Amended Complaints.  On March 1, 2013, the United States Court of Appeals for the Second Circuit reversed in part and vacated in part the Court's rulings dismissing the First and Second Amended Complaints.

      K.      On April 23, 2013, Lead Plaintiff filed a motion seeking reconsideration of the March 31, 2011 Order, insofar as that order dismissed on standing grounds Lead Plaintiff's claims relating to five Offerings (NMFT 2006-3, 2006-4, 2006-5, 2006-6, and 2007-1), based on an intervening change of law.  On February 5, 2015, the Court granted Lead Plaintiff's reconsideration motion, vacated its March 31, 2011 Order as to Lead Plaintiff's standing to pursue claims relating to the five dismissed Offerings, reinstated Lead Plaintiff's claims with respect to those Offerings, and directed Lead Plaintiff to file a Third Amended Complaint.

      L.      On March 9, 2015, Lead Plaintiff filed its Third Amended Complaint. Defendants filed answers to the Third Amended Complaint on April 9, 2015.

      M.      Between May 2015 and October 2016, Plaintiffs and Defendants conducted extensive party and third-party fact discovery, including propounding and responding to

---

[3]    The Court also dismissed Lead Plaintiff's claims against the Rating Agencies.

document requests and subpoenas, interrogatories, and requests for admission, and conducting fact depositions.

N.     On June 16, 2015, Lead Plaintiff filed a motion to certify a class of purchasers or acquirers of certificates in the Offerings.  As part of its class certification motion, Lead Plaintiff sought an order permitting Iowa Public Employees' Retirement System ("IPERS") to intervene as an additional plaintiff and a class representative in the Action.

O.     On November 4, 2016, the Court granted Lead Plaintiff's class certification motion; certifying a class comprising all those who purchased or otherwise acquired publicly offered certificates in the Offerings prior to May 21, 2008, pursuant or traceable to the Registration Statement, and were damaged thereby (excluding Defendants); permitting IPERS to intervene as an additional plaintiff; appointing Lead Plaintiff and IPERS as class representatives; and appointing Lead Counsel as lead counsel for the class.

P.     Starting in December 2015, Lead Counsel and Defendants began mediation under the auspices of former United States District Court Judge Layn Phillips.  Facilitated by the mediator, the Settling Parties reached an agreement in principle on December 11, 2016 with respect to the Settlement Amount of $165 million.  On December 20, 2016, the Settling Parties executed a term sheet setting forth certain terms of the Settlement (the "Term Sheet"), subject to the completion of definitive documentation and Court approval.

Q.     Lead Counsel state that they have concluded, after due investigation and after carefully considering the relevant circumstances, including, without limitation, the claims asserted in the Action, the legal and factual defenses thereto, and the applicable law, that (i) it is in the best interests of the Settlement Class to enter into this Settlement in order to avoid the uncertainties of litigation and to assure that the benefits reflected herein are obtained for the

Settlement Class, and (ii) the Settlement set forth herein is fair, reasonable and adequate and in the best interests of Settlement Class Members.

R.      Defendants strongly deny any liability for the claims asserted against them in the Action and believe that they have good and meritorious defenses thereto, but have nevertheless agreed to enter into this Settlement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and thereby to put to rest this controversy and avoid the risks inherent in litigation.

NOW THEREFORE, IT IS HEREBY AGREED, by and among the Settling Parties, through their respective counsel of record, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the PSLRA and other conditions set forth herein, in consideration of the benefits flowing to the Settling Parties hereto, that the Action and all Released Claims as against the Released Parties shall be fully, finally and forever compromised, settled, released, discharged and dismissed with prejudice, upon and subject to the following terms and conditions:

## **DEFINITIONS**

1.      As used in this Settlement, the following terms shall have the meanings specified below.

(a)      "Action" means the securities class action styled *New Jersey Carpenters Health Fund v. NovaStar Mortgage, Inc., et al.*, Case No. 08-cv-5310 (S.D.N.Y.) (DAB).

(b)      "Authorized Claimant" means a Settlement Class Member that timely submits a valid Proof of Claim Form to the Claims Administrator in accordance with the requirements established by the Court, and that is approved by the Claims Administrator for payment from the Net Settlement Fund.

(c)      "Bankruptcy Action" means the jointly administered bankruptcy cases entitled *In re Novation Companies, Inc., et al.*, Case No. 16-19745, pending in the United States Bankruptcy Court for the District of Maryland (Baltimore Division).

(d)      "Bankruptcy Court" means the United States Bankruptcy Court for the District of Maryland (Baltimore Division) or any other court exercising jurisdiction over the NovaStar Defendants' chapter 11 cases.

(e)      "Bankruptcy Court Order" means an order of the Bankruptcy Court, in form and substance reasonably acceptable to the Settling Parties, (i) authorizing the NovaStar Defendants to enter into, and to perform their obligations under, the Settlement, including but not limited to granting the releases provided in ¶ 7 below, and (ii) authorizing the NovaStar Defendants' and the Individual Defendants' insurers, to the extent such authorization is necessary, to fund their respective confidentially allocated shares of the Settlement Amount on behalf of the NovaStar Defendants and the Individual Defendants, as applicable.

(f)      "Certificate" means a certificate issued in one of the Offerings.

(g)      "Claim" means a claim submitted by a Settlement Class Member to the Claims Administrator for payment pursuant to the Plan of Allocation.

(h)      "Claims Administrator" means Epiq Systems, Inc.

(i)      "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to eligible Settlement Class Members in accordance with the Plan of Allocation.

(j)      "Class Representatives" means New Jersey Carpenters Health Fund and Iowa Public Employees' Retirement System.

(k)     "Defendants' Counsel" means Simpson Thacher & Bartlett LLP and Orrick, Herrington & Sutcliffe LLP.

(l)     "Effective Date" means the earliest date on which all of the events and conditions specified in ¶ 37 of this Settlement have occurred or have been met.

(m)     "Escrow Account" means an escrow account mutually agreeable to the Settling Parties, established, maintained, and controlled by the Escrow Agent, subject to the Court's supervisory authority, into which Defendants shall deposit or cause to be deposited the Settlement Amount.

(n)     "Escrow Agent" means The Huntington National Bank, or a third party financial services company jointly designated by the Settling Parties to serve as escrow agent.

(o)     "Final" means, with respect to any court order, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise.  Without limitation, an order becomes "Final" when (i) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (ii) an appeal has been filed and either (a) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (b) the order has been affirmed in all material respects and the prescribed time, if any, for commencing any further appeal has expired.  For purposes of this paragraph, an "appeal" includes appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving writs of certiorari or mandamus, and any other proceedings of like kind.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to a Class Distribution Order, a Plan of Allocation, or to the Court's award of Lead Counsel fees, shall not in any way delay or affect the time set forth above for the Judgment to become Final.

(p)     "Final Approval Hearing" means the final hearing to be held by the Court to determine whether the Settlement is fair, reasonable, and adequate, and should be finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure

(q)     "Individual Defendants" means Scott F. Hartman, Gregory S. Metz, W. Lance Anderson, and Mark Herpich.

(r)     "Investment Vehicle" means any investment company or pooled investment fund (including, but not limited to, mutual fund families, exchange-traded funds, fund of funds and hedge funds) in which any Defendant has or may have a direct or indirect interest, or as to which its affiliates may act as investment advisors, but of which any Defendant or any of its respective affiliates is not a majority owner or does not hold a majority beneficial interest.

(s)     "Judgment" means the order of final judgment to be entered by the Court in the form attached hereto as Exhibit B.

(t)     "Lead Counsel" means the law firm of Cohen Milstein Sellers & Toll PLLC.

(u)     "Lead Plaintiff" means the New Jersey Carpenters Health Fund.

(v)     "Litigation Expenses" means the reasonable costs and expenses incurred by Lead Counsel in connection with commencing and prosecuting the Action, for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.  Litigation Expenses may also include reimbursement of the expenses of Class Representatives in accordance with 15 U.S.C. § 77z-1(a)(4).

(w)     "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; and (iii) any attorneys' fees and Litigation Expenses awarded by the Court.

(x)    "Notice" means the Notice of Pendency of Class Action, Preliminary Approval Order and Proposed Settlement, Final Approval Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (substantially in the form attached hereto as Exhibit A-1), which is to be sent to members of the Settlement Class.

(y)    "Notice and Administration Costs" means the costs, fees and expenses that are reasonably incurred by the Claims Administrator in connection with (i) providing notice to the Settlement Class; and (ii) administering the Claims process, including, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with identifying Settlement Class Members and providing Notice and processing the submitted claims, and the reasonable fees, if any, of the Escrow Agent.  In no event shall the aggregate amount of all Notice and Administration Costs exceed $500,000 prior to the Settlement becoming Final.  To the extent that Notice and Administration Costs exceed $500,000 after the Settlement becomes Final, they may be paid only pursuant to further order of the Court.  In the event that the Settlement does not become Final or is terminated pursuant to the terms of this Settlement, all Notice and Administration Costs properly paid, owing or incurred (whether or not yet due) at the time of termination shall be paid from the Settlement amount and shall not be returned or repaid to the Defendants.

(z)    "NovaStar Defendants" means NovaStar Mortgage, Inc. and NovaStar Mortgage Funding Corporation, each of which is currently a debtor in possession in the jointly administered chapter 11 bankruptcy cases captioned as *In re Novation Companies, et al.*, Lead Case No. 16-19745-DER, pending in the Bankruptcy Court.

(aa) "Offerings" means NovaStar Mortgage Funding Trusts, NovaStar Home Equity Loan Series 2006-3, 2006-4, 2006-5, 2006-6, 2007-1, and 2007-2.

(bb) "Person" and "Persons" means any individual, corporation, limited liability company, limited partnership, partnership, professional corporation, association, affiliate, joint stock company, estate, trust, unincorporated association, entity, government and any political subdivision thereof, or any other type of business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

(cc) "Plaintiffs" means New Jersey Carpenters Health Fund and Iowa Public Employees' Retirement System.

(dd) "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice, or such other plan of allocation that the Court approves.  The Plan of Allocation is not part of the Settlement, and Defendants shall have no responsibility or liability with respect thereto.

(ee) "Preliminary Approval Order" means the order to be entered by the Court preliminarily approving the Settlement and directing that Notice be provided to the Settlement Class, which, subject to the approval of the Court, shall be substantially in the form attached hereto as Exhibit A.

(ff) "Proof of Claim Form" means the form provided to Settlement Class Members by the Claims Administrator for purposes of submitting a Claim, substantially in the form attached hereto as Exhibit A-3.

(gg) "Registration Statement" means the registration statement and accompanying prospectus filed with the Securities and Exchange Commission by NovaStar Mortgage Funding Corporation a/k/a NovaStar Certificates Financing Corporation on June 16, 2006 (No. 333-

134461). For the avoidance of doubt, the "Registration Statement" includes each "new registration statement" that results from a post-effective amendment thereto within the meaning of 17 C.F.R. § 229.512(a)(2), including as a result of each prospectus supplement filed in connection with each Offering.

(hh) "Released Claims" means any and all claims (including "Unknown Claims," as defined in ¶ 1(ss) herein), demands, rights, liabilities, and causes of action of every nature and description, known or unknown, suspected or unsuspected, contingent or non-contingent, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, or can, shall or may exist, whether arising under federal, state, common or foreign law or at equity, that Plaintiffs or any Settlement Class Member (a) asserted in this Action, or (b) could have asserted in the Action or in any other proceeding or forum arising from or related in any way to the Offerings, the Certificates or to the acts, failures to act, transactions, facts, events, matters, disclosures, statements, occurrences, representations, or omissions asserted or that could have been asserted in the Action against any Released Party; provided, however, that "Released Claims" shall not include a claim, if any, filed in court prior to December 20, 2016 solely and exclusively to the extent such claim asserted contractual repurchase rights with respect to any residential mortgage loan included in any of the Offerings.

(ii) "Released Party" and "Released Parties" means (i) each Defendant and his, her or its parents, subsidiaries, and affiliates and all of their respective past, current, and future respective directors, officers, employees, partners, insurers, co-insurers, reinsurers, agents, controlling shareholders, shareholders, attorneys, accountants, auditors, advisors, investment advisors, personal or legal representatives, predecessors, successors, divisions, joint ventures,

assigns, spouses, heirs, related or affiliated entities, and (ii) any entity in which any Defendant has a controlling interest, and all of their respective property.

(jj)     "Settlement" means this Stipulation and Agreement of Settlement and the settlement contained herein.

(kk)     "Settlement Amount" means one hundred sixty-five million U.S. dollars ($165,000,000.00).

(ll)     "Settlement Class" means all Persons who purchased or otherwise acquired publicly offered Certificates representing interests in any of the Offerings prior to May 21, 2008, pursuant or traceable to the Registration Statement, and who were damaged thereby, *except* those Persons that timely and validly request exclusion from the class pursuant to and in accordance with the terms of the Preliminary Approval Order.  Also excluded from the Settlement Class are all Defendants, their officers and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has or had a controlling interest, *except* for any Investment Vehicle.

(mm)     "Settlement Class Member" means a person or entity that is a member of the Settlement Class and that does not exclude himself, herself or itself by timely filing a valid request for exclusion pursuant to and in accordance with the requirements set forth in the Preliminary Approval Order.

(nn)     "Settlement Fund" means the Settlement Amount plus any interest earned thereon after it is deposited into the Escrow Account.

(oo)     "Settling Parties" means (i) Defendants, and (ii) Plaintiffs on behalf of themselves and the Settlement Class.

(pp)   "Summary Notice" means the Summary Notice of the Pendency of Class Action and Proposed Settlement, Preliminary Approval Order, Final Approval Hearing, and Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, which shall be substantially in the form attached hereto as Exhibit A-2, to be published as set forth in the Preliminary Approval Order.

(qq)   "Taxes" means any taxes due and payable with respect to the income earned by the Settlement Fund, including any interest or penalties thereon.

(rr)   "Tax Expenses" means any reasonable expenses and costs incurred in connection with the payment of Taxes or the preparation of tax returns, including, without limitation, reasonable expenses of tax attorneys and/or accountants and/or other advisors and reasonable expenses relating to the filing of or failure to file all necessary or advisable tax returns.

(ss)   "Unknown Claims" means any and all Released Claims that Plaintiffs and/or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to object to this Settlement or not exclude himself, herself or itself from the Settlement Class.

## CLASS CERTIFICATION

2.      Solely for purposes of this Settlement and for no other purpose, the Settling Parties stipulate and agree to: (a) certification of the Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure; (b) appointment of the Class Representatives as representatives of the Settlement Class; and (c) appointment of Lead Counsel as class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.  Certification of the Settlement Class and appointment of class counsel and the Class Representatives shall be

binding only with respect to the Settlement of the Action.  Should the Settlement Class not be certified, or should any court materially amend the scope of the Settlement Class, each of the Settling Parties reserves the right to terminate this Settlement.  In the event this Settlement is terminated, or a Judgment and approval of the Settlement and dismissal of the Action for any reason does not occur, certification of the Settlement Class in connection with this Settlement shall be nullified, and the Action shall proceed as though the Settlement Class had never been certified (but any such nullification shall not in any way affect the Court's November 4, 2016 class certification order); Defendants will retain any rights they have to seek de-certification of any class previously certified in the Action; the Settling Parties reserve all their rights regarding class certification in the Action; and neither Plaintiffs nor Defendants shall suggest in their submissions in support of or in opposition to class certification or de-certification that any inference of any kind should be drawn from the Settlement Class proposed in this Settlement.

## SCOPE AND EFFECT OF SETTLEMENT

3.    The obligations incurred pursuant to this Settlement are, subject to approval by the Court and such approval becoming Final, in full and final disposition of the Action and all Released Claims against all Released Parties.

4.    Upon the Effective Date, Plaintiffs shall have, and all other Settlement Class Members shall be deemed to have and by operation of the Judgment shall have—on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors and assigns, whether or not such Person submits a Proof of Claim form—fully, finally and forever waived, released, discharged and dismissed each and every Released Claim against each and every Released Party, with prejudice and on the merits, and without costs to any party. Upon the Effective Date, Plaintiffs shall also withdraw any proofs of claim filed by Plaintiffs

14

(whether individually or on behalf of the Settlement Class) in the Bankruptcy Action and shall submit no further such proofs of claim.

5.      With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs expressly waive, and each Settlement Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, to the fullest extent permitted by law, the provisions, rights and benefits of California Civil Code § 1542, and of any U.S. federal or state law, or principle of common law or the law of any foreign jurisdiction, that is similar, comparable, or equivalent to Section 1542 of the California Civil Code, which provides, in relevant part:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs and other Settlement Class Members, or certain of them, may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs and the Settlement Class Members, and each of them, upon the Effective Date, by operation of the Judgment shall have fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, claims relating to conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the Settlement Class Members by law and operation of the Judgment

15

shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the Settlement.

6.     Upon the Effective Date, Plaintiffs and each and all other Settlement Class Members, and anyone claiming through or on behalf of any of them, in accordance with the terms of the proposed Judgment attached hereto as Exhibit B, are forever barred and enjoined from commencing, instituting, maintaining, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting against any Released Party any Released Claim, including, without limitation, instigating, voting in favor of or otherwise supporting the assertion of any claim asserting contractual repurchase (or other "putback") rights with respect to any residential mortgage loan included in any of the Offerings, other than in any action filed in court prior to December 20, 2016 asserting such claims.  Entry of such a bar order by the Court is a material term of this Settlement.

7.     Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged Plaintiffs, each and all of the Settlement Class Members, and Lead Counsel from all claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims; provided, however, that the Released Parties do not release and therefore maintain all rights granted to them by this Settlement.

## SETTLEMENT CONSIDERATION

8.     In consideration of the terms of the Settlement, Defendants and/or their insurers shall pay or cause to be paid their respective confidentially allocated portions of the Settlement Amount, severally and not jointly, according to the confidential allocation terms determined by

the Defendants and their insurers, into the Escrow Account within fifteen (15) business days after the latest of (i) entry of the Preliminary Approval Order by the Court; (ii) entry of the Bankruptcy Court order; and (iii) receipt by Defendants' Counsel from Lead Counsel of full and complete wiring instructions necessary for such payment, an executed Form W-9, and any other documents reasonably required by Defendants or their insurers to process the funding of the Settlement Amount.  No Defendant or their insurers will be liable for any portion of the Settlement Amount that is confidentially allocated to another Defendant or insurer but is not paid by that Defendant or insurer, nor for any interest accruing on such unpaid amount.  It is further understood that the NovaStar Defendants and Individual Defendants will not be obligated to directly pay any portion of the Settlement Amount, as their allocable share, if any, will be funded entirely by available insurance.

9.      Should the Settlement Amount not be fully paid in accordance with the provisions of ¶ 8 above, Defendants' Counsel shall identify for Lead Counsel within two (2) business days after the last day for funding the Settlement Amount any Defendant that did not pay its allocated amount, and Plaintiffs may elect to either (a) go forward with the Settlement as to those Defendants that have funded their confidential allocated share of the Settlement Amount; or (b) terminate the Settlement, in which case the provisions of ¶¶ 38 and 41 shall apply.  Should Plaintiffs elect to go forward with the Settlement, any non-paying Defendant will no longer be included within the defined term "Defendant" as used in this Settlement and the Exhibits hereto, and related definitions that employ such defined term, including but not limited to "Released Parties," and the non-settling parties will revert to their respective positions in the Action as of December 19, 2016.

## USE AND TAX TREATMENT OF SETTLEMENT FUND

10.      The Settlement Fund shall be held and invested in the Escrow Account as provided in ¶ 11 hereof.  If the Judgment becomes Final, any interest earned on the Settlement Fund shall be for the benefit of the Settlement Class.  If the Judgment does not become Final and the Settlement is terminated, the Settlement Fund shall be returned to Defendants, together with any interest earned on the Settlement Fund, less any Notice and Administration Costs actually incurred.

11.      The Escrow Agent shall invest funds in the Escrow Account in instruments backed by the full faith and credit of the United States government or an agency thereof (or a mutual fund invested solely in such instruments), or deposit some or all of the funds in non-interest-bearing transaction accounts up to the limit of Federal Deposit Insurance Corporation insurance. The Released Parties and Defendants' Counsel shall have no responsibility for, interest in, or liability with respect to the investment decisions of the Escrow Agent. The Settlement Fund, the Plaintiffs and the Settlement Class shall bear all risks related to investment of the Settlement Amount.

12.      The Escrow Agent shall not disburse the Settlement Fund except as provided in this Settlement or with the written agreement of Lead Counsel and Defendants' Counsel.

13.      Subject to the terms and conditions of this Settlement, the Settlement Fund shall be used to pay: (i) Taxes and Tax Expenses; (ii) Notice and Administration Costs; and (iii) any attorneys' fees and Litigation Expenses awarded by the Court.  In no event shall the Released Parties bear any responsibility for any fees, costs or expenses beyond payment of the Settlement Amount.

14.      After (i) the Judgment becomes Final, and (ii) entry by the Court of a Class Distribution Order approving distribution of the Net Settlement Fund to the Settlement Class, the

Claims Administrator shall distribute the Net Settlement Fund to Authorized Claimants in accordance with the terms of such Class Distribution Order; provided, however, that any amounts in the Escrow Account necessary for payment of Taxes and Tax Expenses shall remain in the Escrow Account for such purpose.

15.     Except as provided herein, the Net Settlement Fund shall remain in the Escrow Account prior to the distribution.  All funds held in the Escrow Account shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the terms of this Settlement.

16.     The Settling Parties agree that the Settlement Fund is intended to be a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1 and that the Claims Administrator, as "administrator" of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Such returns shall be consistent with this paragraph and in all events shall reflect that all Taxes on the income earned on the Settlement Fund shall be paid out of the Settlement Fund as provided by ¶ 17 herein.  The Claims Administrator shall also be solely responsible for causing payment to be made from the Settlement Fund of any Taxes and Tax Expenses owed with respect to the Settlement Fund, and is authorized to withdraw, without prior order of the Court, from the Settlement Fund such amounts as are necessary to pay Taxes and Tax Expenses. Defendants will provide to the Claims Administrator the statement described in Treasury Regulation § 1.468B-3(e).  The Claims Administrator, as "administrator" of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as

are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation-back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

17.      All Taxes (including any interest or penalties) and Tax Expenses shall be considered to be a cost of administration of the Settlement and shall be paid out of the Settlement Fund.  The Released Parties shall have no responsibility for, and no liability with respect to, payment of any such Taxes or Tax Expenses, and shall have no responsibility for, and no liability with respect to, the acts or omissions of the Claims Administrator, Lead Counsel or their agents, with regard to Taxes and Tax Expenses.  The Settling Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the terms of this Settlement with regard to Taxes and Tax Expenses.

18.      This Settlement is not a claims-made settlement and, if all conditions of the Settlement are satisfied and the Judgment is entered and becomes Final, no portion of the Settlement Fund will be returned to Defendants, irrespective of the number of Claims filed, the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.  If any portion of the Net Settlement Fund remains following distribution pursuant to ¶ 24 and is of such an amount that in the discretion of the Claims Administrator it is not cost effective or efficient to redistribute to the Settlement Class, then such remaining funds, after payment of any further Notice and Administration Costs and Taxes and Tax Expenses, shall be donated to a non-profit charitable organization selected by Plaintiffs, subject to approval by the Court.

19.     The finality of the Settlement shall not be conditioned on any ruling by the Court concerning the Plan of Allocation, entry of the Class Distribution Order, or any award of attorneys' fees or reimbursement of Litigation Expenses.  Any order or proceeding relating to a request for approval of the Plan of Allocation, entry of the Class Distribution Order, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement or affect or delay the Effective Date or the effectiveness or finality of the Judgment and the release of the Released Claims.  There shall be no distribution of any of the Settlement Fund to any Settlement Class Member until the Plan of Allocation is finally approved, the Class Distribution Order has been entered, and such orders are affirmed on appeal and/or are no longer subject to review by appeal or *certiorari*, and the time for any petition for rehearing, appeal, or review, by *certiorari* or otherwise, has expired.  Again, and for the avoidance of doubt, the Released Parties and Defendants' Counsel have no responsibility for, and no liability with respect to, the investment or distribution of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

20.     Lead Counsel may apply to the Court for an award from the Settlement Fund of attorneys' fees and Litigation Expenses.  Litigation Expenses may include reimbursement of the expenses of Plaintiffs in accordance with 15 U.S.C. § 77z-1(a)(4).

21.     The Released Parties will take no position on Lead Counsel's request for attorneys' fees or Litigation Expenses, and shall have no responsibility for, and no liability with respect to, the attorneys' fees or Litigation Expenses that the Court may award.

22.     The procedure for and amounts of any award of attorneys' fees and Litigation Expenses, and the allowance or disallowance by the Court thereof, shall not be a condition of the Settlement.  Lead Counsel shall request that its application for an award of attorneys' fees and Litigation Expenses be considered by the Court separately from the Court's consideration of the

fairness and adequacy of the Settlement. Any order or proceedings relating to such request, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement or affect the release of the Released Claims. The finality of the Settlement shall not be conditioned on any ruling by the Court concerning Lead Counsel's application for attorneys' fees and Litigation Expenses.

23.   Within ten (10) calendar days after both the Judgment and an order by the Court approving Lead Counsel's attorneys' fees and Litigation Expenses become Final, any awarded attorneys' fees and Litigation Expenses shall be paid to Lead Counsel from the Escrow Account. Such attorneys' fees and Litigation Expenses awarded by the Court may also be paid following entry of the Judgment, notwithstanding the existence of or pendency of any appeal or collateral attack on the Settlement or any part thereof, if and only if Lead Counsel executes an unconditional guaranty of repayment in the form concurrently agreed to by the Settling Parties. In the event that the Effective Date does not occur, or the Judgment or the order granting Lead Counsel's attorneys' fees and Litigation Expenses is reversed or modified by a Final, non-appealable order, or the Settlement is terminated or canceled for any reason, and in the event that attorneys' fees and Litigation Expenses have been paid out of the Escrow Account to any extent, then Lead Counsel shall be obligated and does hereby agree, within ten (10) calendar days from receiving notice from Defendants' Counsel or from the Court, to refund to the Escrow Account such attorneys' fees and Litigation Expenses that have been paid, plus interest thereon at the same rate as would have been earned had those sums remained in the Escrow Account.

## ADMINISTRATION OF THE SETTLEMENT

24.   The Claims Administrator, subject to the supervision of Lead Counsel and the jurisdiction of the Court, shall administer and calculate the Claims submitted by Settlement Class Members, oversee distribution of the Net Settlement Fund to Authorized Claimants, and perform

all claims administration procedures necessary or appropriate in connection therewith.   The Claims Administrator shall receive and administer Claims in accordance with the Plan of Allocation approved by the Court.   The proposed Plan of Allocation is set forth in the Notice attached hereto as Exhibit A-1.

25.   The Released Parties shall have no liability, obligation or responsibility whatsoever to any person, including, but not limited to, Settlement Class Members, the Escrow Agent, or the Claims Administrator, in connection with the administration of the Settlement, the processing of claims, or the disbursement of the Net Settlement Fund.

26.   To facilitate the provision of Notice to Settlement Class Members, Defendants agree to provide or cause to be provided to the Claims Administrator lists of Certificate purchasers and other information reasonably available to them to assist in locating, contacting, and providing Notice to Settlement Class Members.   Lead Counsel shall cause the Claims Administrator to mail the Notice to those Settlement Class Members who are identified through the trading records and other documents produced in this Action and any additional documents produced by Defendants in accordance with this paragraph, and to publish the Summary Notice, pursuant to the terms of the Preliminary Approval Order entered by the Court.

27.   The allocation of the Net Settlement Fund among Authorized Claimants is a matter separate and apart from the proposed Settlement between Defendants and Plaintiffs, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.   The Plan of Allocation is not a necessary term of this Settlement, and it is not a condition of this Settlement that any particular plan of allocation be approved by the Court.   None of the Settling Parties may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any

plan of allocation in this Action.  The Released Parties shall have no responsibility for, and no liability with respect to, the allocation of the Net Settlement Fund, nor shall they object to the Plan of Allocation proposed by Plaintiffs.

28.    Any Settlement Class Member that does not timely submit a valid Proof of Claim Form by the deadline set by the Court will not be entitled to receive any distribution from the Net Settlement Fund but will nevertheless be bound by all of the terms of the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Party concerning any Released Claim.

29.    By submitting a Claim, a Settlement Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claim, including, but not limited to, the releases and bar order provided for in the Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to their status as a Settlement Class Member and the validity and amount of their Claim.  No discovery shall be allowed on the merits of this Action or this Settlement in connection with the processing of Proof of Claim Forms.

30.    Lead Counsel will apply to the Court, with reasonable notice to the Defendants, for a Class Distribution Order, *inter alia*:    (i)    approving    the    Claims    Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (ii) approving payment of any outstanding Notice and Administration Costs from the Escrow Account; and (iii) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants in accordance with the Plan of Allocation.

31.     Payment pursuant to the Class Distribution Order shall be final and conclusive against any and all Settlement Class Members.  All Settlement Class Members that did not submit a Claim or whose Claim was not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but shall be bound by all of the terms of this Settlement, including the terms of the Judgment and the releases provided for therein, and will be permanently barred and enjoined from bringing any action against any Released Party concerning any Released Claim.

32.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.

## REQUESTS FOR EXCLUSION

33.     A Person requesting exclusion from the Settlement Class must timely provide the following information to the Claims Administrator: (i) name; (ii) address; (iii) telephone number; (iv) identity and original face value of the Certificates purchased (or otherwise acquired) or sold; (v) prices or other consideration paid or received for such Certificates; (vi) the date of each purchase or sale transaction; and (vii) a statement that the Person wishes to be excluded from the Settlement Class.  Unless otherwise ordered by the Court, any Settlement Class Member who does not timely submit a written request for exclusion as provided by this paragraph shall be bound by the Settlement.  Plaintiffs shall seek in their motion for entry of the Preliminary Approval Order a deadline for submitting requests for exclusion twenty-eight (28) calendar days prior to the Final Approval Hearing.

34.     The Claims Administrator shall electronically send copies of all requests for exclusion in PDF format (or such other format as shall be agreed) simultaneously to Defendants'

Counsel and to Lead Counsel expeditiously (and not more than two (2) business days) after the Claims Administrator receives such a request.  Lead Counsel will include in its motion in support of final approval of the Settlement a list of all Persons who have requested exclusion from the Settlement Class, and shall certify that copies of all requests for exclusion received by the Claims Administrator have been provided to Defendants' Counsel.

## PRELIMINARY APPROVAL OF THE SETTLEMENT AND ENTRY OF THE BANKRUPTCY COURT ORDER

35.     Within 30 calendar days after execution of this Settlement: (a) Plaintiffs, by and through Lead Counsel, shall submit the Settlement together with its Exhibits to the Court and shall move for entry of the Preliminary Approval Order, among other things, preliminarily approving the Settlement, certifying the Settlement Class solely for purposes of this Settlement, approving the contents and method of distribution of the Notice and Summary Notice, and setting a date for the Final Approval Hearing; and (b) the NovaStar Defendants shall file a motion in the Bankruptcy Court, in form and substance reasonably acceptable to Plaintiffs, seeking entry of the Bankruptcy Court Order.

## JUDGMENT APPROVING THE SETTLEMENT

36.     Plaintiffs, by and through Lead Counsel, with Defendants' Counsel's consent, shall request that the Court, if it approves the Settlement following the Final Approval Hearing, enter the Judgment.  The Settlement is expressly conditioned upon, among other things, the entry of a Judgment substantially in the form attached hereto as Exhibit B and in all respects consistent with this Settlement.

## EFFECTIVE DATE OF THE SETTLEMENT, AND TERMINATION

37.     The Effective Date of the Settlement shall be the first date by which all of the following have occurred:

(a)     The Court has entered the Preliminary Approval Order;

(b)     The Bankruptcy Court has entered the Bankruptcy Court Order;

(c)     Defendants (or, as applicable, their insurers) have paid the Settlement Amount into the Escrow Account;

(d)     Defendants have not exercised their option to terminate the Settlement pursuant to ¶ 39 herein;

(e)     The Court has approved the Settlement following notice to the Settlement Class and the Final Approval Hearing in accordance with Rule 23 of the Federal Rules of Civil Procedure, and has entered the Judgment; and

(f)     The Judgment has become Final, as defined in ¶ 1(o) herein.

38.     Defendants and Plaintiffs each shall have the right to terminate the Settlement by providing written notice of their election to do so to the other within twenty (20) calendar days of the date on which: (a) the Court declines to enter the Preliminary Approval Order in any material respect; (b) the Court refuses to grant final approval of this Settlement or any material part of it; (c) the Court declines to enter the Judgment in any material respect; or (d) the Effective Date of the Settlement does not occur.  In addition, Defendants may also terminate the Settlement in accordance with ¶ 39, and Plaintiffs may terminate the Settlement in accordance with ¶ 9.  The foregoing list is not intended to limit or impair the parties' rights under the law of contracts of the State of New York with respect to any breach of this Settlement.  In the event the Settlement is terminated, the provisions of ¶¶ 10, 11, 12, 15, 23, 25, 41, 42, and 48 shall survive termination.

39.     Defendants shall have the option to terminate the Settlement in the event that the dollar amount of original principal balance of the Certificates for Settlement Class Members who would otherwise be entitled to participate in the Settlement as Settlement Class Members, but

who timely and validly request exclusion in accordance with the terms of this Settlement, in the aggregate equals or exceeds the threshold (the "Opt-Out Threshold") as calculated pursuant to a separate agreement (the "Supplemental Agreement") executed between Lead Counsel and Defendants' Counsel, which is incorporated by reference into this Settlement.  The Opt-Out Threshold may be disclosed *in camera* to the Court for purposes of approval of the Settlement, as may be required by the Court, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to maintain the confidentiality of the Opt-Out Threshold.

40.    If a court of competent jurisdiction enters a final order in connection with a bankruptcy, trusteeship, receivership, conservatorship, or other similar proceeding concerning a Defendant, directing the repayment of any portion of the Settlement Amount to or for the benefit of such Defendant or its estate, creditors, or trustee, receiver, conservator, or other fiduciary (whether as a preferential transfer, voidable transfer, fraudulent transfer, or other similar transaction), and if such amount is not promptly deposited with the Escrow Agent by others, then, at the election of Plaintiffs, the Settling Parties shall jointly move the Court to vacate and set aside the release given and the Judgment entered with respect to such Defendant, and such Defendant, Plaintiffs, and the members of the Settlement Class shall be restored to their litigation positions that existed immediately prior to execution of this Settlement.  For the avoidance of doubt, such circumstances shall have no effect on the finality and effectiveness of the Settlement and the Judgment with respect to other Defendants.

41.    Except as otherwise provided herein, in the event the Settlement is terminated, the Settling Parties reserve their rights to proceed in all respects as if this Settlement had not been entered into and without any prejudice in any way from the negotiation, fact or terms of this

Settlement; provided, however, that the Settling Parties will in good faith revisit the scheduling order for the completion of discovery and other pretrial proceedings and for the trial of this Action.

## NO ADMISSION OF WRONGDOING

42.     Whether or not the Settlement is approved by the Court, and whether or not the Settlement is consummated, the fact and terms of this Settlement, including Exhibits, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

(a)     shall not be offered or received against the Released Parties, Plaintiffs or the other Settlement Class Members as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Released Parties or by Plaintiffs or the other Settlement Class Members with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Released Parties;

(b)     shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or against Plaintiffs or any of the other Settlement Class Members as evidence of any infirmity in the claims of Plaintiffs and the other Settlement Class Members;

(c)     shall not be offered or received against the Released Parties, Plaintiffs or the other Settlement Class Members as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Settlement, in any arbitration proceeding or other civil, criminal

or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement; provided, however, that if this Settlement is approved by the Court, the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)      shall not be construed against the Released Parties, Defendants' Counsel, Lead Counsel or Plaintiffs or the other Settlement Class Members as an admission or concession that the consideration to be paid hereunder represents the amount which could be or would have been recovered after trial; and

(e)      shall not be construed as or received in evidence as an admission, concession or presumption against Plaintiffs or the other Settlement Class Members or any of them that any of their claims are without merit or that damages recoverable under the Third Amended Complaint would not have exceeded the Settlement Amount.

## MISCELLANEOUS PROVISIONS

43.      All of the Exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

44.      Defendants shall be responsible for timely service of any notices that might be required pursuant to the Class Action Fairness Act, 28 U.S.C. §1715.

45.      The Settling Parties intend this Settlement to be a final and complete resolution of all disputes asserted or that could be asserted by the Plaintiffs or any other Settlement Class Members in the Action or with respect to all Released Claims.      Except in the event of termination of this Settlement, Plaintiffs and Defendants agree not to assert under Rule 11 of the Federal Rules of Civil Procedure or any similar law, rule or regulation, that the Action was brought or defended in bad faith or without a reasonable basis.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated at arm's length and

in good faith by the Settling Parties and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with their respective experienced legal counsel.

46.     This Settlement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Settling Parties or their successors-in-interest.

47.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

48.     Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claim or of any wrongdoing or liability of any of the Released Parties; or (b) is or may be deemed to be or may be used as an admission or evidence of any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, any arbitration proceeding or any administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce the Settlement or the Judgment.

49.     The waiver by one party of any breach of this Settlement by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement.

50.     This Settlement and its Exhibits constitute the entire agreement among the Settling Parties, and no representations, warranties or inducements have been made to any party concerning this Settlement or its Exhibits, other than the representations, warranties and covenants contained and memorialized in such documents.    This Settlement and the Supplemental Agreement concurrently executed herewith supersede in all respects the Term Sheet entered into by the Parties on December 20, 2016.

51.     This Settlement may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via e-mail. All executed counterparts and each of them shall be deemed to be one and the same instrument.

52.     The Plaintiffs agree that they will use their best efforts to obtain all necessary approvals of the Court required by this Settlement, and the Defendants agree to provide such support as may be reasonably requested by Plaintiffs.  The NovaStar Defendants agree that they will use their best efforts to obtain entry of the Bankruptcy Court Order, and Plaintiffs agree to provide such support as may be reasonably requested by the NovaStar Defendants in connection therewith.

53.     Each signatory to this Settlement represents that he or she has authority to sign this Settlement on behalf of the Plaintiff or Defendant on whose behalf they sign, and that they have the authority to commit such Plaintiff or Defendant to take the actions required or permitted to be taken pursuant to this Settlement to effectuate its terms.

54.     This Settlement shall be binding upon and shall inure to the benefit of the successors and assigns of the parties hereto, including all Released Parties and any corporation, partnership, or other entity into or with which any party hereto may merge, consolidate or reorganize.

55.     Notices required by this Settlement shall be submitted both by email and by overnight mail to the following recipients:

> To Plaintiff:
>
> Joel P. Laitman
> Christopher Lometti
> Michael Eisenkraft
> Cohen Milstein Sellers & Toll PLLC
> 88 Pine Street, 14th Fl.
> New York, New York 10005

jlaitman@cohenmilstein.com
clometti@cohenmilstein.com
meisenkraft@cohenmilstein.com

*and*

Steven J. Toll
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, N.W.
Suite 500 West
Washington, D.C. 20005
stoll@cohenmilstein.com

To RBS Securities Inc.:

Kay Lackey
Jonathan Perry
RBS Securities Inc.
600 Washington Boulevard
Stamford, CT 06901
kay.lackey@natwestmarkets.com
jonathan.perry1@natwestmarkets.com

*and*

Thomas C. Rice
Alan C. Turner
425 Lexington Avenue
New York, NY 10017
trice@stblaw.com
aturner@stblaw.com

To Deutsche Bank Securities Inc.:

Joe Salama
Allison Cambria
Deutsche Bank AG, New York
60 Wall Street
New York, NY 10005
joe.salama@db.com
allison.cambria@db.com

*and*

Thomas C. Rice
Alan C. Turner

425 Lexington Avenue
New York, NY 10017
trice@stblaw.com
aturner@stblaw.com

To Wells Fargo Advisors, LLC:

David Rice
Wells Fargo Law Department
301 South College Street, 32nd Floor
Charlotte, NC 28202
david.j.rice@wellsfargo.com

*and*

Thomas C. Rice
Alan C. Turner
425 Lexington Avenue
New York, NY 10017
trice@stblaw.com
aturner@stblaw.com

To NovaStar Defendants and Individual Defendants:

William F. Alderman
Orrick, Herrington & Sutcliffe LLP
405 Howard Street
San Francisco, CA 94105
walderman@orrick.com

56.    The administration, consummation and enforcement of the Settlement shall be under the authority of the Court, and the parties intend that the Court retain jurisdiction for the purpose of, *inter alia*, entering orders, providing for awards of attorneys' fees and Litigation Expenses, and enforcing the terms of the Settlement.

57.    The construction, interpretation, operation, effect and validity of this Settlement, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of New York without regard to that State's choice-of-law principles, except to the extent that federal law requires that federal law govern.

58.     This Settlement shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations among the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Settlement.

IN WITNESS WHEREOF, the parties hereto have caused this Settlement to be executed, by their duly authorized attorneys as of March __8__, 2017.

**COHEN MILSTEIN SELLERS & TOLL PLLC**

*[signature] Joel P. Laitman by AH*

Joel P. Laitman
Christopher Lometti
Michael Eisenkraft
88 Pine Street, 14th Fl.
New York, New York  10005
Tel: (212) 838-7797
jlaitman@cohenmilstein.com
clometti@cohenmilstein.com
meisenkraft@cohenmilstein.com

Steven J. Toll
1100 New York Avenue, N.W.
Suite 500 West
Washington. D.C. 20005
Tel: (202) 408-4600
stoll@cohenmilstein.com

*Attorneys for Plaintiffs and the
Settlement Class*

**SIMPSON THACHER & BARTLETT LLP**

_____

Thomas C. Rice
Alan C. Turner
425 Lexington Avenue
New York, New York 10017
Tel: (212) 455-2000
trice@stblaw.com
aturner@stblaw.com

*Attorneys for RBS Securities Inc., Deutsche
Bank Securities Inc., and Wells Fargo
Advisors LLC*

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

_____

William F. Alderman
Orrick, Herrington and Sutcliffe LLP
405 Howard Street
San Francisco, CA 94105
Tel: (415) 773-5700
walderman@orrick.com

Steven J. Fink
Orrick, Herrington and Sutcliffe LLP
51 West 52nd Street
New York, NY 10019
Tel: (212) 506-5000
sfink@orrick.com

*Attorneys for NovaStar Mortgage, Inc.,
NovaStar Mortgage Funding Corporation,
Scott F. Hartman, Gregory S. Metz, W. Lance
Anderson, and Mark Herpich*

IN WITNESS WHEREOF, the parties hereto have caused this Settlement to be executed, by their duly authorized attorneys as of March 8 , 2017.

**COHEN MILSTEIN SELLERS & TOLL PLLC**

Joel P. Laitman
Christopher Lometti
Michael Eisenkraft
88 Pine Street, 14th Fl.
New York, New York  10005
Tel: (212) 838-7797
jlaitman@cohenmilstein.com
clometti@cohenmilstein.com
meisenkraft@cohenmilstein.com

Steven J. Toll
1100 New York Avenue, N.W.
Suite 500 West
Washington. D.C. 20005
Tel: (202) 408-4600
stoll@cohenmilstein.com

*Attorneys for Plaintiffs and the
Settlement Class*

**SIMPSON THACHER & BARTLETT LLP**

Thomas C. Rice
Alan C. Turner
425 Lexington Avenue
New York, New York 10017
Tel: (212) 455-2000
trice@stblaw.com
aturner@stblaw.com

*Attorneys for RBS Securities Inc., Deutsche
Bank Securities Inc., and Wells Fargo
Advisors LLC*

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

William F. Alderman
Orrick, Herrington and Sutcliffe LLP
405 Howard Street
San Francisco, CA 94105
Tel: (415) 773-5700
walderman@orrick.com

Steven J. Fink
Orrick, Herrington and Sutcliffe LLP
51 West 52nd Street
New York, NY 10019
Tel: (212) 506-5000
sfink@orrick.com

*Attorneys for NovaStar Mortgage, Inc.,
NovaStar Mortgage Funding Corporation,
Scott F. Hartman, Gregory S. Metz, W. Lance
Anderson, and Mark Herpich*

36

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NEW JERSEY CARPENTERS HEALTH FUND, *on Behalf of Itself and all Others Similarly Situated*, <br><br> Plaintiff , <br><br> *v.* <br><br> NOVASTAR MORTGAGE, INC., NOVASTAR MORTGAGE FUNDING CORPORATION, SCOTT F. HARTMAN, GREGORY S. METZ, W. LANCE ANDERSON, MARK HERPICH, RBS SECURITIES INC. f/k/a GREENWICH CAPITAL MARKETS, INC., d/b/a RBS GREENWICH CAPITAL, DEUTSCHE BANK SECURITIES INC., WELLS FARGO ADVISORS, LLC F/K/A WACHOVIA SECURITIES LLC, <br><br> Defendants. | Case No. 08-cv-5310 (DAB) |

**[PROPOSED] ORDER PRELIMINARILY APPROVING THE SETTLEMENT,**
**CERTIFYING SETTLEMENT CLASS, APPROVING NOTICE**
**TO THE CLASS AND SCHEDULING FINAL APPROVAL HEARING**

WHEREAS, Lead Plaintiff New Jersey Carpenters Health Fund and the other Class Representative Iowa Public Employees' Retirement System (with Lead Plaintiff, the "Plaintiffs") on behalf of themselves and the Settlement Class (as defined below) have applied to the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order approving the settlement (the "Settlement") of the above-captioned litigation (the "Action") in accordance with the Stipulation and Agreement of Settlement, dated as of March __8__, 2017 (the "Stipulation") and for dismissal of the Action with prejudice upon the terms and conditions set forth in the Stipulation;

1

WHEREAS, the Stipulation provides for the conditional certification of the Settlement Class solely for purposes of the Settlement;

WHEREAS, the Defendants do not oppose Plaintiffs' application; and

WHEREAS, the Court is familiar with and has reviewed the record in the Action and has reviewed the Stipulation, including the exhibits attached to the Stipulation, and found good cause for entering the following Order:

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.       This order (the "Preliminary Approval Order") hereby incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2.       The Court preliminarily approves the Stipulation, including the releases contained therein, and preliminarily approves the Settlement as being fair, reasonable and adequate to the Settlement Class.

3.       Solely for purposes of the Stipulation and the Settlement, the Court hereby certifies a Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure consisting of all Persons who purchased or otherwise acquired publicly offered Certificates representing interests in any of the NovaStar Mortgage Funding Trusts, NovaStar Home Equity Loan Series 2006-3, 2006-4, 2006-5, 2006-6, 2007-1, or 2007-2 Offerings prior to May 21, 2008, pursuant or traceable to the Registration Statement and accompanying prospectus filed with the Securities and Exchange Commission by NovaStar Mortgage Funding Corporation a/k/a NovaStar Certificates Financing Corporation on June 16, 2006 (No. 333-134461), and who were damaged thereby, *except* those Persons that timely and validly request exclusion from the class pursuant to and in accordance with the terms herein.  Also excluded from the Settlement

Class are all Defendants, their officers and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has or had a controlling interest, *except* for any Investment Vehicle (as defined in the Stipulation).

4.      Solely for purposes of the Stipulation and the Settlement and pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Plaintiffs are appointed as the Class Representatives and Cohen Milstein Sellers & Toll PLLC is appointed as Lead Counsel for the Settlement Class.

5.      Solely for purposes of the Stipulation and the Settlement, the Court finds that: (i) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (ii) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (iii) the claims of the Class Representatives are typical of the claims of the Settlement Class; (iv) the Class Representatives and Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (a) the interests of the Settlement Class Members in individually controlling the prosecution of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (c) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (d) the difficulties likely to be encountered in the management of a class action.

6.      The Court approves the form of Notice of Pendency of Class Action, Preliminary Approval Order and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") (annexed hereto as Exhibit A-1),

the Summary Notice (annexed hereto as Exhibit A-2) (together, the "Notices"), and the Proof of Claim Form (annexed hereto as Exhibit A-3), and finds that the procedures established for publication, mailing and distribution of the Notices substantially in the manner and form set forth in Paragraph 7 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27(a)(7) of the Securities Act of 1933 (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 77aa-(a)(7), the Constitution of the United States, and any other applicable law, and constitute the best notice practicable under the circumstances and shall constitute sufficient notice to all Persons entitled thereto.

7.      The Court approves the appointment of Epiq Systems, Inc. as the Claims Administrator to supervise and administer the notice procedure, as well as the processing of claims as more fully set forth below:

a.      No later than thirty (30) calendar days after the Settlement Amount is paid to the Escrow Agent pursuant to the Stipulation (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and Proof of Claim Form (the "Claim Form"), annexed hereto as Exhibits A-1 and A-3, respectively, to be mailed by first-class mail, postage prepaid, to those members of the Settlement Class who may be identified through reasonable effort;

b.      A summary notice (the "Summary Notice"), annexed hereto as Exhibit A-2, shall be published once in the national edition of *The Wall Street Journal* and on *PR Newswire* no later than the Notice Date; and

c.      The Notice, the Summary Notice and the Proof of Claim Form shall also be placed on a website dedicated to this Settlement administration on or before the Notice Date.

8.      Nominees who purchased Certificates for beneficial owners who are Settlement Class Members are directed to: (a) request within fourteen (14) calendar days of receipt of the Notice additional copies of the Notice and the Proof of Claim Form from the Claims Administrator for such beneficial owners; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within fourteen (14) calendar days after receipt of the Notice.  If a nominee elects to send the Notice to beneficial owners, such nominee is directed to mail the Notice within fourteen (14) calendar days of receipt of the additional copies of the Notice from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Settlement Class.  Upon full compliance with this Preliminary Approval Order, including the timely mailing of the Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Preliminary Approval Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice, if the nominee elected or elects to do so. Such properly documented expenses incurred by nominees in compliance with the terms of this Preliminary Approval Order shall be paid from the Settlement Fund.

9.      No later than twenty-eight (28) calendar days prior to the Final Approval Hearing, Lead Counsel shall cause to be filed with the Clerk of this Court affidavits or declarations of the

5

Person or Persons under whose general direction the mailing of the Notice and the publication of the Summary Notice shall have been made, showing that such mailing and publication have been made in accordance with this Order.

10.     Pending further order of the Court, all litigation activity, except as contemplated herein, in the Stipulation, in the Notice or in the Judgment, is hereby stayed and all hearings, deadlines and other proceedings in this Action, except the Final Approval Hearing, are hereby taken off calendar.

<u>**HEARING: RIGHT TO BE HEARD**</u>

11.     The Court will hold a settlement hearing (the "Final Approval Hearing"), on _____, 2017, at _____ [A.M./P.M.],[1] in the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 24B, New York, New York, for the following purposes: (i) to determine whether the Settlement should be finally approved as fair, reasonable, adequate and in the best interests of the Settlement Class; (ii) to determine whether the Judgment, in the form attached as Exhibit B to the Stipulation, should be entered dismissing and releasing the Released Claims (as that term is defined in the Stipulation) with prejudice; (iii) to rule upon the Plan of Allocation; (iv) to rule upon Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses; and (v) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

12.     Papers in support of the Settlement, the Plan of Allocation and Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses shall be filed no later

---

[1]     The parties have respectfully requested that the Court schedule the Final Approval Hearing no earlier than 120 days from the date it signs this Preliminary Approval Order, so that, among other things, they may take the steps required by this Preliminary Approval Order and the Stipulation, and also so they may comply with the provisions set forth in the Class Action Fairness Act, 28 U.S.C. § 1715(b), (d).

than twenty-eight (28) calendar days prior to the Final Approval Hearing.  If an objection is filed

pursuant to paragraph 13 below, any reply papers shall be filed no later than seven (7) calendar

days before the Final Approval Hearing.

13.     Any member of the Settlement Class may appear at the Final Approval Hearing

and show cause why the proposed Settlement embodied in the Stipulation should or should not

be approved as fair, reasonable, adequate and in the best interests of the Settlement Class, or why

the Judgment should or should not be entered thereon, and/or to present opposition to the Plan of

Allocation or to the application of Lead Counsel for attorneys' fees and reimbursement of

Litigation Expenses.  However, no Settlement Class Member or any other Person shall be heard

or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved,

the Judgment to be entered thereon approving the same, or the terms of the Plan of Allocation or

the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation

Expenses, unless that Settlement Class Member or Person (i) has served written objections, by

hand or first-class mail, including the basis therefor, as well as copies of any papers and/or briefs

in support of his, her or its position upon the following counsel for receipt no later than fourteen

(14) calendar days prior to the Final Approval Hearing:

> **Lead Counsel for the Settlement Class**
> Joel P. Laitman
> Christopher Lometti
> Michael Eisenkraft
> COHEN MILSTEIN SELLERS & TOLL, PLLC
> 88 Pine Street, 14th Floor
> New York, NY 10005
>
> Steven J. Toll
> COHEN MILSTEIN SELLERS & TOLL, PLLC
> 1100 New York Avenue, N.W.
> Suite 500 West
> Washington, D.C. 20005

**Counsel for the Defendants RBS Securities Inc.,
Deutsche Bank Securities Inc., and Wells Fargo
Advisors, LLC**
Thomas C. Rice
Alan C. Turner
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017

**Counsel for the Defendants NovaStar Mortgage,
Inc., NovaStar Mortgage Funding Corporation,
Scott F. Hartman, Gregory S. Metz, W. Lance
Anderson, and Mark Herpich**
William Alderman
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105

Steven Fink
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019

and (ii) filed said objections, papers and briefs with the Clerk of the United States District Court
for the Southern District of New York no later than fourteen (14) calendar days prior to the Final
Approval Hearing.  Any objection must include: (a) the full name, address, and phone number of
the objecting Settlement Class Member or Person; (b) a list and documentation of all of the
Settlement Class Member's transactions involving the Certificates included in the Settlement
Class definition, including brokerage confirmation receipts or other competent documentary
evidence of such transactions, including the amount and date of each purchase or sale and the
price paid and/or received (including all income received thereon); (c) a written statement of all
grounds for the objection accompanied by any legal support for the objection; (d) copies of any
papers, briefs or other documents upon which the objection is based; (e) a list of all persons who
will be called to testify in support of the objection; (f) a statement of whether the objector intends
to appear at the Final Approval Hearing; (g) a list of other cases in which the objector or the

objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel.  If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys who will appear on his, her or its behalf at the Final Approval Hearing.  Any Settlement Class Member or Person who does not make his, her or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as reflected in the Stipulation, to the Judgment, to the Plan of Allocation or to the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.  The manner in which a notice of objection should be prepared, filed and delivered shall be stated in the Notice.   By objecting to the Settlement, the Judgment, the Plan of Allocation and/or the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, or otherwise requesting to be heard at the Final Approval Hearing, a Settlement Class Member or Person shall be deemed to have submitted to the jurisdiction of this Court with respect to the person's or entity's objection or request to be heard and the subject matter of the Settlement, including, but not limited to, enforcement of the terms of the Settlement (including, but not limited to, the release of the Released Claims provided for in the Stipulation and the Judgment).

14.    All Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.  If the Settlement is approved, all Settlement Class Members will be bound by the Settlement provided for in the Stipulation, and by any judgment or determination of the Court

affecting Settlement Class Members, regardless of whether or not a Settlement Class Member submits a Proof of Claim Form.

15.     Any Settlement Class Member may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

16.     The Court reserves the right to (a) adjourn or continue the Final Approval Hearing without further notice to Settlement Class Members and (b) approve the Stipulation and Settlement with modification and without further notice to Settlement Class Members.  The Court retains jurisdiction of this Action to consider all further applications arising out of or otherwise relating to the proposed Settlement, and as otherwise warranted.

## CLAIMS PROCESS

17.     In order to be entitled to participate in the Settlement, a Settlement Class Member must complete and submit a Proof of Claim Form in accordance with the instructions contained therein.  To be valid and accepted, Proof of Claim Forms submitted in connection with this Settlement must be postmarked no later than one hundred and twenty (120) calendar days from the date of the Preliminary Approval Order.

18.     Any Settlement Class Member who does not timely submit a valid Proof of Claim Form shall not be eligible to share in the Settlement Fund, but nonetheless shall be barred and enjoined from asserting any Released Claim and shall be bound by any judgment or determination of the Court affecting the Settlement Class Members.

## REQUESTS FOR EXCLUSION FROM THE SETTLEMENT CLASS

19.     Any requests for exclusion from the Settlement Class must be submitted for receipt by the Claims Administrator no later than twenty-eight (28) calendar days prior to the Final Approval Hearing.  Any Settlement Class Member who wishes to be excluded from the

Settlement Class must provide (i) name; (ii) address; (iii) telephone number; (iv) identity and original face value of the Certificates purchased (or otherwise acquired) and/or sold; (v) prices or other consideration paid and/or received for such Certificates; (vi) the date of each purchase or sale transaction; and (vii) a statement that the Person wishes to be excluded from the Settlement Class.  The request for exclusion must also be signed by the Person requesting exclusion.  All Persons who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final Judgment.

20.    Any Settlement Class Member who does not request exclusion from the Settlement Class in the manner stated in this Preliminary Approval Order shall be deemed to have waived his, her or its right to be excluded from the Settlement Class, and shall forever be barred from requesting exclusion from the Settlement Class in this or any other proceeding, and shall be bound by the Settlement and the Judgment, including but not limited to the release of the Released Claims provided for in the Stipulation and the Judgment, if the Court approves the Settlement.

21.    The Released Parties shall have no responsibility or liability whatsoever with respect to the Plan of Allocation, the Class Distribution Order, or Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses.  The Plan of Allocation and Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses will be considered separately from the fairness, reasonableness and adequacy of the Settlement.  At or after the Final Approval Hearing, the Court will determine whether Lead Counsel's proposed Plan of Allocation should be approved, and the amount of attorneys' fees and Litigation Expenses to be awarded to Lead Counsel.  Any appeal from any orders relating

11

solely to the Plan of Allocation, the Class Distribution Order, or Lead Counsel's application for an award of attorneys' fees and Litigation Expenses, or any reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action set forth therein.

22.     Only Settlement Class Members and Lead Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the Stipulation.

23.     All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

24.     As set forth in the Stipulation, immediately after payment of the Settlement Fund into the Escrow Account, and without further order of the Court, Lead Counsel may direct payment from the Escrow Account of up to $500,000.00 U.S. dollars for the actual, necessary and reasonable costs incurred in connection with providing notice to the Settlement Class, locating Settlement Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim Forms, and paying Taxes, Tax Expenses, escrow fees and costs, if any.  In no event shall the aggregate amount of all Notice and Administration Costs exceed $500,000 prior to the Judgment becoming Final.  To the extent that Notice and Administration Costs exceed $500,000 after the Judgment becomes Final, they may be paid only pursuant to further order of the Court. In the event the Court does not approve the Settlement, or if the Settlement otherwise fails to become effective, neither Plaintiffs nor Lead Counsel shall have any obligation to repay to

Defendants or their Insurers any Notice and Administration Costs actually and properly paid, owing, or incurred (whether or not yet due).

25.     The fact and terms of this Preliminary Approval Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Preliminary Approval Order and the Settlement, and any act performed or document signed in connection with this Preliminary Approval Order and the Settlement, shall not, in this or any other court, administrative agency, arbitration forum or other tribunal, constitute an admission of, or evidence of, or be deemed to create any inference of, (i) any acts of wrongdoing or lack of wrongdoing on the part of the Released Parties, Plaintiffs, Settlement Class Members, or anyone else, (ii) any liability on the part of the Released Parties, Plaintiffs, the Settlement Class, or anyone else, (iii) any deficiency of any claim or defense that has been or could have been asserted in this Action, (iv) any damages or lack of damages suffered by Plaintiffs, the Settlement Class or anyone else, or (v) that the Settlement Amount (or any other amount) represents the amount that could or would have been recovered in this Action if it was not settled at this point in time.  The fact and terms of this Preliminary Approval Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Preliminary Approval Order and the Settlement, and any act performed or document signed in connection with this Preliminary Approval Order and the Settlement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal, except as necessary (i) to enforce the terms of this Preliminary Approval Order and/or the Settlement, including, but not limited to, the Judgment and the release of the Released Claims provided for in the Stipulation and the Judgment or (ii) to obtain entry of the Bankruptcy Court Order (as defined in the Stipulation).

26.     Unless otherwise provided in the Stipulation, there shall be no distribution of any of the Net Settlement Fund to any Settlement Class Member until a Plan of Allocation is finally approved, the Class Distribution Order has been entered, and such orders are affirmed on appeal and/or are no longer subject to review by appeal or *certiorari*, and the time for any petition for rehearing, appeal, or review, by *certiorari* or otherwise, has expired.

27.     Upon the date for publishing the Summary Notice, pending final determination of whether Settlement should be approved, the Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute or commence any action which asserts the Released Claims, including, without limitation, instigating, voting in favor of or otherwise supporting the assertion of any claim asserting contractual repurchase (or other "putback") rights with respect to any residential mortgage loan included in any of the Offerings other than in any action filed prior to December 20, 2016 asserting such claims, unless such putative Settlement Class Member requests exclusion from the Settlement Class in accordance with the Notice.

28.     In the event that the Settlement fails to become effective in accordance with its terms, or if the Judgment is not entered or is reversed, vacated or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the Settlement), this Preliminary Approval Order (except Paragraphs 24, 25 and 28) shall be null and void, the Stipulation shall be deemed terminated, and the parties shall return to their positions without prejudice in any way, as provided for in the Stipulation.

29.     The Court preliminarily finds that the Escrow Account is a "qualified settlement fund" pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.


IT IS SO ORDERED.

DATED:

_____
THE HONORABLE DEBORAH A. BATTS
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT A-1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NEW JERSEY CARPENTERS HEALTH FUND, *on Behalf of Itself and all Others Similarly Situated*,<br><br>　　　　　Plaintiff ,<br><br>　　　*v.*<br><br>NOVASTAR MORTGAGE, INC., NOVASTAR MORTGAGE FUNDING CORPORATION, SCOTT F. HARTMAN, GREGORY S. METZ, W. LANCE ANDERSON, MARK HERPICH, RBS SECURITIES, INC. F/K/A GREENWICH CAPITAL MARKETS, INC., D/B/A RBS GREENWICH CAPITAL, DEUTSCHE BANK SECURITIES INC., WELLS FARGO ADVISORS, LLC F/K/A WACHOVIA SECURITIES LLC,<br><br>　　　　　Defendants. | **Case No. 08-cv-5310 (DAB)** |

**NOTICE OF PENDENCY OF CLASS ACTION, PRELIMINARY APPROVAL ORDER AND PROPOSED SETTLEMENT, FINAL APPROVAL HEARING AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned class action lawsuit (the "Action") pending in this Court if, before May 21, 2008, you purchased or otherwise acquired an interest in any Certificates issued in any of the following six (6) Offerings[1]: NovaStar Mortgage Funding Trusts, NovaStar Home Equity Loan Series ("NMFT") 2006-3, 2006-4, 2006-5, 2006-6, 2007-1, or 2007-2.

**NOTICE OF SETTLEMENT:** Please also be advised that Lead Plaintiff and Class Representative New Jersey Carpenters Health Fund and Class Representative Iowa Public Employees' Retirement System (together, "Plaintiffs") on behalf of themselves and the Settlement Class (as defined in ¶ 1 below), have reached a proposed settlement (the

---

[1] All capitalized terms that are not defined herein shall have the meaning ascribed to them in the Stipulation and Agreement of Settlement (the "Stipulation").

"Settlement") of the Action for a total of $165 million U.S. dollars in cash that will resolve all claims in the Action against NovaStar Mortgage, Inc., NovaStar Mortgage Funding Corporation, Scott F. Hartman, Gregory S. Metz, W. Lance Anderson, Mark Herpich, RBS Securities Inc. f/k/a Greenwich Capital Markets, Inc., d/b/a RBS Greenwich Capital, Deutsche Bank Securities Inc., and Wells Fargo Advisors, LLC f/k/a Wachovia Securities LLC (collectively, the "Defendants") on the terms set forth below.

This Notice explains important rights you may have, including your possible receipt of cash from the Settlement. Your legal rights will be affected whether or not you act. **PLEASE READ THIS NOTICE CAREFULLY!**

      1.      **<u>Description of the Action and the Settlement Class</u>**: The proposed Settlement, if approved by the Court, will apply to the following Class (the "Settlement Class"):

all Persons who purchased or otherwise acquired publicly offered Certificates representing

interests in any of the Offerings prior to May 21, 2008, pursuant or traceable to the Registration

Statement, and who were damaged thereby, except those Persons that timely and validly request

exclusion from the class pursuant to and in accordance with the terms of the Preliminary

Approval Order. Also excluded from the Settlement Class are all Defendants, their officers and

directors at all relevant times, members of their immediate families and their legal

representatives, heirs, successors or assigns, and any entity in which any Defendant has or had a

controlling interest, except for any Investment Vehicle.

      2.      **<u>Statement of Settlement Class's Recovery</u>:** Subject to Court approval, and as described more fully in ¶¶ 48-50 below, the Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle all Released Claims against the Defendants in exchange for a settlement payment of $165 million in cash (the "Settlement Amount") to be deposited into an interest-bearing escrow account (the "Settlement Fund") and certain other terms. The Settlement Fund less all Taxes, Tax Expenses, Notice and Administration Costs, and attorneys' fees and Litigation Expenses awarded to Lead Counsel (the "Net Settlement Fund") will be distributed to members of the Settlement Class in accordance with a plan of allocation (the "Plan of Allocation") that will be submitted and approved by the Court. The proposed Plan of Allocation is included in this Notice, and may be modified by the Court without further notice.

      3.      **<u>Statement of Average Distribution Per $1,000 in Initial Certificate Value</u>:** The Settlement Fund consists of $165 million plus any interest earned while the funds are held in the escrow account. For the Settlement Fund, based on the total original principal balances as stated in the prospectus supplements for the Offerings (without subtracting the principal pay downs received) and the $165 million in the Settlement Fund prior to payment of Court-

approved attorneys' fees and expenses, the estimated average distribution is approximately $21.30 per $1,000 in original principal balance for the Claimants (as defined in ¶ 4 below). Should those Persons and entities that have filed their own individual suits opt-out of the settlement, the estimated average distribution would be approximately $28.33 per $1,000 in original principal balance for the remaining Claimants

4.      Members of the Settlement Class should note, however, that this is only an estimate. Members of the Settlement Class may recover more or less than this amount depending on, among other factors, when their Certificates were purchased or sold, the amount of principal that has been repaid, the amount of principal that has been written off, the number of Settlement Class members who submit timely Proof of Claim Forms, and the amount of such claims, and the Settlement Plan of Allocation, as more fully described below in this Notice. In addition, the actual recovery of members of the Settlement Class may be further reduced by the payment of Court-approved attorneys' fees and expenses from the Settlement Fund.

5.      Please Note: as set forth in the Plan of Allocation below, only those Settlement Class Members who purchased or otherwise acquired an interest in their Certificate(s) before May 21, 2008 are eligible to potentially recover from the Net Settlement Fund.

6.      **Statement of the Parties' Position on Damages:** The Defendants deny all claims of wrongdoing and deny that they are liable to the Plaintiffs and/or the Settlement Class or that the Plaintiffs or other members of the Settlement Class suffered any injury. Moreover, the parties do not agree on the amount of recoverable damages or the average amount of damages per Certificate that would be recoverable if Plaintiffs were to prevail on each of the claims. The issues on which the parties disagree include, but are not limited to: (1) whether the statements made or facts allegedly omitted were material, false or misleading; (2) whether the Defendants are otherwise liable under the securities laws for those statements or omissions; (3) whether all or part of the damages allegedly suffered by Plaintiffs or members of the Settlement Class were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions; (4) whether Plaintiffs and/or Settlement Class Members knew or had reason to know of any alleged misstatements or omissions; and (5) whether Defendants performed adequate due diligence on the underlying mortgage loans prior to selling the Certificates.

7.      **Statement of Attorneys' Fees and Expenses Sought:** Prior to final distribution of funds, Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 28% of the Settlement Fund (or $46,200,000.00), net of Court-approved Litigation Expenses, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. In addition, Lead Counsel also will apply for the reimbursement of certain Litigation Expenses paid or incurred in connection with the prosecution and resolution of the Action in an amount not to exceed $3,500,000.00 plus interest earned at the same rate and for the same period as earned by the Settlement Fund. Litigation Expenses may include reimbursement of the expenses of Plaintiffs in accordance with 15 U.S.C. §77z-1a(4). Based on the total initial dollar value of the Certificates as stated in the prospectus supplements (without subtracting the principal pay downs received on the Certificates), and assuming all purchasers of the initially offered Certificates elect to participate, if the Court approves Lead Counsel's fee and expense application, the estimated average cost is $__ per $1,000 in initial certificate value of the Certificates. The actual cost may be more or less than this amount

3

depending on, among other factors, when their certificates were purchased or sold, the amount of principal that has been repaid, the estimated value of the certificates on the applicable date claims relating to that certificate were first asserted in the litigation, the number of Settlement Class Members who timely file Claims, and the Plan of Allocation, as more fully described below in this Notice.

       8.    **<u>Identification of Attorneys' Representatives</u>:** Plaintiffs and the Settlement Class are being represented by Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein"). Any questions regarding the Settlement should be directed to Joel P. Laitman; Christopher Lometti or Michael Eisenkraft at Cohen Milstein, 88 Pine Street, 14th Floor, New York, New York, 10005 (212) 838-7797

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **REMAIN A MEMBER OF THE CLASS.** | This is the only way to receive a payment. If you wish to obtain a payment as a member of the Settlement Class, you will need to file a proof of claim form (the "Proof of Claim Form"), which is included with this Notice, postmarked no later than _____, 2017 |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN ____, 2017.** | Receive no payment pursuant to this Settlement. If you exclude yourself from the Settlement Class, you may be able to seek recovery against the Defendants or other Released Parties through other litigation. If, however, you have not brought suit yourself within three years of the offering date of the Certificates you purchased, your ability to bring claims under the federal Securities Act of 1933 may be barred by its statute of repose. *See Police & Fire Ret. Sys. v. Indymac MBS, Inc.*, 721 F.3d 95 (2d Cir. 2013) |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING WRITTEN OBJECTIONS SO THAT THEY ARE *RECEIVED* NO LATER THAN ____, 2017.** | Write to the Court and explain why you do not like the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses. You cannot object to the Settlement unless you are a member of the Settlement Class and do not validly exclude yourself. |
| **GO TO THE HEARING ON ____, 2017 AT ___ _.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN ___ 2017.** | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses. |

| DO NOTHING | Receive no payment, remain a Class Member, give up your rights and be bound by the Order and Final Judgment entered by the Court if it approves the Settlement, including the Release of the Released Claims. |
|---|---|

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? — Page
What Is This Case About? What Has Happened So Far? — Page
What Are The Lead Plaintiff' Reasons For The Settlement? — Page
What Might Happen If There Were No Settlement? — Page
How Do I Know If I Am Affected By The Settlement? — Page
How Much Will My Payment Be? When Will I Receive It? — Page
What Rights Am I Giving Up By Agreeing To The Settlement? — Page
What Payment Are The Attorneys For The Class Seeking?
 How Will The Lawyers Be Paid? — Page
How Do I Participate in the Settlement? — Page
What If I Do Not Want To Be Part Of The Settlement? How Do I Exclude Myself? — Page
When And Where Will The Court Decide Whether To Approve The Settlement?
 Do I Have To Come To The Hearing? May I Speak At The Hearing If I
 Don't Like The Settlement? — Page
What If I Bought Certificates On Someone Else's Behalf? — Page
Can I See The Court File? Who Should I Contact If I Have Questions? — Page

## WHY DID I GET THIS NOTICE?

9.      This Notice is being sent to you pursuant to an order of the United States District Court for the Southern District of New York (the "Court" or "District Court") because you or someone with whom you are affiliated may have purchased or otherwise acquired the Certificates described above. The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement of this case. Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights.

10.      A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency. In a class action lawsuit, the Court selects one or more people, known as class representatives or Lead Plaintiff, to sue on behalf of all people with similar claims, commonly known as the class or the class members. Once the class is certified, the Court must resolve all issues on behalf of the class members, except for any persons who choose to exclude themselves from the class. (For more information on excluding yourself from the Class, please read "What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself?" located below.) In the Action, the Court has directed that Lead Plaintiff and Lead Counsel have primary responsibility

5

for prosecuting all claims against Defendants on behalf of investors in the Certificates described above.

11.     The Court in charge of this case is the United States District Court for the Southern District of New York, and the case is known as *New Jersey Carpenters Health Fund v. NovaStar Mortgage, Inc., et al.*, Case No. 08-cv-5310 (S.D.N.Y.) (DAB) (the "Action"). The Judge presiding over this case is the Honorable Deborah A. Batts, United States District Judge. The people who are suing are called the plaintiffs, and those who are being sued are called the defendants. In this case, the primary plaintiffs are referred to as the Lead Plaintiff and Class Representative New Jersey Carpenters Health Fund, and the additional Class Representative Iowa Public Employees' Retirement System, on behalf of themselves and the class, and the defendants are NovaStar Mortgage Funding Corporation, RBS Securities Inc., Deutsche Bank Securities, Inc., and Wells Fargo Advisors, LLC, who issued and underwrote the Certificates, and certain officers and directors of those entities who signed the registration statement pursuant to which the Certificates were issued. This Settlement is with all Defendants which includes: NovaStar Mortgage, Inc., NovaStar Mortgage Funding Corporation, Scott F. Hartman, Gregory S. Metz, W. Lance Anderson, Mark Herpich, RBS Securities Inc. f/k/a Greenwich Capital Markets, Inc., d/b/a RBS Greenwich Capital, Deutsche Bank Securities Inc., and Wells Fargo Advisors, LLC f/k/a Wachovia Securities LLC.

12.     This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. The purpose of this Notice is to inform you of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement if you wish to do so. It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness and adequacy of the proposed Settlement and the application by Lead Counsel for reimbursement of expenses incurred to date (the "Final Approval Hearing").

13.     The Final Approval Hearing will be held on _____, 2017 at _:__ _.M., before the Honorable Deborah A. Batts at the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 24B, New York, New York 10007, to determine:

(i)     whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate, and should be approved by the Court;

(ii)    whether a judgment should be entered dismissing the Action, on the merits and with prejudice, and whether the release by the Settlement Class of the Released Claims should be ordered;

(iii)   whether the proposed Plan of Allocation is fair and reasonable and should be approved by the Court; and

(iv)    whether Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved by the Court.

14.     This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. Any distribution will not be paid until after the completion of all claims processing. Please be patient.

6

---

**WHAT IS THIS CASE ABOUT? WHAT HAS HAPPENED SO FAR?**

---

15.     On May 21, 2008, the New Jersey Carpenters Health Fund filed a complaint against, *inter alia*, the Defendants, in the Supreme Court of the State of New York, County of New York, Index No. 601563/08, asserting claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77l, and 77o.

16.     On June 10, 2008, the action was removed to the United States District Court for the Southern District of New York, Civ. No. 08-cv-5310. The case was assigned to the Honorable Deborah Batts (the "Court").

17.     On November 7, 2008, notice of the action was published pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), notifying eligible purchasers of their right to move for appointment as lead plaintiff. On April 17, 2009, the Court appointed New Jersey Carpenters Health Fund as Lead Plaintiff and approved Lead Plaintiff's selection of Schoengold Sporn Laitman & Lometti, P.C. as lead counsel. On May 12, 2009, on Lead Plaintiff's motion, the Court substituted Cohen Milstein Sellers & Toll PLLC as lead counsel.

18.     On June 16, 2009, Lead Plaintiff filed the Consolidated First Amended Securities Class Action Complaint (the "First Amended Complaint"). The First Amended Complaint asserted claims concerning the purchase or sale of securities, issued in six (6) residential mortgage-backed securities offerings[2] (the "Offerings," and each individually an "Offering"), pursuant or traceable to a Registration Statement and accompanying Prospectus filed with the Securities and Exchange Commission by NovaStar Mortgage Funding Corporation a/k/a NovaStar Certificates Financing Corporation on June 16, 2006 (No. 333-134461), against NovaStar Mortgage, Inc., NovaStar Mortgage Funding Corporation, Scott F. Hartman, Gregory S. Metz, W. Lance Anderson, Mark Herpich, RBS Securities Inc. f/k/a Greenwich Capital Markets, Inc., d/b/a RBS Greenwich Capital, Deutsche Bank Securities Inc., and Wells Fargo Advisors, LLC f/k/a Wachovia Securities LLC (collectively, the "Defendants").[3]

19.     On August 31, 2009, Defendants moved to dismiss the First Amended Complaint.

20.     On March 31, 2011, the Court issued a memorandum and order (the "March 31, 2011 Order") granting in part Defendants' motions to dismiss. In the March 31, 2011 Order, the Court dismissed all of Lead Plaintiff's claims without prejudice, finding that Lead Plaintiff had not adequately pleaded its claims. The Court further found that Lead Plaintiff lacked standing to sue for the five Offerings in which it had not purchased any Certificates, and had standing to sue only with respect to the NMFT 2007-2 Offering in which it had purchased a Certificate. The

---

[2]     The Offerings are NovaStar Mortgage Funding Trusts, NovaStar Home Equity Loan Series ("NMFT"): 2006-3, 2006-4, 2006-5, 2006-6, 2007-1, and 2007-2.

[3]     The First Amended Complaint also asserted claims against Moody's Investors Service, Inc. and The McGraw-Hill Companies, Inc. (the "Rating Agencies").

Court also dismissed claims based on the allegations that credit rating models were outdated, that credit enhancements were inadequate, and that Defendants purportedly omitted disclosure of material conflicts of interest with the Rating Agencies.[4]

21.     On May 18, 2011, Lead Plaintiff filed its Second Amended Complaint, asserting claims solely with respect to the NMFT 2007-2 Offering.

22.     On July 8, 2011, Defendants moved to dismiss the Second Amended Complaint. On March 29, 2012, the Court granted Defendants' motion to dismiss the Second Amended Complaint, with prejudice.

23.     On April 25, 2012, Lead Plaintiff appealed the Court's rulings dismissing the First and Second Amended Complaints.  On March 1, 2013, the United States Court of Appeals for the Second Circuit reversed in part and vacated in part the Court's rulings dismissing the First and Second Amended Complaints.

24.     On April 23, 2013, Lead Plaintiff filed a motion seeking reconsideration of the March 31, 2011 Order, insofar as that order dismissed on standing grounds Lead Plaintiff's claims relating to five Offerings (NMFT 2006-3, 2006-4, 2006-5, 2006-6, and 2007-1), in light of an intervening change in law, specifically the United States Court of Appeals for the Second Circuit's decision in *NECA-IBEW Health & Welfare Fund v. Goldman, Sachs & Co.*, 693 F.3d 145 (2d Cir. 2012) ("*NECA-IBEW*").  On February 5, 2015, the Court granted Lead Plaintiff's reconsideration motion, vacated its March 31, 2011 Order as to Lead Plaintiff's standing to pursue claims relating to the five dismissed Offerings, reinstated Lead Plaintiff's claims with respect to those Offerings, and directed Lead Plaintiff to file a Third Amended Complaint.

25.     On March 9, 2015, Lead Plaintiff filed its Third Amended Complaint. Defendants filed answers to the Third Amended Complaint on April 9, 2015.

26.     Between May 2015 and October 2016, Plaintiffs and Defendants conducted extensive party and third-party fact discovery, including propounding and responding to document requests and subpoenas, interrogatories, and requests for admission, and conducting fact depositions.

27.     On June 16, 2015, Lead Plaintiff filed a motion to certify a class of purchasers or acquirers of certificates in the Offerings.  As part of its class certification motion, Lead Plaintiff sought an order permitting Iowa Public Employees' Retirement System ("IPERS") to intervene as an additional plaintiff and a class representative in the Action.

28.     On November 4, 2016, the Court granted Lead Plaintiff's class certification motion; certifying a class comprising all those who purchased or otherwise acquired publicly offered certificates in the Offerings prior to May 21, 2008, pursuant or traceable to the Registration Statement, and were damaged thereby (excluding Defendants); permitting IPERS to intervene as an additional plaintiff; appointing Lead Plaintiff and IPERS as class representatives; and appointing Lead Counsel as lead counsel for the class.

---

[4]   The Court also dismissed Lead Plaintiff's claims against the Rating Agencies.

29.     Starting in December 2015, Lead Counsel and Defendants began mediation under the auspices of former United States District Court Judge Layn Phillips.  Facilitated by the mediator, the Settling Parties reached an agreement in principle on December 11, 2016 with respect to the Settlement Amount of $165 million.  On December 20, 2016, the Settling Parties executed a term sheet setting forth certain terms of the Settlement, subject to the completion of definitive documentation and Court approval.

30.     Lead Counsel has conducted extensive discovery relating to the claims and the underlying events and transactions alleged in the Third Amended Complaint. Lead Counsel has analyzed evidence adduced in discovery, including reviewing millions of pages of documents produced by Defendants and third parties, taking and defending a number of depositions, and gathering and closely examining thousands of loan files. Lead Counsel researched the applicable law with respect to the claims of Lead Plaintiff and the Settlement Class against the Defendants, as well as the potential defenses thereto, retained and consulted with numerous experts in the areas of damages, loan reunderwriting, real estate appraisals, and due diligence, among others, and has actively litigated this case for the past nine years.

31.     On [ ], 2017, the Court authorized this Notice to be sent to potential Class Members, certified the Settlement Class for purposes of the Settlement and scheduled the Final Approval Hearing to consider whether to grant final approval of the Settlement.

---

**WHAT ARE THE PLAINTIFFS' REASONS FOR THE SETTLEMENT?**

---

32.     Plaintiffs and Lead Counsel believe that the claims asserted against the Defendants have merit. Plaintiffs and Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the Defendants through continued discovery, trial and appeals, as well as the difficulties in establishing liability. Plaintiffs and Lead Counsel have considered the uncertain outcome of trial and appellate risk in complex lawsuits like this one.

33.     In light of the risks of continued litigation, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Plaintiffs and Lead Counsel also believe that the Settlement provides a substantial benefit now, namely Defendants' payment of $165 million U.S. dollars (less the various deductions described in this Notice), as compared to the risk that the claims would produce a similar, smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

34.     The Defendants have denied and continue to deny each and all of the claims alleged by Plaintiffs in the Action. The Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any and all of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. The Defendants have also contended by way of defense, among other things, that no material misstatements or omissions were made with respect to the Offerings, and that all or a portion of

the alleged damages to the Settlement Class were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions asserted in the Action and that such damages are not recoverable. The Defendants have further contended, among other things, that the claims are barred by the statute of limitations as to all or some of the members of the Settlement Class. The Defendants also have denied and continue to deny, among other things, the allegations that Plaintiffs or the Settlement Class have suffered any damage, or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action. The Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in a complex case such as this. Nonetheless, the Defendants have concluded that further conduct of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

## WHAT MIGHT HAPPEN IF THERE WAS NO SETTLEMENT?

35.    If there was no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against the Defendants, neither Plaintiffs nor members of the Settlement Class would recover anything from the Defendants. Also, if the Defendants were successful in proving any of their defenses, the Settlement Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

36.    If you are a member of the Settlement Class, you are subject to the Settlement unless you timely request to be excluded. The Settlement Class consists of: all Persons who purchased or otherwise acquired publicly offered Certificates representing interests in any of the Offerings prior to May 21, 2008, pursuant or traceable to the Registration Statement, and who were damaged thereby, except those Persons that timely and validly request exclusion from the class pursuant to and in accordance with the terms of the Preliminary Approval Order. Also excluded from the Settlement Class are all Defendants, their officers and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has or had a controlling interest, except for any Investment Vehicle.

37.    RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE ELIGIBLE TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT, YOU MUST SUBMIT THE ENCLOSED CLAIM FORM POSTMARKED NO LATER THAN _____, 2017.

| HOW MUCH WILL MY PAYMENT BE? WHEN WILL I RECEIVE IT? |
| --- |

## I.    THE PROPOSED PLAN OF ALLOCATION: GENERAL PROVISIONS

38.    The Defendants have agreed to pay a total of $165 million in cash no later than fifteen (15) business days after the District Court and the Bankruptcy Court have preliminarily approved the Settlement, along with certain other events. At this time, it is not possible to make any determination as to how much individual Class Members may receive from the Settlement.

39.    The $165 million settlement amount, and the interest earned thereon while it is held in escrow before distribution, shall be the Settlement Fund. The Settlement Fund, less all Taxes, Tax Expenses, Notice and Administration Costs, and attorneys' fees and Litigation Expenses awarded to Lead Counsel (the "Net Settlement Fund"), shall be distributed based on the acceptable Proof of Claim Forms submitted by members of the Settlement Class ("Authorized Claimants"). The Net Settlement Fund will be distributed to Authorized Claimants who timely submit acceptable Proof of Claim Forms under the Plan of Allocation described below, or as otherwise ordered by the Court.

40.    Your share of the Net Settlement Fund will depend on the aggregate number of Certificates (represented by valid and acceptable Proof of Claim Forms) that members of the Settlement Class submit to the Claims Administrator, relative to the Net Settlement Fund; which Certificates you purchased and when you purchased them; how many Certificates you purchased; whether you held or sold those Certificates; the date on which you sold those Certificates; and the price at which you sold them, among other factors. At this time, it is not possible to determine how much individual Settlement Class Members may receive from the Settlement.

41.    A payment to any Authorized Claimant that would amount to less than $10.00 in total will not be included in the calculation of the Net Settlement Fund, and no payment to those members of the Settlement Class will be made.

42.    To determine the amount that an Authorized Claimant may recover under the Plan of Allocation, Lead Counsel conferred with a valuation consultant who estimated the values of the Certificates. The proposed Plan of Allocation is generally based upon the statutory measure of damages for claims asserted with respect to material misrepresentations or omissions in the offering documents issued in connection with the Certificates. This Plan of Allocation concerns damages under §11 of the federal Securities Act of 1933. Section 11 concerns liability for untrue statements and omissions in a registration statement, under which losses are calculated as the "difference between the amount paid for the security (not exceeding the price at which the security was offered to the public) and (1) the value thereof at the time such suit was brought, or (2) the price at which such security shall have been disposed of in the market before suit, or (3) the price at which such security shall have been disposed of after suit but before judgment if such damages shall be less than the damages representing the difference between the amount paid for the security (not exceeding the price at which the security was offered to the public) and the value thereof as of the time such suit was brought." Securities Act of 1933, Section 11(e).

43.     For each Authorized Claimant, a "Recognized Claim" will be calculated. The calculation of a "Recognized Claim," as defined in ¶ 70 below, is not intended to be an estimate of, nor does it indicate, the amount that a Settlement Class Member might have been able to recover after a trial. Nor is the calculation of a Recognized Claim pursuant to the Plan of Allocation an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement, which would depend on the total amount of all Recognized Claims. The Recognized Claim formula provides the basis for proportionately allocating the Net Settlement Fund to Authorized Claimants. That computation is only a method to weigh Settlement Class Members' claims against one another. Each Authorized Claimant will receive a pro rata share of the Net Settlement Fund based on his, her or its Recognized Claim.

44.     The District Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any member of the Class. The Court may approve this Plan of Allocation as proposed or it may modify it without further notice.

## II.     CALCULATION OF RECOGNIZED LOSS OR GAIN AMOUNTS

45.     A "Recognized Loss or Gain Amount" should be calculated for each purchase or acquisition of a Certificate. The calculation of the Recognized Loss or Gain Amount will depend on several factors, including (i) which Certificate was purchased or acquired; (ii) when the Certificate was purchased or acquired; (iii) whether it was sold, and if so, when it was sold (*i.e.*, before or after May 21, 2008) and for how much; and (iv) the value of the Certificate on May 21, 2008.

46.     The Recognized Loss or Gain Amount will be calculated solely on the outstanding "Face Value" (*i.e.*, the principal amount) for each Certificate at the time of sale, or if not sold, the outstanding Face Value as of May 21, 2008, *i.e.*, Authorized Claimants will not be allocated damages related to principal distributions and interest payments they received prior to May 21, 2008. In each calculation of Recognized Loss or Gain Amount, the Face Value Sold will be limited to 100% of the Face Value Purchased.

47.     The percentage of the original aggregate principal balance that remains to be distributed in a mortgage-backed security is known as the "Mortgage Factor." The percentage of the original aggregate principal balance that has been written off is defined as the "Distribution Factor." The Mortgage Factor and Distribution Factor for a specific Certificate on any date will be calculated as follows:

*Mortgage Factor* = (Certificate's *Outstanding* Aggregate Principal Balance/Certificate's *Original* Aggregate Principal Balance)

*Distribution Factor* = (Certificate's Cumulative Principal Distributions/Certificate's Original Aggregate Principal Balance)

The *Mortgage Factor* and *Distribution Factor* for each for each month and on May 21, 2008 is set forth in the attached tables and on the settlement website, www.NovaStarMBSSettlement.com.

48.     For each calculation of the Recognized Loss or Gain Amount, the purchase price used for the calculation may not exceed the price at which the Certificate was offered to the public. Thus, if the actual purchase price exceeds the price at which the Certificate was offered to the public, the price at which it was offered to the public will be used as the purchase price. If the sales price or the value as of May 21, 2008 exceeds the purchase price, then the calculation will result in a "Recognized Gain Amount" for that Certificate. If you have a Recognized Gain Amount for a Certificate, you will not receive recovery in the Settlement for that Certificate.

49.     The "Recognized Loss Amount" for each Certificate is to be calculated in a manner consistent with the calculation of losses embodied in Section 11 of the Securities Act. In no case will the Recognized Loss Amount exceed the loss calculated as of May 21, 2008.

        a.      The Recognized Loss is zero if the price at which the Certificate was sold or otherwise disposed is greater than the price at which the Certificate was offered to the public or the price at which it was purchased or otherwise acquired.

        b.      The loss or gain of the Certificate's value on May 21, 2008 is calculated as follows:

*Sale proceeds that would have been realized on May 21, 2008*
<u>Less</u> *the purchase amount*
<u>Plus</u> *the cumulative principal distributions between the time of the purchase and May 21, 2008.*
<u>Equals</u>
*[Face Value at May 21, 2008 x (value at May 21, 2008) / 100)]*
<u>Less</u>
*[Face Value at the purchase date x (purchase price / 100)]*
<u>Plus</u> *cumulative principal distributions between the date of purchase and May 21, 2008*[5]

        c.      For Certificates sold whether prior to or after May 21, 2008, the loss or gain of the Certificate's value is calculated as follows:

*Sale proceeds*
<u>Less</u> *the purchase amount*
<u>Plus</u> *the cumulative principal distributions between the time of the purchase and sale.*
<u>Equals</u>

---

[5] The *Face Value at May 21, 2008 or purchase date* is equal to the original face value of the Certificates purchased times the *Mortgage Factor* on May 21, 2008 or purchase date, respectively. *Cumulative Principal Distributions* between the date of purchase and May 21, 2008 are calculated based on the change in the *Distribution Factor* between the purchase date and May 21, 2008 times the original face value of the Certificates purchased and sold.

[*Face Value on the sale date x (sale price) / 100)*]
<u>Less</u>
[*Face Value at the purchase date x (purchase price / 100)*]
<u>Plus</u> *cumulative principal distributions between the date of purchase and sale date*[6]

If a sale did not result in a complete disposition of an investor's ownership in a particular Certificate (*i.e.*, only a portion of the investor's ownership in the Certificate was sold), a Recognized Loss or Gain Amount, if any, related to the remaining portion of the Certificate would be calculated separately.

> d.      For Certificates sold prior to May 21, 2008, the Recognized Loss or Gain Amount is calculated as the loss or gain of the Certificate's value upon sale (*i.e.*, ¶ 65(c) above).

> e.      For Certificates sold after May 21, 2008, the Recognized Loss Amount is calculated as the lesser (in absolute value) of the loss of the Certificate's value on May 21, 2008 (*i.e.*, ¶ 65(b) above) or the loss of the Certificate's value upon sale (*i.e.*, ¶ 65(c) above). For Certificates sold prior to or after May 21, 2008, the Recognized Gain Amount is calculated as the greater of the gain of the Certificate's value on May 21, 2008 (*i.e.*, ¶ 65(b) above) or the gain of the Certificate's value upon sale (*i.e.*, ¶ 65(c) above).

> f.      For Certificates that were not sold and have been retained, the Recognized Loss or Gain Amount is the loss or gain of the Certificate's value on May 21, 2008 calculated in ¶ 65(b), above.

50.      Notwithstanding the above provisions, the Recognized Loss or Gain Amount for any Certificate purchases or other acquisitions that occurred after May 21, 2008 is zero.

51.      A "Total Recognized Loss by CUSIP" will be calculated for each Authorized Claimant on a CUSIP by CUSIP basis. Accordingly, multiple transactions by an Authorized Claimant in a single CUSIP will be netted; *i.e.,* the total Recognized Gain or Loss Amounts for that CUSIP shall be calculated by (1) totaling the Recognized Loss Amounts for that CUSIP; and (2) subtracting from that total Recognized Loss Amount the total of all Recognized Gain Amounts for that CUSIP. A Total Recognized Loss for a CUSIP cannot be less than zero.

52.      Each Authorized Participant's "Recognized Claim" is the sum of all that Authorized Claimant's Total Recognized Loss by CUSIPs.

## III.      DISTRIBUTION OF THE NET SETTLEMENT FUND

53.      The "Recognized Claim" will be used solely to calculate the relative amount of the Net Settlement Fund for each Authorized Claimant and does not reflect the actual amount an

---

[6] The *Face Value at applicable purchase or sale date* is equal to the original face value of the Certificates or the purchased times the *Mortgage Factor* on the purchase or sale date, respectively. *Cumulative Principal Distributions* between the purchase and sale date are calculated based on the change in the *Distribution Factor* between the purchase date and the sale date times the original face value of the Certificates purchased and sold.

Authorized Claimant may expect to recover from the Net Settlement Fund. The combined Recognized Claims of all Authorized Claimants may be greater than the Net Settlement Fund. If this is the case, and subject to the $10.00 minimum payment requirement described in ¶ 57 above, each Authorized Claimant shall receive his, her or its pro rata share of the Net Settlement Fund, which shall be his, her or its Recognized Claim divided by the total of all Recognized Claims to be paid, multiplied by the total amount in the Net Settlement Fund.

54.     Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants. No Person shall have any claim based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court against Lead Counsel, Plaintiffs, Settlement Class Members, the Claims Administrator, Defendants and the Released Parties (defined below), or any person designated by Lead Counsel. All members of the Settlement Class who fail to timely submit an acceptable Proof of Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including the release of the Released Claims.

55.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any member of the Settlement Class.

56.     The Plan of Allocation set forth herein is the proposed plan submitted by Lead Plaintiff and Lead Counsel for the Court's approval. The Court may approve this plan as proposed or it may modify it without further notice to the Settlement Class.

## WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT?

57.     Essentially, by agreeing to the Settlement, you will be giving up your right to sue the Defendants for the wrongdoing alleged in this Action.

58.     More specifically, if the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims in the Action and will provide that Plaintiffs shall have, and all other Settlement Class Members shall be deemed to have and by operation of the Judgment shall have—on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors and assigns, whether or not such Person submits a Proof of Claim form—fully, finally and forever waived, released, discharged and dismissed each and every Released Claim against each and every Released Party, with prejudice and on the merits, and without costs to any party.

59.     "Released Claims" means any and all claims (including "Unknown Claims," as defined below), demands, rights, liabilities, and causes of action of every nature and description, known or unknown, suspected or unsuspected, contingent or non-contingent, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, or can, shall or may exist, whether arising under federal, state, common or foreign law or at equity,

that Plaintiffs or any Settlement Class Member (a) asserted in this Action, or (b) could have asserted in the Action or in any other proceeding or forum arising from or related in any way to the Offerings, the Certificates or to the acts, failures to act, transactions, facts, events, matters, disclosures, statements, occurrences, representations, or omissions asserted or that could have been asserted in the Action against any Released Party; provided, however, that "Released Claims" shall not include a claim, if any, filed in court prior to December 20, 2016 solely and exclusively to the extent such claim asserted contractual repurchase rights with respect to any residential mortgage loan included in any of the Offerings.

60.     "Unknown Claims" means any and all Released Claims that Plaintiffs and/or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to object to this Settlement or not exclude himself, herself or itself from the Settlement Class.

61.     "Released Party" and "Released Parties" means (i) each Defendant and his, her or its parents, subsidiaries, and affiliates and all of their respective past, current, and future respective directors, officers, employees, partners, insurers, co-insurers, reinsurers, agents, controlling shareholders, shareholders, attorneys, accountants, auditors, advisors, investment advisors, personal or legal representatives, predecessors, successors, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, and (ii) any entity in which any Defendant has a controlling interest, and all of their respective property.

62.     With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs expressly waive, and each Settlement Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, to the fullest extent permitted by law, the provisions, rights and benefits of California Civil Code § 1542, and of any U.S. federal or state law, or principle of common law or the law of any foreign jurisdiction, that is similar, comparable, or equivalent to Section 1542 of the California Civil Code, which provides, in relevant part:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

63.     Plaintiffs and other Settlement Class Members, or certain of them, may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs and the Settlement Class Members, and each of them, upon the Effective Date, by operation of the Judgment shall have fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, claims relating to conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the Settlement Class Members by law and operation

16

of the Judgment shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the Settlement.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

64.     Lead Counsel has not received any payment for its services in pursuing claims against Defendants on behalf of the Settlement Class, nor has Lead Counsel been reimbursed for its out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel intends to apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 28% of the Settlement Fund (or $46,200,000.00), net of Court-approved Litigation Expenses, plus interest at the same rate and for the same time period as earned by the Settlement Fund. At the same time, Lead Counsel also intends to apply for the reimbursement of certain Litigation Expenses in an amount not to exceed $3,500,000.00, plus interest at the same rate and for the same time period as earned by the Settlement Fund. Litigation Expenses may include reimbursements for, among other things, lost wages and litigation related expenses of Lead Plaintiff in accordance with 15 U.S.C. § 77z-1a(4). The sums approved by the Court will be paid from the Settlement Fund. Members of the Settlement Class are not personally liable for the payment of these sums.

65.     Defendants take no position on the request by Lead Counsel for attorneys' fees and reimbursement of Litigation Expenses or on the allocation of attorneys' fees and expenses among counsel representing the Settlement Class.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

66.     If you purchased Certificates described above, and you are not excluded by the definition of the Settlement Class and you do not timely exclude yourself from the Settlement Class in the manner provided in this notice, then you are a member of the Settlement Class and you will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Settlement Class. If you are a member of the Settlement Class, you must submit a Proof of Claim Form and supporting documentation to establish your entitlement to share in the Settlement. A Proof of Claim Form is included with this Notice, or you may go to the website maintained by the Claims Administrator for the Settlement to request that a Proof of Claim Form be mailed to you. The website is www.NovaStarMBSSettlement.com. You may also request a Proof of Claim Form by calling toll-free ___ or emailing info@NovaStarMBSSettlement.com. Copies of the Proof of Claim Form can also be downloaded from Lead Counsel's website at www.cohenmilstein.com. Those who exclude themselves from the Settlement Class, and those who do not submit timely and valid Proof of Claim Forms with adequate supporting documentation will not be eligible to share in the Settlement. Please retain all records of your ownership of, or transactions in the Certificates, as they may be needed to document your claim.

67.     As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in the section below entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?"

68.     If you do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section below entitled, "What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself?"

69.     If you wish to object to the Settlement or any of its terms, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section below entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?"

---

## WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT? HOW DO I EXCLUDE MYSELF?

---

70.     Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, including those concerning the Settlement, whether favorable or unfavorable, unless such person or entity mails, by first class mail (or its equivalent outside the U.S.), or otherwise delivers a written Request for Exclusion from the Settlement Class, addressed to NovaStar MBS Settlement Administrator, P.O. Box 43253, Providence, RI 02940-3253. The exclusion request must be received no later than _____, 2017. Each Request for Exclusion must clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Settlement Class in the case styled *New Jersey Carpenters Health Fund v. NovaStar Mortgage, Inc., et al.*, Case No. 08-cv-5310 (S.D.N.Y.) (DAB), and must be signed by such person. Such persons requesting exclusion are also directed to provide the following information: (i) the identity and original face value of Certificates purchased (or otherwise acquired) or sold; (ii) the prices or other consideration paid or received for such Certificates; (iii) the date of each purchase or sale transaction; and (iv) proper evidence of the transactions. Requests for exclusion will not be valid if they do not include the information set forth above and are not received within the time stated above, unless the Court otherwise determines.

71.     If a person or entity requests to be excluded from the Settlement Class, that person or entity will not receive any benefit provided for in the Stipulation.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**
**DO I HAVE TO COME TO THE HEARING?**
**MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

72.      If you do not wish to object in person to the proposed Settlement and/or the application for reimbursement of litigation expenses, you do not need to attend the Final Approval Hearing. You can object to or participate in the Settlement without attending the Final Approval Hearing.

73.      The Final Approval Hearing will be held on _____, 2017, at ___ _.M., before the Honorable Deborah A. Batts at the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 24B, New York, New York 10007. The Court reserves the right to approve the Settlement at or after the Final Approval Hearing without further notice to the members of the Settlement Class. The Court has the right to approve the Settlement, the Plan of Allocation or the request for attorneys' fees and reimbursement of Litigation Expenses at or after the Final Approval Hearing without further notice to the members of the Settlement Class.

74.      Any Settlement Class Member who does not request exclusion in accordance with ¶¶ 86-87 above may object to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections or oppositions must be in writing. You must file any written objection or opposition, together with copies of all other supporting papers and briefs, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before _____, 2017. You must also serve the papers on Lead Counsel for the Settlement Class and counsel for the Defendants at the addresses set forth below so that the papers are *received* on or before _____, 2017.

| Clerk's Office | Lead Counsel for the Class | Counsel For Defendants |
|---|---|---|
| UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK 500 Pearl Street New York, New York 10007 | COHEN MILSTEIN SELLERS & TOLL PLLC Joel P. Laitman Christopher Lometti Michael Eisenkraft Kenneth M. Rehns 88 Pine Street, 14th Floor New York, New York 10005 | SIMPSON THACHER & BARTLETT LLP Thomas C. Rice Alan C. Turner 425 Lexington Ave. New York, NY 10017 |
| | Steven J. Toll 1100 New York Ave, N.W., Ste 500 West Washington, D.C. 20005 | ORRICK, HERRINGTON & SUTCLIFFE LLP William F. Alderman 405 Howard Street San Francisco, CA 94105 |
| | | Steven J. Fink |

51 West 52nd Street
New York, NY 10019

75.     Any objection must include: (a) the full name, address, and phone number of the objecting Settlement Class Member; (b) a list and documentation evidencing all of the Settlement Class Member's transactions involving the Certificates, including brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase or sale and the prices paid and/or received; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Final Approval Hearing; (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel. Persons who intend to object to the Settlement, the Plan of Allocation and/or to Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses, and who desire to present evidence at the Final Approval Hearing, must include in their written objections the exhibits they intend to introduce into evidence at the Final Approval Hearing.

76.     You may not object to the Settlement, or any aspect of it, if you are not a member of the Settlement Class or if you excluded yourself from the Settlement Class.

77.     If you wish to be heard orally at the Final Approval Hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you have filed and served a timely written objection as described above, you also must notify the above counsel on or before _____, 2017, concerning your intention to appear. Persons who intend to object and desire to present evidence at the Final Approval Hearing must include in their written objections, the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.

78.     You may file a written objection without having to appear at the Final Approval Hearing. You may not appear at the Final Approval Hearing to present your objection, however, unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

79.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Final Approval Hearing. If you decide to hire an attorney, which will be at your own expense, however, he or she must file a notice of appearance with the Court and serve it on Lead Counsel so that the notice is received on or before _____, 2017.

80.     If you object to the Settlement, the Plan of Allocation and/or Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses, or otherwise request to be heard at the Final Approval Hearing in the manner stated above, you are submitting to the jurisdiction of the Court with respect to the subject matter of the Settlement, including, but

not limited to, the release of the Released Claims contained in the Judgment. If the Court overrules your objection and approves the Settlement or the part of the Settlement to which you have objected, you only will potentially share in the Net Settlement Fund if you file a Proof of Claim Form in the manner stated in ¶ 82 above and the Claims Administrator approves your claim.

81.     The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Final Approval Hearing, you should confirm the date and time with Lead Counsel.

**Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement or Lead Counsel's request for reimbursement of expenses. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

---

### WHAT IF I BOUGHT CERTIFICATES ON SOMEONE ELSE'S BEHALF?

---

82.     If you purchased or otherwise acquired the Certificates for the beneficial interest of a person or organization other than yourself, you must either (i) send a copy of this Notice to the beneficial owner of such Certificates, postmarked no later than fourteen (14) days after you receive this Notice, or (ii) provide to NovaStar MBS Settlement Administrator, P.O. Box 43253, Providence, RI 02940-3253, the names and addresses of such persons no later than fourteen (14) days after you receive this Notice. If you choose the second option, the Claims Administrator will send a copy of the Notice to the beneficial owner. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice may also be obtained by calling Lead Counsel at (212) 838-7797 and may be downloaded from the settlement website, www.NovaStarMBSSettlement.com or from Lead Counsel's website, www.cohenmilstein.com.

---

### CAN I SEE THE COURT FILE? WHO SHOULD I CONTACT IF I HAVE QUESTIONS?

---

83.     This Notice contains only a summary of the terms of the proposed Settlement. More detailed information about the matters involved in the Action is available at www.NovaStarMBSSettlement.com, including, among other documents, copies of the Stipulation and the Third Amended Complaint. All inquiries concerning this Notice should be directed to:

NovaStar MBS SETTLEMENT ADMINISTRATOR

P.O. Box 43253
Providence, RI 02940-3253
Toll-Free: (866) 893-8437
info@NovaStarMBSSettlement.com

**OR**

Joel P. Laitman
Christopher Lometti, Esq.
Michael Eisenkraft, Esq.
Kenneth M. Rehns, Esq.
COHEN MILSTEIN SELLERS & TOLL PLLC
88 Pine Street, 14th Floor
New York, NY 10005
(212) 838-7797
jlaitman@cohenmilstein.com
clometti@cohenmilstein.com
meisenkraft@cohenmilstein.com
krehns@cohenmilstein.com

**Lead Counsel**

**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.**

Dated: _____ ___, 2017        By Order of the Clerk of Court
                                         United States District Court
                                         for the Southern District of New York

# EXHIBIT A-2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW JERSEY CARPENTERS HEALTH FUND, *on Behalf of Itself and all Others Similarly Situated*,<br><br>    Plaintiff ,<br><br>    *v.*<br><br>NOVASTAR MORTGAGE, INC., NOVASTAR MORTGAGE FUNDING CORPORATION, SCOTT F. HARTMAN, GREGORY S. METZ, W. LANCE ANDERSON, MARK HERPICH, RBS SECURITIES INC. f/k/a GREENWICH CAPITAL MARKETS, INC., d/b/a RBS GREENWICH CAPITAL, DEUTSCHE BANK SECURITIES INC., WELLS FARGO ADVISORS, LLC f/k/a WACHOVIA SECURITIES LLC,<br><br>    Defendants. | **Case No. 08-cv-5310 (DAB)** |

## <u>SUMMARY NOTICE</u>

**TO:   ALL PERSONS OR ENTITIES THAT, BEFORE MAY 21, 2008, PURCHASED OR OTHERWISE ACQUIRED AN INTEREST IN ANY CERTIFICATES ISSUED IN NOVASTAR MORTGAGE FUNDING TRUSTS, NOVASTAR HOME EQUITY LOAN SERIES ("NMFT") 2006-3, 2006-4, 2006-5, 2006-6, 2007-1, OR 2007-2.**

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

    YOU ARE HEREBY NOTIFIED (i) of the pendency of this action asserting claims against NovaStar Mortgage, Inc., NovaStar Mortgage Funding Corporation, Scott F. Hartman, Gregory S. Metz, W. Lance Anderson, Mark Herpich, RBS Securities Inc. f/k/a Greenwich Capital Markets, Inc., d/b/a RBS Greenwich Capital, Deutsche Bank Securities Inc., and Wells Fargo Advisors, LLC f/k/a Wachovia Securities LLC (collectively, the "Defendants"), relating to certain mortgage-backed securities (the "Litigation") as a class action on behalf of the persons and entities described above (the "Settlement Class") except for certain persons or entities who are excluded from the Settlement Class by definition; and (ii) that a proposed settlement has been reached in this Litigation. A hearing will be held with respect to the settlement on _____, 2017, at __ _.M. before the Honorable Deborah A. Batts, in the United States

1

District Court for the Southern District of New York, 500 Pearl Street, Courtroom 24B, New York, New York.

The purpose of the hearing is to determine, among other things, (i) whether the proposed settlement of the claims asserted in this Litigation, pursuant to which Defendants will cause to be deposited the sum of $165 million U.S. dollars into a settlement fund in exchange (among other things) for the dismissal of the Litigation and a release of claims against the Defendants and other related persons and entities, should be approved by the Court as fair, reasonable, adequate and in the best interests of the Settlement Class; (ii) whether the Litigation should be dismissed with prejudice as against the Settlement Class; (iii) whether the Court should enter a bar order prohibiting members of the Settlement Class from pursuing or commencing any action against the Defendants or other related persons or entities with respect to the Released Claims; (iv) whether the proposed plan of allocation of the settlement fund is fair and reasonable and should be approved; and (v) whether the application of Lead Counsel for an award of attorneys' fees and litigation expenses incurred in connection with the Litigation is reasonable and should be approved. Litigation Expenses may also include reimbursement of the expenses of Plaintiffs New Jersey Carpenters Health Fund and Iowa Public Employees' Retirement System in accordance with 15 U.S.C. § 77z-1(a)(4).

If you purchased or otherwise acquired certificates in the trusts listed above, you may be entitled to share in the distribution of the settlement fund if you submit a claim form postmarked no later than _____, 2017 [120 days after the date of entry of the Preliminary Approval Order], establishing that you are entitled to a recovery.

If you are a member of the Settlement Class, you have the right to object to the settlement, the plan of allocation and/or the request by Lead Counsel for an award of attorneys' fees and expenses, or otherwise request to be heard, by submitting no later than _____, 2017 [14 days prior to the Final Approval Hearing], a written objection in accordance with the procedures described in a more detailed notice that has been mailed to persons or entities known to be potential members of the Settlement Class, and that is available at www.NovaStarMBSSettlement.com. You also have the right to exclude yourself from the Settlement Class by submitting no later than _____, 2017 [28 days prior to the Final Approval Hearing], a written request for exclusion from the Settlement Class in accordance with the procedures described in the more detailed notice. If the settlement is approved by the Court, you will be bound by the settlement and the Court's final order and judgment, including the releases provided for in the final order and judgment, unless you submit a request to be excluded.

This notice provides only a summary of matters regarding the Litigation and the settlement. A detailed notice describing the Litigation, the proposed settlement, and the rights of members of the Settlement Class to appear in Court at the Final Approval Hearing, to request to be excluded from the Settlement Class and/or to object to the settlement, the plan of allocation and/or the request by Lead Counsel for an award of attorneys' fees and expenses has been mailed to persons or entities known to be potential Settlement Class Members. You may obtain a copy of this notice, a proof of claim form, or other information by writing to the following address or calling the following telephone number.

**NovaStar MBS Settlement Administrator**
**P.O. Box 43253**
**Providence, RI 02940-3253**
**Toll Free: (866) 893-8437**
**info@NovaStarMBSSettlement.com**

or by downloading the forms from www.NovaStarMBSSettlement.com.

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE. Inquiries, other than requests for the detailed notice referenced above and a proof of claim form, may be made to plaintiffs' Lead Counsel:

**COHEN MILSTEIN SELLERS & TOLL PLLC**

| | |
|---|---|
| Joel P. Laitman | Steven J. Toll |
| Christopher Lometti | 1100 New York Avenue, N.W. |
| Michael Eisenkraft | Suite 500, West Tower |
| 88 Pine Street, 14 Fourteenth Floor | Washington, D.C. 20005 |
| New York, N.Y. 10005 | Tel.: (202) 408-4600 |
| Telephone: (212) 838-7797 | Email: stoll@cohenmilstein.com |
| Email: jlaitman@cohenmilstein.com | |
| clometti@cohenmilstein.com | |
| meisenkraft@cohenmilstein.com | |

Dated:                                    By Order of the Clerk of the
                                          Court United States District
                                          Court for the Southern
                                          District of New York

# EXHIBIT A-3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
*NEW JERSEY CARPENTERS HEALTH FUND V. NOVASTAR MORTGAGE, INC., ET AL.*
CASE NO. 08-CV-5310-DAB
www.NovaStarMBSSettlement.com

## MUST BE POSTMARKED NO LATER THAN xxxxxxx, 2017

## <u>PROOF OF CLAIM FORM AND RELEASE</u>

INSTRUCTIONS FOR COMPLETING PROOF OF CLAIM AND RELEASE FORM

<u>GENERAL</u>

1. To recover as a member of the Settlement Class based on your claims in the action entitled *New Jersey Carpenters Health Fund v. NovaStar Mortgage, Inc., et al.*, Case No. 08-cv-5310 (S.D.N.Y.) (DAB) (the "Action"),[1] you must complete and, on page __ hereof, sign this Proof of Claim and Release form ("Proof of Claim"). If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed Settlement of the Action.
2. Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the litigation.
3. YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM POSTMARKED ON OR BEFORE [          ], 2017, ADDRESSED AS FOLLOWS:

NovaStar MBS Litigation
P.O. Box 3266
Portland, OR 97208-3266

4. If you are NOT a member of the Settlement Class (as defined in the Notice of Pendency of Class Action, Preliminary Approval Order and Proposed Settlement, Settlement Fairness Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice")) DO NOT submit a Proof of Claim.
5. If you are a member of the Settlement Class and you did not timely and validly request exclusion in connection with the proposed Settlement, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

<u>CLAIMANT IDENTIFICATION</u>

6. If you purchased or acquired Certificates and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased or acquired Certificates and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.
7. Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of Certificates which form the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S), OF THE CERTIFICATES UPON WHICH THIS CLAIM IS BASED.
8. All joint beneficial purchasers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of beneficial purchasers represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial purchaser(s) may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

<u>IDENTIFICATION OF TRANSACTION(S)</u>

9. Use Part II of this form entitled "Schedule of Transactions in NMFT Certificates" to supply all required details of your transaction(s) regarding the Certificates. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.
10. On the schedules, provide all of the requested information with respect to *all* of your purchases or acquisitions of the Certificates, and all sales and dispositions thereof, whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

---

[1] All capitalized terms that are not defined herein shall have the meaning ascribed to them in the Stipulation and Agreement of Settlement (the "Stipulation"). The Stipulation can be obtained at www.NovaStarMBSSettlement.com.

11. List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

12. Copies of broker confirmations or other documentation of your transaction(s) in the Certificates should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
*NEW JERSEY CARPENTERS HEALTH FUND V. NOVASTAR MORTGAGE, INC., ET AL.*
CASE NO. 08-CV-5310-DAB
www.NovaStarMBSSettlement.com

**MUST BE POSTMARKED NO LATER THAN xxxxxxx, 2017**

**PART I: CLAIMANT IDENTIFICATION**

Beneficial Owner's First Name    MI    Beneficial Owner's Last Name

Co-Beneficial Owner's First Name    MI    Co-Beneficial Owner's Last Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit, or box number)

City    State    ZIP Code

Foreign Country (only if not USA)

Social Security Number    Taxpayer Identification Number    OR

Telephone Number (home)    Telephone Number (work)

Email address

Account Number (if filing for multiple accounts, file a separate Proof of Claim for each account)

Claimant Account Type (check appropriate box):
- Individual (includes joint owner accounts)
- Corporation
- IRA/401K
- Pension Plan
- Estate
- Other _____ (please specify)
- Trust

4

**PART II: SCHEDULE OF TRANSACTIONS IN NMFT CERTIFICATES**

*(a)*

A.  Purchases and Acquisitions from the initial offering through [TBD – Preliminary Approval Date].  List all purchases and acquisitions of the Certificates listed on www.NovaStarMBSSettlement.com, (also included below).  Be sure to attach the required documentation:

| **Trade Date (List Chronologically) (MM-DD-YYYY)** | **CUSIP\*** | **Face Value** | **Price\*\*** | **Total Cost\*\*** |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

\* As listed below or on the website: www.NovaStarMBSSettlement.com
\*\* Excluding accrued interest, commissions, taxes & fees

B.  Sales and dispositions from the initial offering through [TBD – Preliminary Approval Date].  List all sales and dispositions of the Certificates listed on www.NovaStarMBSSettlement.com, (also included below).  Be sure to attach the required documentation:

| **Trade Date (List Chronologically) (MM-DD-YYYY)** | **CUSIP\*** | **Face Value** | **Price\*\*** | **Total Proceeds\*\*** |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

\* As listed below or on the website: www.NovaStarMBSSettlement.com
\*\* Excluding accrued interest, commissions, taxes & fees

C.  Certificates Held: List all Certificates Held on [TBD – Preliminary Approval Date].  Include documentation if available:

| **CUSIP** | **Face Value** |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

**If you require additional space to list your transactions, use photocopies of this page and check this box.** ●

5

For a listing of eligible CUSIPs please see below.  Please only use the following CUSIPs when filing:

| NMFT 2006-3 CERTIFICATES | |
|---|---|
| **Class** | **CUSIP** |
| A1A | 66988WAA4 |
| A2A | 66988WAB2 |
| A2B | 66988WAC0 |
| A2C | 66988WAD8 |
| A2D | 66988WAE6 |
| M1 | 66988WAF3 |
| M2 | 66988WAG1 |
| M3 | 66988WAH9 |
| M4 | 66988WAJ5 |
| M5 | 66988WAK2 |
| M6 | 66988WAL0 |
| M7 | 66988WAM8 |
| M8 | 66988WAN6 |
| M9 | 66988WAP1 |
| M10 | 66988WAQ9 |

| NMFT 2006-4 CERTIFICATES | |
|---|---|
| **Class** | **CUSIP** |
| A-1A | 66988XAN4 |
| A-2A | 66988XAA2 |
| A-2B | 66988XAB0 |
| A-2C | 66988XAC8 |
| A-2D | 66988XAD6 |
| M-1 | 66988XAE4 |
| M-2 | 66988XAF1 |
| M-3 | 66988XAG9 |
| M-4 | 66988XAH7 |
| M-5 | 66988XAJ3 |
| M-6 | 66988XAK0 |
| M-7 | 66988XAP9 66988XBB9 |
| M-8 | 66988XAL8 |
| M-9 | 66988XAM6 |

| NMFT 2006-5 CERTIFICATES | |
|---|---|
| **Class** | **CUSIP** |
| A-1A | 66988YAA0 |
| A-2A | 66988YAB8 |
| A-2B | 66988YAC6 |
| A-2C | 66988YAD4 |
| A-2D | 66988YAE2 |
| M-1 | 66988YAF9 |
| M-2 | 66988YAG7 |
| M-3 | 66988YAH5 |
| M-4 | 66988YAJ1 |
| M-5 | 66988YAK8 |
| M-6 | 66988YAL6 |
| M-7 | 66988YAM4 |
| M-8 | 66988YAN2 |
| M-9* | 66988YAP7 |
| M-10* | 66988YAQ5 |

| NMFT 2006-6 CERTIFICATES | |
|---|---|
| **Class** | **CUSIP** |
| A-1A | 66988RAA5 |
| A-2A | 66988RAB3 |
| A-2B | 66988RAC1 |
| A-2C | 66988RAD9 |
| A-2D | 66988RAE7 |
| M-1 | 66988RAF4 |
| M-2 | 66988RAG2 |
| M-3 | 66988RAH0 |
| M-4 | 66988RAJ6 |
| M-5 | 66988RAK3 |
| M-6 | 66988RAL1 |
| M-7 | 66988RAM9 |
| M-8 | 66988RAN7 |
| M-9 | 66988RAP2 |
| M-10 | 66988RAQ0 |
| M-11 | 66988RAR8 |

| NMFT 2007-1 CERTIFICATES | |
|---|---|
| **Class** | **CUSIP** |
| A-1A | 669971AA1 |
| A-2A1 | 669971AB9 |
| A-2A2 | 669971AS2 |
| A-2B | 669971AC7 |
| A-2C | 669971AD5 |
| A-2D | 669971AE3 |
| M-1 | 669971AF0 |
| M-2 | 669971AG8 |
| M-3 | 669971AH6 |
| M-4 | 669971AJ2 |
| M-5 | 669971AK9 |
| M-6 | 669971AL7 |
| M-7 | 669971AM5 |
| M-8 | 669971AN3 |
| M-9 | 669971BD4 669971AP8 |

| NMFT 2007-2 CERTIFICATES | |
|---|---|
| **Class** | **CUSIP** |
| A-1A | 66989EAA3 |
| A-2A | 66989EAB1 |
| A-2B | 66989EAC9 |
| A-2C | 66989EAD7 |
| A-2D | 66989EAE5 |
| M-1 | 66989EAF2 |
| M-2 | 66989EAG0 |
| M-3 | 66989EAH8 |
| M-4 | 66989EAJ4 |
| M-5 | 66989EAK1 |
| M-6 | 66989EAL9 |
| M-7 | 66989EAM7 |
| M-8 | 66989EAN5 |
| M-9 | 66989EAP0 |

YOU MUST READ THE RELEASE.  YOUR SIGNATURE ON PAGE ___ WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE.

**PART III: SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (WE) SUBMIT THIS PROOF OF CLAIM UNDER THE TERMS OF THE STIPULATION DESCRIBED IN THE NOTICE.  I (WE) ALSO SUBMIT TO THE JURISDICTION OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK WITH RESPECT TO MY (OUR) CLAIM AS A CLASS MEMBER AND FOR PURPOSES OF ENFORCING THE RELEASE SET FORTH HEREIN.  I (WE) FURTHER ACKNOWLEDGE THAT I AM (WE ARE) BOUND BY AND SUBJECT TO THE TERMS OF ANY JUDGMENT THAT MAY BE ENTERED IN THE ACTION.  I (WE) AGREE TO FURNISH ADDITIONAL INFORMATION TO THE CLAIMS ADMINISTRATOR TO SUPPORT THIS CLAIM IF REQUESTED TO DO SO.  I (WE) HAVE NOT SUBMITTED ANY OTHER CLAIM COVERING THE SAME PURCHASES OR SALES OF THE CERTIFICATES AND KNOW OF NO OTHER PERSON HAVING DONE SO ON MY (OUR) BEHALF.

**PART IV: RELEASE**

1.  I (WE) HEREBY ACKNOWLEDGE FULL AND COMPLETE SATISFACTION OF, AND DO HEREBY FULLY, FINALLY, AND FOREVER SETTLE, RELEASE, AND DISCHARGE FROM THE RELEASED CLAIMS EACH AND ALL OF THE "RELEASED PARTY" AND "RELEASED PARTIES," DEFINED AS (I) EACH DEFENDANT AND HIS, HER OR ITS PARENTS, SUBSIDIARIES, AND AFFILIATES AND ALL OF THEIR RESPECTIVE PAST, CURRENT, AND FUTURE RESPECTIVE DIRECTORS, OFFICERS, EMPLOYEES, PARTNERS, INSURERS, CO-INSURERS, REINSURERS, AGENTS, CONTROLLING SHAREHOLDERS, SHAREHOLDERS, ATTORNEYS, ACCOUNTANTS, AUDITORS, ADVISORS, INVESTMENT ADVISORS, PERSONAL OR LEGAL REPRESENTATIVES, PREDECESSORS, SUCCESSORS, DIVISIONS, JOINT VENTURES, ASSIGNS, SPOUSES, HEIRS, RELATED OR AFFILIATED ENTITIES, AND (II) ANY ENTITY IN WHICH ANY DEFENDANT HAS A CONTROLLING INTEREST, AND ALL OF THEIR RESPECTIVE PROPERTY.

2.  "RELEASED CLAIMS" MEANS ANY AND ALL CLAIMS (INCLUDING "UNKNOWN CLAIMS," AS DEFINED BELOW), DEMANDS, RIGHTS, LIABILITIES, AND CAUSES OF ACTION OF EVERY NATURE AND DESCRIPTION, KNOWN OR UNKNOWN, SUSPECTED OR UNSUSPECTED, CONTINGENT OR NON-CONTINGENT, MATURED OR UNMATURED, WHETHER OR NOT CONCEALED OR HIDDEN, WHICH NOW EXIST, OR HERETOFORE HAVE EXISTED, OR CAN, SHALL OR MAY EXIST, WHETHER ARISING UNDER FEDERAL, STATE, COMMON OR FOREIGN LAW OR AT EQUITY, THAT PLAINTIFFS OR ANY SETTLEMENT CLASS MEMBER (A) ASSERTED IN THIS ACTION, OR (B) COULD HAVE ASSERTED IN THE ACTION OR IN ANY OTHER PROCEEDING OR FORUM ARISING FROM OR RELATED IN ANY WAY TO THE OFFERINGS, THE CERTIFICATES OR TO THE ACTS, FAILURES TO ACT, TRANSACTIONS, FACTS, EVENTS, MATTERS, DISCLOSURES, STATEMENTS, OCCURRENCES, REPRESENTATIONS, OR OMISSIONS ASSERTED OR THAT COULD HAVE BEEN ASSERTED IN THE ACTION AGAINST ANY RELEASED PARTY; PROVIDED, HOWEVER, THAT "RELEASED CLAIMS" SHALL NOT INCLUDE A CLAIM, IF ANY, FILED IN COURT PRIOR TO DECEMBER 20, 2016 SOLELY AND EXCLUSIVELY TO THE EXTENT SUCH CLAIM ASSERTED CONTRACTUAL REPURCHASE RIGHTS WITH RESPECT TO ANY RESIDENTIAL MORTGAGE LOAN INCLUDED IN ANY OF THE OFFERINGS.

3.  "UNKNOWN CLAIMS" MEANS ANY AND ALL RELEASED CLAIMS THAT PLAINTIFFS AND/OR ANY SETTLEMENT CLASS MEMBER DOES NOT KNOW OR SUSPECT TO EXIST IN HIS, HER OR ITS FAVOR AT THE TIME OF THE RELEASE OF THE RELEASED PARTIES, WHICH IF KNOWN BY HIM, HER OR IT MIGHT HAVE AFFECTED HIS, HER OR ITS SETTLEMENT WITH AND RELEASE OF THE RELEASED PARTIES, OR MIGHT HAVE AFFECTED HIS, HER OR ITS DECISION NOT TO OBJECT TO THIS SETTLEMENT OR NOT EXCLUDE HIMSELF, HERSELF OR ITSELF FROM THE SETTLEMENT CLASS.

4.  I (WE) HEREBY EXPRESSLY WAIVE, TO THE FULLEST EXTENT PERMITTED BY LAW, THE PROVISIONS, RIGHTS AND BENEFITS OF CALIFORNIA CIVIL CODE § 1542, AND OF ANY U.S. FEDERAL OR STATE LAW, OR PRINCIPLE OF COMMON LAW OR THE LAW OF ANY FOREIGN JURISDICTION, THAT IS SIMILAR, COMPARABLE, OR EQUIVALENT TO SECTION 1542 OF THE CALIFORNIA CIVIL CODE, WHICH PROVIDES, IN RELEVANT PART:
A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

I (WE) ACKNOWLEDGE THAT I (WE) MAY HEREAFTER DISCOVER FACTS IN ADDITION TO OR DIFFERENT FROM THOSE WHICH I (WE) NOW KNOW OR BELIEVE TO BE TRUE WITH RESPECT TO THE SUBJECT MATTER

OF THE RELEASED CLAIMS, BUT I (WE) HEREBY FULLY, FINALLY, AND FOREVER SETTLE AND RELEASE ANY AND ALL RELEASED CLAIMS, KNOWN OR UNKNOWN, SUSPECTED OR UNSUSPECTED, CONTINGENT OR NON-CONTINGENT, WHETHER OR NOT CONCEALED OR HIDDEN, THAT NOW EXIST OR HERETOFORE HAVE EXISTED, UPON ANY THEORY OF LAW OR EQUITY NOW EXISTING OR COMING INTO EXISTENCE IN THE FUTURE, INCLUDING, BUT NOT LIMITED TO, CLAIMS RELATING TO CONDUCT THAT IS NEGLIGENT, RECKLESS, INTENTIONAL, WITH OR WITHOUT MALICE, OR A BREACH OF ANY DUTY, LAW OR RULE, WITHOUT REGARD TO THE SUBSEQUENT DISCOVERY OR EXISTENCE OF SUCH DIFFERENT OR ADDITIONAL FACTS. I (WE) ACKNOWLEDGE THAT THE INCLUSION OF "UNKNOWN CLAIMS" IN THE DEFINITION OF RELEASED CLAIMS WAS SEPARATELY BARGAINED FOR AND WAS A MATERIAL ELEMENT OF THE SETTLEMENT.

5.   THIS RELEASE SHALL BE OF NO FORCE OR EFFECT UNLESS AND UNTIL THE COURT APPROVES THE SETTLEMENT AGREEMENT AND THE SETTLEMENT AGREEMENT BECOMES EFFECTIVE ON THE EFFECTIVE DATE (AS DEFINED IN THE SETTLEMENT AGREEMENT).

6.   I (WE) HEREBY WARRANT AND REPRESENT THAT I (WE) HAVE NOT ASSIGNED OR TRANSFERRED OR PURPORTED TO ASSIGN OR TRANSFER, VOLUNTARILY OR INVOLUNTARILY, ANY MATTER RELEASED PURSUANT TO THIS RELEASE OR ANY OTHER PART OR PORTION THEREOF.

7.   I (WE) HEREBY WARRANT AND REPRESENT THAT I (WE) HAVE INCLUDED INFORMATION ABOUT ALL OF MY (OUR) PURCHASES AND SALES OF THE CERTIFICATES.

8.   I (WE) HEREBY WARRANT AND REPRESENT THAT I AM (WE ARE) NOT EXCLUDED FROM THE CLASS AS DEFINED HEREIN AND IN THE NOTICE.

9.   I (WE) CERTIFY THAT I AM (WE ARE) NOT SUBJECT TO BACKUP WITHHOLDING UNDER THE PROVISIONS OF SECTION 3406(A)(1)(C) OF THE INTERNAL REVENUE CODE.

Note:   If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, in _____, _____

(Month/Year)                    (City)                         (State/Country)

_____
(Signature of Claimant)

_____        ☐☐ – ☐☐ – ☐☐☐☐
(Print Name of Claimant)                              (Date)

_____
(Signature of Joint Claimant, if any)

_____        ☐☐ – ☐☐ – ☐☐☐☐
(Print Name of Joint Claimant)                         (Date)

*If Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

8

```
┌──────────────────────────────────────────┐
│                                            │
│                                            │
└──────────────────────────────────────────┘
(Signature of Person Completing Form)
```

```
┌──────────────────────────────────────────┐        ┌──┬──┐ ┌──┬──┐ ┌──┬──┬──┬──┐
│                                            │        │  │  │─│  │  │─│  │  │  │  │
│                                            │        └──┴──┘ └──┴──┘ └──┴──┴──┴──┘
└──────────────────────────────────────────┘
(Print Name of Person Completing Form)                (Date)
```

```
┌──────────────────────────────────────────┐
│                                            │
│                                            │
└──────────────────────────────────────────┘
(Capacity of Person Signing (Executor, President, Trustee, etc.))
```

**REMINDER CHECKLIST**

- 1.  Please be sure to sign this Proof of Claim and Release form.
- 2.  Remember to attach supporting documentation, if available.
- 3.  **DO NOT SEND ORIGINALS OF ANY SUPPORTING DOCUMENTS.**
- 4.  Keep a copy of your claim form for your records.
- 5.  If you desire an acknowledgment of receipt of your Proof of Claim and Release form, please send it Certified Mail, Return Receipt Requested.
  - 6.  If you move, please send your new address to the Claims Administrator at the address below:

NovaStar MBS Litigation
P.O. Box 3266
Portland, OR 97208-3266

- 7.  Do not use highlighter on the Proof of Claim and Release form or supporting documentation.

9

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW JERSEY CARPENTERS HEALTH FUND, *on Behalf of Itself and all Others Similarly Situated*,<br><br>                    Plaintiff ,<br><br>                    *v.*<br><br>NOVASTAR MORTGAGE, INC., NOVASTAR MORTGAGE FUNDING CORPORATION, SCOTT F. HARTMAN, GREGORY S. METZ, W. LANCE ANDERSON, MARK HERPICH, RBS SECURITIES INC. f/k/a GREENWICH CAPITAL MARKETS, INC., d/b/a RBS GREENWICH CAPITAL, DEUTSCHE BANK SECURITIES INC., WELLS FARGO ADVISORS, LLC f/k/a WACHOVIA SECURITIES LLC,<br><br>                    Defendants. | Case No. 08-cv-5310 (DAB) |

**[PROPOSED] ORDER AND FINAL JUDGMENT**

This matter came for hearing on _____ (the "Final Approval Hearing"), on the

application of Plaintiffs to determine whether the terms and conditions of the Stipulation and

Agreement of Settlement (the "Stipulation") are fair, reasonable, adequate and in the best interest

of the Settlement Class Members for the settlement (the "Settlement") of all claims by Lead

Plaintiff New Jersey Carpenters Health Fund and the other Class Representative Iowa Public

Employees Retirement System, on behalf of themselves and the Settlement Class, against

Defendants NovaStar Mortgage, Inc., NovaStar Mortgage Funding Corporation, Scott F.

Hartman, Gregory S. Metz, W. Lance Anderson, Mark Herpich, RBS Securities Inc. f/k/a

Greenwich Capital Markets, Inc., d/b/a RBS Greenwich Capital, Deutsche Bank Securities Inc.,

and Wells Fargo Advisors, LLC f/k/a Wachovia Securities LLC in the above-captioned Action,

and should be approved; and whether judgment should be entered dismissing the Action on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are members of the Settlement Class herein who have not requested exclusion therefrom, and releasing the Released Claims.

Due and adequate notice having been given to the Settlement Class as provided in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings held in this Action and otherwise being fully informed of the matters herein and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.      As used in this Order and Final Judgment the following terms (together with their cognate forms) have the meanings specified below:

a.      "Action" means the securities class action styled *New Jersey Carpenters Health Fund v. NovaStar Mortgage, Inc., et al.*, No. 08-cv-5310 (S.D.N.Y.) (DAB).

b.      "Claim" means a claim submitted by a Settlement Class Member to the Claims Administrator for payment pursuant to the Plan of Allocation.

c.      "Claims Administrator" means Epiq Systems, Inc.

d.      "Defendants" means NovaStar Mortgage, Inc., NovaStar Mortgage Funding Corporation, Scott F. Hartman, Gregory S. Metz, W. Lance Anderson, Mark Herpich, RBS Securities Inc. f/k/a Greenwich Capital Markets, Inc., d/b/a RBS Greenwich Capital, Deutsche Bank Securities Inc., and Wells Fargo Advisors, LLC f/k/a Wachovia Securities LLC.

e.      "Effective Date" means the earliest date on which all of the events and conditions specified in ¶ 37 of the Stipulation have occurred or have been met.

2

f.      "Escrow Account" means an escrow account mutually agreeable to the Settling Parties, established, maintained, and controlled by the Escrow Agent, subject to the Court's supervisory authority, into which Defendants shall deposit or cause to be deposited the Settlement Amount.

g.      "Escrow Agent" means The Huntington National Bank, or a third party financial services company jointly designated by the Settling Parties to serve as escrow agent.

h.      "Investment Vehicle" means any investment company or pooled investment fund (including, but not limited to, mutual fund families, exchange-traded funds, fund of funds and hedge funds) in which any Defendant has or may have a direct or indirect interest, or as to which its affiliates may act as investment advisors, but of which any Defendant or any of its respective affiliates is not a majority owner or does not hold a majority beneficial interest.

i.      "Litigation Expenses" means the reasonable costs and expenses incurred by Lead Counsel in connection with commencing and prosecuting the Action, for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund. Litigation Expenses may also include reimbursement of the expenses of Plaintiffs in accordance with 15 U.S.C. § 77z-1(a)(4).

j.      "Notice" means the Notice of Pendency of Class Action, Preliminary Approval Order and Proposed Settlement, Final Approval Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (substantially in the form attached as Exhibit A-1 to the Stipulation), which was sent to members of the Settlement Class.

k.      "Offerings" means NovaStar Mortgage Funding Trusts, NovaStar Home Equity Loan Series 2006-3, 2006-4, 2006-5, 2006-6, 2007-1, and 2007-2.

l.      "Person" and "Persons" means any individual, corporation, limited liability company, limited partnership, partnership, professional corporation, association, affiliate, joint stock company, estate, trust, unincorporated association, entity, government and any political subdivision thereof, or any other type of business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

m.      "Plaintiffs" means the New Jersey Carpenters Health Fund and the Iowa Public Employees' Retirement System.

n.      "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.  The Plan of Allocation is not part of the Settlement, and the Released Parties have no responsibility for, and no liability with respect thereto.

o.      "Preliminary Approval Order" means the order entered by the Court on _____ ___, 2017, preliminarily certifying the Settlement Class, preliminarily approving the Settlement, and directing that Notice be provided to the Settlement Class.

p.      "Proof of Claim Form" means the form provided to Settlement Class Members by the Claims Administrator for purposes of submitting a Claim, substantially in the form attached to the Stipulation as Exhibit A-3.

q.      "Released Claims" means any and all claims (including "Unknown Claims," as defined in ¶ 1(x) herein), demands, rights, liabilities, and causes of action of every nature and description, known or unknown, suspected or unsuspected, contingent or non-contingent, matured or unmatured, whether or not concealed or hidden, which

4

now exist, or heretofore have existed, or can, shall or may exist, whether arising under federal, state, common or foreign law or at equity, that Plaintiffs or any Settlement Class Member (a) asserted in this Action, or (b) could have asserted in the Action or in any other proceeding or forum arising from or related in any way to the acts, failures to act, transactions, facts, events, matters, disclosures, statements, occurrences, representations, or omissions asserted or that could have been asserted in the Action against any Released Party; provided, however, that "Released Claims" shall not include a claim, if any, filed prior to December 20, 2016 solely and exclusively to the extent such claim asserted contractual repurchase rights with respect to any residential mortgage loan included in any of the Offerings.

       r.      "<u>Released Party</u>" and "<u>Released Parties</u>" means (i) each Defendant and his, her or its parents, subsidiaries, and affiliates and all of their respective past, current, and future respective directors, officers, employees, partners, insurers, co-insurers, reinsurers, agents, controlling shareholders, shareholders, attorneys, accountants, auditors, advisors, investment advisors, personal or legal representatives, predecessors, successors, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, and (ii) any entity in which any Defendant has a controlling interest, and all of their respective property.

       s.      "<u>Settlement Amount</u>" means one hundred sixty five million U.S. dollars ($165,000,000.00).

       t.      "<u>Settlement Class Member</u>" means a person or entity that is a member of the Settlement Class (as defined in ¶ 3 below) and that has not excluded himself, herself or itself by timely filing a request for exclusion pursuant to and in accordance with the

5

requirements set forth in the Preliminary Approval Order (such persons who have so excluded themselves being identified in Exhibit 1 attached hereto).

u.    "Settlement Fund" means the Settlement Amount plus any interest earned thereon after it is deposited into the Escrow Account.

v.    "Settling Parties" means (i) Defendants and (ii) Plaintiffs on behalf of themselves and the Settlement Class (as defined in ¶ 3 below).

w.    "Summary Notice" means the Summary Notice of the Pendency of Class Action and Proposed Settlement, Preliminary Approval Order, Final Approval Hearing, and Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached to the Stipulation as Exhibit A-2, which was published on ____, 2017, as set forth in the Preliminary Approval Order.

x.    "Unknown Claims" means any and all Released Claims that Plaintiffs and/or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to object to this Settlement or not exclude himself, herself or itself from the Settlement Class.

2.    This Court has jurisdiction to enter this Order and Final Judgment.  The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of the Settlement only, a class (the "Settlement Class") consisting of all Persons who purchased or otherwise acquired publicly offered Certificates representing interests

in any of the NovaStar Mortgage Funding Trusts, NovaStar Home Equity Loan Series 2006-3, 2006-4, 2006-5, 2006-6, 2007-1, or 2007-2 Offerings, prior to May 21, 2008, pursuant or traceable to the Registration Statement and accompanying prospectus filed with the Securities and Exchange Commission by NovaStar Mortgage Funding Corporation a/k/a NovaStar Certificates Financing Corporation on June 16, 2006 (No. 333-134461), and who were damaged thereby, *except* those Persons that timely and validly requested exclusion from the class pursuant to and in accordance with the terms of the Preliminary Approval Order.  Also excluded from the Settlement Class are all Defendants, their officers and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has or had a controlling interest, *except* for any Investment Vehicle.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for the purposes of the Settlement, Plaintiffs New Jersey Carpenters Health Fund and Iowa Public Employees' Retirement System are appointed as Class Representatives of the Settlement Class, and the law firm of Cohen Milstein Sellers & Toll PLLC ("Lead Counsel") is appointed as lead counsel for the Settlement Class.

5.      With respect to the Settlement Class, this Court finds, solely for the purposes of the Settlement, that: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Class Representatives are typical of the claims of the Settlement Class; (d) Class Representatives and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class Members; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions

affecting only individual members; and (f) a class action is superior to other available methods

for the fair and efficient adjudication of the controversy, considering: (i) the interests of the

Settlement Class Members in individually controlling the prosecution of separate actions; (ii) the

extent and nature of any litigation concerning the controversy already commenced by Settlement

Class Members; and (iii) the desirability or undesirability of concentrating the litigation of these

claims in this particular forum.

      6.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby

approves the Settlement, and finds that the Settlement is, in all respects, fair, reasonable and

adequate, and in the best interests of the Settlement Class Members.  This Court further finds that

the Settlement is the result of arm's-length negotiations between experienced counsel

representing the interests of the Settling Parties.  Accordingly, the Settlement is hereby approved

in all respects and shall be consummated in accordance with the terms and provisions therein.

The Settling Parties are hereby directed to perform the Settlement's terms.

      7.     The distribution of the Notice and the publication of the Summary Notice as

provided for in the Preliminary Approval Order constituted the best notice practicable under the

circumstances, including individual notice to all Settlement Class Members who could be

identified with reasonable effort.  Said notice provided the best notice practicable under the

circumstances of those proceedings and of the matters set forth therein, including the proposed

Settlement, to all persons and entities entitled to such notice, and said notice fully satisfied the

requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and any other

applicable law, including the Private Securities Litigation Reform Act of 1995.  A full and fair

opportunity was accorded to all Settlement Class Members to be heard with respect to the

Settlement.  Thus, it is hereby determined that all members of the Settlement Class, other than

those persons and entities who validly and timely requested exclusion from the Settlement Class as listed in Exhibit 1 hereto, are bound by this Order and Final Judgment.

8.      The Action and all claims contained therein are hereby dismissed on the merits with prejudice as to Plaintiffs and the Settlement Class Members.  The parties are to bear their own costs, except as otherwise provided in the Stipulation.

9.      Upon the Effective Date, Plaintiffs and all other Settlement Class Members, on behalf of themselves and any of their personal representatives, spouses, domestic partners, trustees, heirs, executors, administrators, successors or assigns, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally and forever waived, released, relinquished, discharged, and dismissed all Released Claims, with prejudice and on the merits, whether or not such Plaintiff or Settlement Class Member executes and delivers a Proof of Claim Form.  Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and of the provisions, rights and benefits of § 1542 of the California Civil Code (and any other similar provision of law of any other jurisdiction), was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.

10.      Upon the Effective Date, Plaintiffs and all other Settlement Class Members, on behalf of themselves and any of their personal representatives, spouses, domestic partners, trustees, heirs, executors, administrators, successors or assigns, are forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any Released Claims, including, without limitation, instigating, voting in favor of or otherwise supporting the assertion of any claim asserting contractual repurchase (or other

9

"putback") rights with respect to any residential mortgage loan included in any of the Offerings other than in any action filed prior to December 20, 2016 asserting such claims.

11.     Upon the Effective Date, the Released Parties shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally and forever waived, released, relinquished, discharged, and dismissed all claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims, with prejudice and on the merits, against each and all of the Plaintiffs, Settlement Class Members, and Lead Counsel.

12.     The fact and terms of the Stipulation, including Exhibits thereto, this Order and Final Judgment, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

a.     shall not be offered or received against the Released Parties, Plaintiffs or the Settlement Class Members as evidence of, or construed as, or deemed to be evidence of, any presumption, concession or admission by any of the Released Parties or by Plaintiffs or the Settlement Class Members with respect to the truth of any fact alleged by Plaintiffs, or the validity, or lack thereof, of any claim, or the deficiency of any defense that was or could have been asserted in the Action or in any litigation, in this or any other court, administrative agency, arbitration forum or other tribunal, or of any liability, negligence, fault or wrongdoing of the Released Parties, Plaintiffs or the Settlement Class Members;

b.     shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or

against any Released Party, Plaintiffs or the Settlement Class Members as evidence of any infirmity in the claims or defenses that have been or could have been asserted in the Action;

      c.    shall not be offered or received against the Released Parties, Plaintiffs or the Settlement Class Members as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Released Parties, Plaintiffs or Settlement Class Members in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

      d.    shall not be construed against the Released Parties, Plaintiffs or the Settlement Class Members as an admission, concession or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

      e.    shall not be construed as or received in evidence as an admission, concession or presumption against Plaintiffs or Settlement Class Members that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

13.    The Released Parties may file the Stipulation and/or this Order and Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith

settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14.     Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation and enforcement of the Settlement; (b) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (c) disposition of the Settlement Fund; (d) enforcing and administering this Order and Final Judgment; (e) enforcing and administering the Stipulation, including any releases and bar orders executed in connection therewith; and (f) other matters related or ancillary to the foregoing.

15.     Any plan of allocation submitted by Lead Counsel, or any order entered regarding the allowance or disallowance, in whole or in part, of any attorneys' fees and/or Litigation Expenses shall in no way disturb or affect this Order and Final Judgment and shall be considered separate from this Order and Final Judgment.  The Released Parties have no responsibility for, and no liability with respect to (i) the investment or distribution of the Settlement Amount under any plan of allocation, or (ii) the attorneys' fees or Litigation Expenses that the Court may or may not award.

16.     The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17.     The Escrow Account, into which Defendants have deposited the Settlement Amount, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code 468B and the Treasury Regulations promulgated thereunder.

18.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants or any of them who paid such Settlement Amount on behalf of Defendants, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated to the extent provided by the Stipulation and, in such event: (a) all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; and (b) the fact of the Settlement shall not be admissible in any trial of the Action.

19.     Without further Order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

Dated: New York, New York

_____, 2017


_____
HONORABLE DEBORAH A. BATTS
UNITED STATES DISTRICT JUDGE

13