**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW JERSEY CARPENTERS HEALTH FUND, *on Behalf of Itself and all Others Similarly Situated,*<br><br>Plaintiff,<br><br>v.<br><br>NOVASTAR MORTGAGE, INC., NOVASTAR MORTGAGE FUNDING CORPORATION, SCOTT F. HARTMAN, GREGORY S. METZ, W. LANCE ANDERSON, MARK HERPICH, RBS SECURITIES INC. f/k/a GREENWICH CAPITAL MARKETS, INC., d/b/a RBS GREENWICH CAPITAL, DEUTSCHE BANK SECURITIES INC., WELLS FARGO ADVISORS, LLC F/K/A WACHOVIA SECURITIES LLC,<br><br>Defendants. | Case No. 08-cv-5310 (DAB) |



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/9/17

DAB
5/9/17

[PROPOSED] ORDER PRELIMINARILY APPROVING THE SETTLEMENT,
CERTIFYING SETTLEMENT CLASS, APPROVING NOTICE
TO THE CLASS AND SCHEDULING FINAL APPROVAL HEARING

WHEREAS, Lead Plaintiff New Jersey Carpenters Health Fund and the other Class Representative Iowa Public Employees' Retirement System (with Lead Plaintiff, the "Plaintiffs") on behalf of themselves and the Settlement Class (as defined below) have applied to the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order approving the settlement (the "Settlement") of the above-captioned litigation (the "Action") in accordance with the Stipulation and Agreement of Settlement, dated as of March 8, 2017 (the "Stipulation") and for dismissal of the Action with prejudice upon the terms and conditions set forth in the Stipulation;

1

WHEREAS, the Stipulation provides for the conditional certification of the Settlement Class solely for purposes of the Settlement;

WHEREAS, the Defendants do not oppose Plaintiffs' application; and

WHEREAS, the Court is familiar with and has reviewed the record in the Action and has reviewed the Stipulation, including the exhibits attached to the Stipulation, and found good cause for entering the following Order:

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. This order (the "Preliminary Approval Order") hereby incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. The Court preliminarily approves the Stipulation, including the releases contained therein, and preliminarily approves the Settlement as being fair, reasonable and adequate to the Settlement Class.

3. Solely for purposes of the Stipulation and the Settlement, the Court hereby certifies a Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure consisting of all Persons who purchased or otherwise acquired publicly offered Certificates representing interests in any of the NovaStar Mortgage Funding Trusts, NovaStar Home Equity Loan Series 2006-3, 2006-4, 2006-5, 2006-6, 2007-1, or 2007-2 Offerings prior to May 21, 2008, pursuant or traceable to the Registration Statement and accompanying prospectus filed with the Securities and Exchange Commission by NovaStar Mortgage Funding Corporation a/k/a NovaStar Certificates Financing Corporation on June 16, 2006 (No. 333-134461), and who were damaged thereby, *except* those Persons that timely and validly request exclusion from the class pursuant to and in accordance with the terms herein. Also excluded from the Settlement

Class are all Defendants, their officers and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has or had a controlling interest, *except* for any Investment Vehicle (as defined in the Stipulation).

4. Solely for purposes of the Stipulation and the Settlement and pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Plaintiffs are appointed as the Class Representatives and Cohen Milstein Sellers & Toll PLLC is appointed as Lead Counsel for the Settlement Class.

5. Solely for purposes of the Stipulation and the Settlement, the Court finds that: (i) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (ii) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (iii) the claims of the Class Representatives are typical of the claims of the Settlement Class; (iv) the Class Representatives and Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (a) the interests of the Settlement Class Members in individually controlling the prosecution of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (c) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (d) the difficulties likely to be encountered in the management of a class action.

6. The Court approves the form of Notice of Pendency of Class Action, Preliminary Approval Order and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") (annexed hereto as Exhibit A-1),

the Summary Notice (annexed hereto as Exhibit A-2) (together, the "Notices"), and the Proof of Claim Form (annexed hereto as Exhibit A-3), and finds that the procedures established for publication, mailing and distribution of the Notices substantially in the manner and form set forth in Paragraph 7 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27(a)(7) of the Securities Act of 1933 (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 77aa-(a)(7), the Constitution of the United States, and any other applicable law, and constitute the best notice practicable under the circumstances and shall constitute sufficient notice to all Persons entitled thereto.

7. The Court approves the appointment of Epiq Systems, Inc. as the Claims Administrator to supervise and administer the notice procedure, as well as the processing of claims as more fully set forth below:

    a. No later than thirty (30) calendar days after the Settlement Amount is paid to the Escrow Agent pursuant to the Stipulation (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and Proof of Claim Form (the "Claim Form"), annexed hereto as Exhibits A-1 and A-3, respectively, to be mailed by first-class mail, postage prepaid, to those members of the Settlement Class who may be identified through reasonable effort;

    b. A summary notice (the "Summary Notice"), annexed hereto as Exhibit A-2, shall be published once in the national edition of *The Wall Street Journal* and on *PR Newswire* no later than the Notice Date; and

4

  c.  The Notice, the Summary Notice and the Proof of Claim Form shall also be placed on a website dedicated to this Settlement administration on or before the Notice Date.

  8.  Nominees who purchased Certificates for beneficial owners who are Settlement Class Members are directed to: (a) request within fourteen (14) calendar days of receipt of the Notice additional copies of the Notice and the Proof of Claim Form from the Claims Administrator for such beneficial owners; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within fourteen (14) calendar days after receipt of the Notice. If a nominee elects to send the Notice to beneficial owners, such nominee is directed to mail the Notice within fourteen (14) calendar days of receipt of the additional copies of the Notice from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Settlement Class. Upon full compliance with this Preliminary Approval Order, including the timely mailing of the Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Preliminary Approval Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice, if the nominee elected or elects to do so. Such properly documented expenses incurred by nominees in compliance with the terms of this Preliminary Approval Order shall be paid from the Settlement Fund.

  9.  No later than twenty-eight (28) calendar days prior to the Final Approval Hearing, Lead Counsel shall cause to be filed with the Clerk of this Court affidavits or declarations of the

Person or Persons under whose general direction the mailing of the Notice and the publication of the Summary Notice shall have been made, showing that such mailing and publication have been made in accordance with this Order.

10.     Pending further order of the Court, all litigation activity, except as contemplated herein, in the Stipulation, in the Notice or in the Judgment, is hereby stayed and all hearings, deadlines and other proceedings in this Action, except the Final Approval Hearing, are hereby taken off calendar.

## HEARING: RIGHT TO BE HEARD

11.     The Court will hold a settlement hearing (the "Final Approval Hearing"), on *September 13*, 2017, at *2:30* [A.M./**P.M.**],[1] in the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 24B, New York, New York, for the following purposes: (i) to determine whether the Settlement should be finally approved as fair, reasonable, adequate and in the best interests of the Settlement Class; (ii) to determine whether the Judgment, in the form attached as Exhibit B to the Stipulation, should be entered dismissing and releasing the Released Claims (as that term is defined in the Stipulation) with prejudice; (iii) to rule upon the Plan of Allocation; (iv) to rule upon Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses; and (v) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

12.     Papers in support of the Settlement, the Plan of Allocation and Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses shall be filed no later

---

[1] The parties have respectfully requested that the Court schedule the Final Approval Hearing no earlier than 120 days from the date it signs this Preliminary Approval Order, so that, among other things, they may take the steps required by this Preliminary Approval Order and the Stipulation, and also so they may comply with the provisions set forth in the Class Action Fairness Act, 28 U.S.C. § 1715(b), (d).

6

than twenty-eight (28) calendar days prior to the Final Approval Hearing. If an objection is filed pursuant to paragraph 13 below, any reply papers shall be filed no later than seven (7) calendar days before the Final Approval Hearing.

13. Any member of the Settlement Class may appear at the Final Approval Hearing and show cause why the proposed Settlement embodied in the Stipulation should or should not be approved as fair, reasonable, adequate and in the best interests of the Settlement Class, or why the Judgment should or should not be entered thereon, and/or to present opposition to the Plan of Allocation or to the application of Lead Counsel for attorneys' fees and reimbursement of Litigation Expenses. However, no Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the terms of the Plan of Allocation or the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, unless that Settlement Class Member or Person (i) has served written objections, by hand or first-class mail, including the basis therefor, as well as copies of any papers and/or briefs in support of his, her or its position upon the following counsel for receipt no later than fourteen (14) calendar days prior to the Final Approval Hearing:

       **Lead Counsel for the Settlement Class**
       Joel P. Laitman
       Christopher Lometti
       Michael Eisenkraft
       COHEN MILSTEIN SELLERS & TOLL, PLLC
       88 Pine Street, 14th Floor
       New York, NY 10005

       Steven J. Toll
       COHEN MILSTEIN SELLERS & TOLL, PLLC
       1100 New York Avenue, N.W.
       Suite 500 West
       Washington, D.C. 20005

**Counsel for the Defendants RBS Securities Inc., Deutsche Bank Securities Inc., and Wells Fargo Advisors, LLC**
Thomas C. Rice
Alan C. Turner
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017

**Counsel for the Defendants NovaStar Mortgage, Inc., NovaStar Mortgage Funding Corporation, Scott F. Hartman, Gregory S. Metz, W. Lance Anderson, and Mark Herpich**
William Alderman
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105

Steven Fink
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019

and (ii) filed said objections, papers and briefs with the Clerk of the United States District Court for the Southern District of New York no later than fourteen (14) calendar days prior to the Final Approval Hearing. Any objection must include: (a) the full name, address, and phone number of the objecting Settlement Class Member or Person; (b) a list and documentation of all of the Settlement Class Member's transactions involving the Certificates included in the Settlement Class definition, including brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase or sale and the price paid and/or received (including all income received thereon); (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Final Approval Hearing; (g) a list of other cases in which the objector or the

8

objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel. If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys who will appear on his, her or its behalf at the Final Approval Hearing. Any Settlement Class Member or Person who does not make his, her or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as reflected in the Stipulation, to the Judgment, to the Plan of Allocation or to the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. The manner in which a notice of objection should be prepared, filed and delivered shall be stated in the Notice. By objecting to the Settlement, the Judgment, the Plan of Allocation and/or the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, or otherwise requesting to be heard at the Final Approval Hearing, a Settlement Class Member or Person shall be deemed to have submitted to the jurisdiction of this Court with respect to the person's or entity's objection or request to be heard and the subject matter of the Settlement, including, but not limited to, enforcement of the terms of the Settlement (including, but not limited to, the release of the Released Claims provided for in the Stipulation and the Judgment).

14. All Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class. If the Settlement is approved, all Settlement Class Members will be bound by the Settlement provided for in the Stipulation, and by any judgment or determination of the Court

affecting Settlement Class Members, regardless of whether or not a Settlement Class Member submits a Proof of Claim Form.

15. Any Settlement Class Member may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

16. The Court reserves the right to (a) adjourn or continue the Final Approval Hearing without further notice to Settlement Class Members and (b) approve the Stipulation and Settlement with modification and without further notice to Settlement Class Members. The Court retains jurisdiction of this Action to consider all further applications arising out of or otherwise relating to the proposed Settlement, and as otherwise warranted.

## CLAIMS PROCESS

17. In order to be entitled to participate in the Settlement, a Settlement Class Member must complete and submit a Proof of Claim Form in accordance with the instructions contained therein. To be valid and accepted, Proof of Claim Forms submitted in connection with this Settlement must be postmarked no later than one hundred and twenty (120) calendar days from the date of the Preliminary Approval Order.

18. Any Settlement Class Member who does not timely submit a valid Proof of Claim Form shall not be eligible to share in the Settlement Fund, but nonetheless shall be barred and enjoined from asserting any Released Claim and shall be bound by any judgment or determination of the Court affecting the Settlement Class Members.

## REQUESTS FOR EXCLUSION FROM THE SETTLEMENT CLASS

19. Any requests for exclusion from the Settlement Class must be submitted for receipt by the Claims Administrator no later than twenty-eight (28) calendar days prior to the Final Approval Hearing. Any Settlement Class Member who wishes to be excluded from the

Settlement Class must provide (i) name; (ii) address; (iii) telephone number; (iv) identity and original face value of the Certificates purchased (or otherwise acquired) and/or sold; (v) prices or other consideration paid and/or received for such Certificates; (vi) the date of each purchase or sale transaction; and (vii) a statement that the Person wishes to be excluded from the Settlement Class. The request for exclusion must also be signed by the Person requesting exclusion. All Persons who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final Judgment.

20. Any Settlement Class Member who does not request exclusion from the Settlement Class in the manner stated in this Preliminary Approval Order shall be deemed to have waived his, her or its right to be excluded from the Settlement Class, and shall forever be barred from requesting exclusion from the Settlement Class in this or any other proceeding, and shall be bound by the Settlement and the Judgment, including but not limited to the release of the Released Claims provided for in the Stipulation and the Judgment, if the Court approves the Settlement.

21. The Released Parties shall have no responsibility or liability whatsoever with respect to the Plan of Allocation, the Class Distribution Order, or Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses. The Plan of Allocation and Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses will be considered separately from the fairness, reasonableness and adequacy of the Settlement. At or after the Final Approval Hearing, the Court will determine whether Lead Counsel's proposed Plan of Allocation should be approved, and the amount of attorneys' fees and Litigation Expenses to be awarded to Lead Counsel. Any appeal from any orders relating

solely to the Plan of Allocation, the Class Distribution Order, or Lead Counsel's application for an award of attorneys' fees and Litigation Expenses, or any reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action set forth therein.

22. Only Settlement Class Members and Lead Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the Stipulation.

23. All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

24. As set forth in the Stipulation, immediately after payment of the Settlement Fund into the Escrow Account, and without further order of the Court, Lead Counsel may direct payment from the Escrow Account of up to $500,000.00 U.S. dollars for the actual, necessary and reasonable costs incurred in connection with providing notice to the Settlement Class, locating Settlement Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim Forms, and paying Taxes, Tax Expenses, escrow fees and costs, if any. In no event shall the aggregate amount of all Notice and Administration Costs exceed $500,000 prior to the Judgment becoming Final. To the extent that Notice and Administration Costs exceed $500,000 after the Judgment becomes Final, they may be paid only pursuant to further order of the Court. In the event the Court does not approve the Settlement, or if the Settlement otherwise fails to become effective, neither Plaintiffs nor Lead Counsel shall have any obligation to repay to

Defendants or their Insurers any Notice and Administration Costs actually and properly paid, owing, or incurred (whether or not yet due).

25.  The fact and terms of this Preliminary Approval Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Preliminary Approval Order and the Settlement, and any act performed or document signed in connection with this Preliminary Approval Order and the Settlement, shall not, in this or any other court, administrative agency, arbitration forum or other tribunal, constitute an admission of, or evidence of, or be deemed to create any inference of, (i) any acts of wrongdoing or lack of wrongdoing on the part of the Released Parties, Plaintiffs, Settlement Class Members, or anyone else, (ii) any liability on the part of the Released Parties, Plaintiffs, the Settlement Class, or anyone else, (iii) any deficiency of any claim or defense that has been or could have been asserted in this Action, (iv) any damages or lack of damages suffered by Plaintiffs, the Settlement Class or anyone else, or (v) that the Settlement Amount (or any other amount) represents the amount that could or would have been recovered in this Action if it was not settled at this point in time. The fact and terms of this Preliminary Approval Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Preliminary Approval Order and the Settlement, and any act performed or document signed in connection with this Preliminary Approval Order and the Settlement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal, except as necessary (i) to enforce the terms of this Preliminary Approval Order and/or the Settlement, including, but not limited to, the Judgment and the release of the Released Claims provided for in the Stipulation and the Judgment or (ii) to obtain entry of the Bankruptcy Court Order (as defined in the Stipulation).

26. Unless otherwise provided in the Stipulation, there shall be no distribution of any of the Net Settlement Fund to any Settlement Class Member until a Plan of Allocation is finally approved, the Class Distribution Order has been entered, and such orders are affirmed on appeal and/or are no longer subject to review by appeal or *certiorari*, and the time for any petition for rehearing, appeal, or review, by *certiorari* or otherwise, has expired.

27. Upon the date for publishing the Summary Notice, pending final determination of whether Settlement should be approved, the Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute or commence any action which asserts the Released Claims, including, without limitation, instigating, voting in favor of or otherwise supporting the assertion of any claim asserting contractual repurchase (or other "putback") rights with respect to any residential mortgage loan included in any of the Offerings other than in any action filed prior to December 20, 2016 asserting such claims, unless such putative Settlement Class Member requests exclusion from the Settlement Class in accordance with the Notice.

28. In the event that the Settlement fails to become effective in accordance with its terms, or if the Judgment is not entered or is reversed, vacated or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the Settlement), this Preliminary Approval Order (except Paragraphs 24, 25 and 28) shall be null and void, the Stipulation shall be deemed terminated, and the parties shall return to their positions without prejudice in any way, as provided for in the Stipulation.

29. The Court preliminarily finds that the Escrow Account is a "qualified settlement fund" pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

IT IS SO ORDERED.

DATED: May 9, 2017

*Deborah A. Batts*
THE HONORABLE DEBORAH A. BATTS
UNITED STATES DISTRICT COURT JUDGE