UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEW JERSEY CARPENTERS HEALTH FUND, *on behalf of itself and all others similarly situated*,

        Plaintiff,

v.

NOVASTAR MORTGAGE, INC., NOVASTAR MORTGAGE FUNDING CORPORATION, SCOTT F. HARTMAN, GREGORY S. METZ, W. LANCE ANDERSON, MARK HERPICH, RBS SECURITIES INC. F/K/A GREENWICH CAPITAL MARKETS, INC., D/6/A RBS GREENWICH CAPITAL, DEUTSCHE BANK SECURITIES INC., WELLS FARGO ADVISORS, LLC F/K/A WACHOVIA SECURITIES LLC,

        Defendants.

08 Civ. 5310

## OBJECTION OF THE FEDERAL HOUSING FINANCE AGENCY AND THE FEDERAL HOME LOAN MORTGAGE CORPORATION TO THE PROPOSED CLASS ACTION SETTLEMENT

The Federal Housing Finance Agency ("FHFA" or "Conservator"), in its capacity as conservator of the Federal Home Loan Mortgage Corporation ("Freddie Mac"), and Freddie Mac respectfully submit this Objection to the proposed class action settlement (the "Settlement" or "Proposed Settlement"), pursuant to Paragraph 13 of this Court's Order Preliminarily Approving the Settlement, Certifying Settlement Class, Approving Notice To The Class And Scheduling Final Approval Hearing (Dkt. 252) (the "Order"). The facts upon which this Objection is based are set forth in the accompanying affidavit of Robert R. Lawrence ("Lawrence Aff.").

## BACKGROUND

Freddie Mac is a corporate instrumentality of the United States, duly organized and existing under the laws of the United States of America with its principal place of business in McLean, Virginia. (Lawrence Aff. ¶ 4.) *See* 12 U.S.C. §§ 1451, *et seq*. On September 6, 2008, the Director of the FHFA placed Freddie Mac into conservatorship pursuant to express authority granted to him in the Housing and Economic Recovery Act of 2008, Pub. L. 110-289, 122 Stat. 2654 ("HERA," codified at 12 U.S.C. § 4617), "for the purpose of reorganizing, rehabilitating, or winding up its affairs." 12 U.S.C. § 4617(a)(2). (Lawrence Aff. ¶ 5.) As conservator, FHFA succeeded to "all rights, titles, powers, and privileges" of Freddie Mac. 12 U.S.C. § 4617(b)(2)(A)(i). The Conservator is charged with, among other things, the obligation to preserve and conserve the assets and property of Freddie Mac. 12 U.S.C. § 4617(b)(2)(B)(iv).

Freddie Mac had purchased bonds from the senior, triple-A tranches of the NovaStar Home Equity Loan ("NHEL") 2006-3 and 2006-6 securitizations (the "Freddie Mac Bonds") at issue in this action. (Lawrence Aff. ¶ 9.) In or around 2008, the Class Plaintiffs commenced the instant class action, which encompasses the Freddie Mac Bonds. Following FHFA's appointment as Freddie Mac's conservator, and as part of FHFA's efforts to conserve Freddie Mac's assets, FHFA in 2011 investigated potential claims against Wells Fargo Advisors, LLC f/k/a Wachovia Securities, LLC ("Wells Fargo"), related to, *inter alia*, the Freddie Mac Bonds. In an attempt to avoid litigation at that time, FHFA, Freddie Mac, the Federal National Mortgage Association and Wells Fargo entered into an August 2, 2011 Tolling Agreement regarding the Freddie Mac Bonds and other RMBS bonds. (Lawrence Aff. ¶ 25.) FHFA, Freddie Mac and Wells Fargo thereafter extended that Tolling Agreement on 10 separate occasions, executing the Tenth Amendment to the Tolling Agreement today. (*Id.*)

While FHFA and Freddie Mac were in the process of exchanging signatures for that Tenth Amendment yesterday, August 29, 2017, Freddie Mac first saw the Notice of Proposed Settlement and first became aware of the deadline for requesting exclusion from the Settlement Class. (*Id.* ¶ 22.) The Proposed Settlement basically addresses the same liability as that encompassed by the Tolling Agreement. While the Order requires that the notice of settlement be "mailed by first-class mail … to those members of the Settlement Class who may be identified through reasonable effort" (Order, ¶ 7.a), Freddie Mac received no such notice. Specifically, Freddie Mac's Associate General Counsel, Robert Lawrence, Esq., performed a reasonable search to determine if Freddie Mac received a copy of any notice of the Proposed Settlement and certification of the settlement class, and concluded that Freddie Mac had not received any such notice. (Lawrence Aff. ¶ 12.) Moreover, pursuant to Freddie Mac's Corporate Policy, all legal process served on Freddie Mac is forwarded to the Vice President & Deputy General Counsel, whose assistant logs all such documents and sets up a file for each new matter. (*Id.* ¶ 13.) Mr. Lawrence contacted this assistant and was informed that she had no record of any such documents or file relating to this case. (*Id.*)

As a matter of course, Freddie Mac's Vice President & Deputy General Counsel directs any documents related to RMBS matters such as this case to Mr. Lawrence's attention and any documents relating to class actions to the Single Family Default Management Litigation Group. (*Id.* ¶ 15.) Notwithstanding that fact, Mr. Lawrence is not aware of any documents relating to this matter that have been so directed to his attention, and he has confirmed with the Single Family Default Management Litigation Group that it has not received any such documents. (*Id.*)

Finally, based on his experience as the primary point person for RMBS matters in the legal department at Freddie Mac, Mr. Lawrence also contacted all other Freddie Mac

3

departments that, in his experience, are likely to receive a notice relating to a case like this. (*Id.* ¶ 16.) Each of these departments – Enterprise Risk Management; Investments & Capital Markets; Legal-Securities; and Legal-General Litigation – has informed Mr. Lawrence that it has not received any documents relating to this case. (*Id.*)

Upon learning yesterday of the existence of the Proposed Settlement, Freddie Mac informed its Conservator about it. In its capacity as conservator, FHFA directed Freddie Mac to opt out of the Proposed Settlement. Because Freddie Mac did not receive proper notice, however, it was unable to opt out by the August 16, 2017 deadline set in the Order for requesting exclusion from the Settlement Class (the "Opt-Out Deadline"). (*See* Order, ¶ 19; Lawrence Aff, ¶ 20.) Still within two weeks of the Opt-Out Deadline, Freddie Mac requested that the parties to the instant action agree not to contest a post-Deadline request for exclusion. (Lawrence Aff. ¶ 24.) Defendant Wells Fargo, however, refused today to consent to such a post-Deadline request, thereby necessitating the instant objection. (*Id..*)

Importantly, in the event Freddie Mac is not allowed to opt out, the statutory protection of conservatorship estate assets as set out in of 12 U.S.C. 4617(j)(3) applies. Thus, no action may be taken to diminish the full value of Freddie Mac's legal claims against the Defendants, and the Proposed Settlement must either fail or be amended specifically to carve out the Conservator's and Freddie Mac's interests pursuant to Congress's clear directive barring involuntary actions against Conservator property.

## ARGUMENT

### I. UNDER HERA, THE COURT LACKS AUTHORITY TO APPROVE THE PROPOSED SETTLEMENT OVER FHFA'S OBJECTION

In its effort to stabilize the nation's housing market, Congress granted FHFA, in its capacity as conservator, a set of broad protections, and expressly exempted conservatorship

4

property from a variety of legal processes. *See* 12 U.S.C. § 4617(j)(3). Specifically, Congress provided that conservatorship property shall not be "subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the Agency, nor shall any involuntary lien attach to [such] property ...." *Id.* Section 4617(j)(3) thus precludes a variety of judicial remedies, including judicial recognition of actions that would otherwise impair or extinguish conservatorship property. *See, e.g., Berezovsky v. Moniz*, --- F.3d ---, No. 16-15066, 2017 WL 3648519 (9th Cir. 2017) (holding that § 4617(j)(3) preempted state foreclosure law that would otherwise have extinguished a conservatorship lien interest in the foreclosed property and precluded entry of a judgment quieting title in the foreclosure purchaser); *Skylights LLC v. Byron*, 112 F. Supp. 3d 1145 (D. Nev. 2015) ("The plain meaning of this subsection is that when FHFA is acting as a conservator, none of the property sought to be conserved by FHFA may be subject to a foreclosure without its consent."). Courts applying the substantively identical provision applicable to FDIC receiverships, 12 U.S.C. § 1825(b)(2), routinely affirm the point. *See, e.g., Simon v. Cebrick*, 53 F.3d 17 (3d Cir. 1995) (precluding judgment that would extinguish FDIC receivership property via judicial foreclosure). These decisions confirm that litigation adversaries cannot use judicial process to extinguish or impair conservatorship or receivership property. In addition, § 4617(f) of HERA provides more broadly that "no court may take any action to restrain or affect the exercise of powers or functions of the [FHFA] as a conservator or receiver." *See* 12 U.S.C. § 4617(f).

FHFA succeeded to Freddie Mac's interest in the Freddie Mac Bonds and FHFA does not consent to the Proposed Settlement. (Lawrence Aff. ¶ 7.) Because the Proposed Settlement would involuntarily impair conservatorship property – *viz.*, Freddie Mac's interest in the Freddie

Mac Bonds – and FHFA does not consent to that impairment, this Court should reject the Proposed Settlement on the ground that it violates the protections granted to FHFA under HERA.

## II. THIS COURT SHOULD REJECT THE PROPOSED SETTLEMENT BECAUSE FREDDIE MAC DID NOT RECEIVE SUFFICIENT NOTICE OF THE PROPOSED SETTLEMENT, AND WAS DENIED A FAIR OPPORTUNITY TO REQUEST EXCLUSION FROM THE SETTLEMENT CLASS

The Order creating the Settlement Class in this Action requires that a notice of settlement be "mailed by first-class mail … to those members of the Settlement Class who may be identified through reasonable effort." *Id.* ¶ 7.a. Although Freddie Mac is undoubtedly such a party, Freddie Mac did not receive this required notice (Lawrence Aff. ¶¶ 10-23), and this Court should reject the Proposed Settlement for this reason alone.

As set forth above, Freddie Mac has conducted an investigation and concluded that it did not receive the notice required by the Order. Even if Class Plaintiffs had conducted the required mailing, the fact that that mailing never reached Freddie Mac – one of the largest purchasers of RMBS in the world – is evidence that the notice procedures were inadequate. The Court should reject the Proposed Settlement for this reason alone.

Freddie Mac wants simply to opt out of the Proposed Settlement, in accordance with the direction it received from FHFA. Freddie Mac would have requested exclusion from the Settlement Class by the Order's Opt-Out Deadline, but the failure of the notice procedures denied Freddie Mac the opportunity to do so. Freddie Mac then sought an eminently reasonable two-week extension of the Opt-Out Deadline – a step that would not prejudice either the Proposed Settlement or the Parties – but its request was denied by Wells Fargo, which apparently sees some benefit in trying to force Freddie Mac and its Conservator into the Proposed Settlement in violation of 12 U.S.C. 4617(j)(3). Accordingly, based upon the inadequate notice procedures, the Proposed Settlement should be rejected. In the alternative, Freddie Mac should

6

be granted a short extension of the Opt-Out Deadline to file and serve its request for exclusion from the Settlement Class on its behalf and on behalf of the Conservator.[1]

## CONCLUSION

For all of these reasons, FHFA and Freddie Mac respectfully object to the Proposed Settlement, and respectfully request that the Court enter an order *either* (i) rejecting the Proposed Settlement or (ii) extending the Opt-Out Deadline to permit Freddie Mac to request exclusion from the Settlement Class.

DATED: August 30, 2017
New York, New York

McKOOL SMITH, P.C.

By: /s/ Christopher P. Johnson

Christopher P. Johnson (CJ2054)
(cpjohnson@mckoolsmith.com)
Kyle Lonergan (KL0650)
(klonergan@mckoolsmith.com)
One Bryant Park
47th Floor
New York, New York 10036

*Attorneys for Objectors the Federal Housing Finance Agency and the Federal Home Loan Mortgage Corporation*

---

[1] FHFA and Freddie Mac intend to appear at the Final Approval Hearing, to be represented by Christopher P. Johnson and Kyle Lonergan of McKool Smith, P.C., and to call Robert Lawrence and/or Kieran Gifford to testify in support of the Objection. Having not received proper notice, however, FHFA and Freddie Mac have been unable to compile certain of the information required by the Order, specifically "(b) a list and documentation of all of the Settlement Class Member's transactions involving the Certificates included in the Settlement Class definition, including brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase or sale and the price paid and/or received (including all income received thereon); … and (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years." FHFA and Freddie Mac will provide that information to the Court and counsel as soon as possible.

DATED:   August 30, 2017

FEDERAL HOME LOAN
MORTGAGE CORPORATION

By: /s/ Robert Lawrence
Robert Lawrence
Associate General Counsel

8200 Jones Branch Dr.
McLean, VA 22102

Federal Housing Finance Agency, as Conservator
for the Federal Home Loan Mortgage Corporation

By: _/s/ Alfred M. Pollard/tro_
    Alfred M. Pollard, Esq.
    General Counsel
Constitution Center
400 7th Street, SW
Washington, DC  20024