UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEW JERSEY CARPENTERS HEALTH
FUND, *on behalf of itself and all others
similarly situated*,

           Plaintiff,

v.

NOVASTAR MORTGAGE, INC.,
NOVASTAR MORTGAGE FUNDING
CORPORATION, SCOTT F. HARTMAN,
GREGORY S. METZ, W. LANCE
ANDERSON, MARK HERPICH, RBS
SECURITIES INC. F/K/A GREENWICH
CAPITAL MARKETS, INC., D/6/A RBS
GREENWICH CAPITAL, DEUTSCHE
BANK SECURITIES INC., WELLS FARGO
ADVISORS, LLC F/K/A WACHOVIA
SECURITIES LLC,

           Defendants.

08 Civ. 5310

### THE FEDERAL HOUSING FINANCE AGENCY'S MEMORANDUM OF LAW IN SUPPORT OF ITS APPLICATION BY ORDER TO SHOW CAUSE WHY IMMEDIATE 45-DAY STAY PURSUANT TO 12 U.S.C. § 4617(b)(10)(B) SHOULD NOT BE GRANTED

The Federal Housing Finance Agency ( "FHFA" or "Conservator"), in its capacity as conservator of the Federal Home Loan Mortgage Corporation ("Freddie Mac"), respectfully submits this memorandum of law in support of its application by Order to Show Cause Why Immediate 45-Day Stay Pursuant to 12 U.S.C. § 4617(b)(10)(B) Should Not Be Granted to allow FHFA adequate time to determine what further actions are necessary to protect conservatorship assets that have now been put at issue in this action. As set forth herein, "upon receipt of a request by the [C]onservator ... for a stay of any judicial action or proceeding ..., the court **shall** grant such stay as to all parties." 12 U.S.C. § 4617(b)(10)(B) (emphasis added). The facts upon

which this memorandum is based are set forth in the declarations of Stephen E. Hart, Esq. (the "Hart Decl."), Robert R. Lawrence, Esq. (the "Lawrence Decl."), and Kyle A. Lonergan, Esq. (the "Lonergan Decl."), submitted herewith.

## STATEMENT OF FACTS

Freddie Mac is a corporate instrumentality of the United States, duly organized and existing under the laws of the United States of America with its principal place of business in McLean, Virginia. (Lawrence Decl. ¶ 3.) *See* 12 U.S.C. §§ 1451, *et seq.* On September 6, 2008, the Director of FHFA placed Freddie Mac into conservatorship pursuant to express authority granted to him in the Housing and Economic Recovery Act of 2008, Pub. L. 110-289, 122 Stat. 2654 ("HERA," codified at 12 U.S.C. § 4617), "for the purpose of reorganizing, rehabilitating, or winding up its affairs." 12 U.S.C. § 4617(a)(2). (Hart Decl. ¶ 2; Lawrence Decl. ¶ 4.) As conservator, FHFA succeeded to "all rights, titles, powers, and privileges" of Freddie Mac, including all rights related to Freddie Mac's assets. 12 U.S.C. § 4617(b)(2)(A)(i). The Conservator is charged with, among other things, the obligations to i) collect all money due to Freddie Mac and ii) preserve and conserve the assets and property of Freddie Mac. 12 U.S.C. § 4617(b)(2)(B) (ii), (iv). (Hart Decl. ¶ 2.)

In 2006, Freddie Mac purchased bonds from the senior, triple-A tranches of the NovaStar Home Equity Loan ("NHEL") 2006-3 and 2006-6 securitizations (the "Freddie Mac Bonds"). (Lawrence Decl. ¶¶ 5-6.) In or around 2008, the Class Plaintiff commenced the instant class action. On May 9, 2017, this Court certified a settlement class as follows:

> Solely for purposes of the Stipulation and the Settlement, the Court hereby certifies a Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure consisting of all Persons who purchased or otherwise acquired publicly offered Certificates representing interests in any of the NovaStar Mortgage Funding Trusts, NovaStar Home Equity Loan Series 2006-3, 2006-4, 2006-5, 2006-6, 2007-1, or 2007-2 Offerings prior to May 21, 2008, pursuant or traceable to the Registration Statement and accompanying prospectus

2

filed with the Securities and Exchange Commission by NovaStar Mortgage Funding Corporation a/k/a NovaStar Certificates Financing Corporation on June 16, 2006 (No. 333-134461), and who were damaged thereby, except those Persons that timely and validly request exclusion from the class pursuant to and in accordance with the terms herein.

(Order Preliminarily Approving the Settlement, Certifying Settlement Class, Approving Notice to the Class and Scheduling Final Approval Hearing ("Preliminary Approval Order"), Docket Entry ("DE") 252 at 2). Class Plaintiff and Defendants now assert that, because they drew the Settlement Class to encompass **anyone** damaged by a pre-May 2008 purchase of the Bonds and Freddie Mac did not submit its request for exclusion by August 16, 2017, Freddie Mac should now be deemed an absent class member of the instant class action, subject to the terms of the Proposed Settlement and the non-consensual release of Defendants contained therein. In doing so, Class Plaintiff and Defendants ignore the reality of this special situation, in that Congress has unequivocally granted solely to FHFA the "rights, titles, powers and privileges" related to the assets in the Freddie Mac conservatorship estate, which includes the Freddie Mac Bonds at issue.

As set forth in the attached Hart Declaration, FHFA was not aware of the August 16, 2017 deadline for Freddie Mac to exclude itself from the instant class action until after that deadline had passed. Indeed, it has been public knowledge for the last nine years that FHFA is conservator of Freddie Mac,[1] but FHFA does not appear even to have been contemplated by Class Plaintiff's notice procedures and it is undisputed that FHFA was not provided with notice of the parties' Proposed Settlement. (Plaintiff's Reply Brief (DE 269)).

Moreover, throughout August 2017 (both before and after the exclusion deadline), Defendant Wells Fargo failed to notify FHFA and Freddie Mac of either the Proposed Settlement

---

[1] Wells Fargo's counsel in this action, Thomas Rice and Alan Turner of Simpson Thacher & Bartlett, represented RBS Securities in defending against FHFA's securities claims on behalf of Freddie Mac, including in the *FHFA v. Nomura* trial that resulted in a more than $800 million judgment in FHFA's favor as well as *FHFA v. RBS*, which resulted in a $5.5 billion settlement payment by RBS.

3

or its exclusion deadline, notwithstanding that Wells Fargo was directly negotiating with FHFA a **tenth** extension of an August 2011 Tolling Agreement among FHFA, Freddie Mac and Wells Fargo concerning the Freddie Mac Bonds at issue here. (Hart Decl. ¶ 5.) That Tolling Agreement and nine regularly agreed-upon amendments expressly preserved FHFA's and Freddie Mac's claims against Wells Fargo relating to the Freddie Mac Bonds for six consecutive years through to September 30, 2017. Then, on August 30, 2017, pursuant to those negotiations over the preceding several weeks, Wells Fargo, FHFA, and Freddie Mac entered into a Tenth Amendment that preserves the claims through March 31, 2018. (*Id.*) Notwithstanding that Wells Fargo agreed two weeks after the exclusion deadline that FHFA's and Freddie Mac's claims against Wells Fargo concerning the Freddie Mac Bonds explicitly are preserved through March 31, 2018, Wells Fargo is now claiming that Freddie Mac's failure to submit a request for exclusion by August 16, 2017 results in a release of those same claims by Freddie Mac. As a result, Wells Fargo's continued negotiation and extension of the 2011 Tolling Agreement was a complete sham.

Freddie Mac did not request exclusion by the August 16, 2017 deadline because it relied upon Wells Fargo's six-year history – evidenced by the Tolling Agreement and ten amendments – of i) preserving all claims on the Freddie Mac Bonds and ii) prohibiting, until final expiration of that Agreement, FHFA nor Freddie Mac from "fil[ing] or assert[ing] any Claim" against Wells Fargo. Upon learning of the August 16, 2017 deadline to request exclusion from the Proposed Settlement, Freddie Mac's Robert Lawrence on August 30, 2017 requested that the deadline be extended, in light of the clear terms of the Tolling Agreement and its amendments. Inexplicably and much to the dismay of FHFA and Freddie Mac, Wells Fargo declined to extend that date. (Lawrence Decl. ¶ 8.) Accordingly, out of an excess of caution to protect their rights

4

under the Tolling Agreement, Freddie Mac and FHFA objected to the Proposed Settlement that day and, on August 31, 2017 – a mere 15 days after the August 16, 2017 deadline for doing so – Freddie Mac submitted its Request for Exclusion. (DE 266; Lonergan Decl. ¶¶ 2-4.)

On September 6, 2017, Class Plaintiff and Defendants opposed Freddie Mac's objection and took the position that the Request for Exclusion is untimely and ineffective. (DE 268, 270.) Notably, the Defendants' opposition makes no reference to the Tolling Agreement and its ten amendments that continued to preserve FHFA's and Freddie Mac's claims against Wells Fargo through March 31, 2018.

As part of its mission to "preserve and protect [Freddie Mac's] assets and property" and collect all obligations and money due to Freddie Mac, 12 U.S.C. § 4617(b)(2)(B)(ii) and (iv), FHFA now invokes its right to stay these proceedings for 45 days. Although no justification is needed for the stay, the short stay will i) enable FHFA to fulfill its statutory duty to determine the next steps necessary to preserve and protect Freddie Mac's assets, including assessing its claims against Wells Fargo for its failure to live up to the Tolling Agreement, ii) allow Freddie Mac's August 31, 2017 request for exclusion to be deemed timely (*see* Preliminary Approval Order ("no later than twenty-eight (28) calendar days before the Final Approval Hearing"); and/or iii) provide the Court and/or the parties an opportunity otherwise to carve Freddie Mac out of the Settlement Class. (DE ¶ 19.) In addition, the requested stay will avoid the prejudice claimed by Defendants, allowing them to make the determination of whether to trigger the "blow provision" of the parties' settlement agreement by giving "[n]otice of termination under the blow provision … to Plaintiff's counsel 'not less than five (5) calendar days before the final approval hearing.'"[2] (Defendants' Reply Brief (DE 270) at 3.)

---

[2] Notwithstanding that Defendants base their prejudice argument on the "blow provision," the terms of that provision are secret and have never been disclosed to FHFA, Freddie Mac, any other class member or even the

5

## ARGUMENT

Shortly after the onset of the housing crisis, Congress passed HERA, which, among other things, created FHFA. On September 6, 2008, the Director of the FHFA exercised the authority HERA granted to him to place Freddie Mac into conservatorship. (Hart Decl. ¶ 2; Lawrence Decl. ¶ 4.) In its capacity as Freddie Mac's conservator, FHFA succeeded to "all [of Freddie Mac's] rights, titles, powers, and privileges," 12 U.S.C. § 4617(b)(2)(A)(i), and, for the last nine years, has had the authority to take whatever actions it deems "necessary to put [Freddie Mac] … in a sound and solvent condition," to "preserve and conserve [Freddie Mac's] assets and property," and to "collect all obligations and money due [Freddie Mac]." 12 U.S.C. § 4617(b)(2)(B)(ii), (b)(2)(B)(iv) and (D)(i) and (ii)). (Hart Decl. ¶ 2.)

Among the many powers that Congress granted FHFA to accomplish its mission of protecting Freddie Mac's assets is the right to stay legal proceedings in which Freddie Mac is or becomes a party. Specifically, § 4617(b)(10)(A)(i) of HERA grants FHFA the right to "request a stay for a period not to exceed[]" 45 days "in any judicial action or proceeding to which [Freddie Mac] … is or becomes a party." 12 U.S.C. § 4617(b)(10)(A)(i). This provision further states that, "[u]pon receipt of a request by the [C]onservator … for a stay of any judicial action or proceeding in any court with jurisdiction of such action or proceeding, **the court *shall* grant such stay as to all parties.**" 12 U.S.C. § 4617(b)(10)(B) (emphasis added). Thus, while "a district court generally enjoys broad discretion to grant a stay and fix its length, here Congress has circumscribed that discretion …." *Kuriakose v. Intervenor for Fed. Home Loan Mortg. Co.*, 2009 WL 323525 (S.D.N.Y. Feb. 6, 2009) (subsequent history omitted). More specifically, Congress did not give courts any discretion to deny FHFA's request for a 45-day stay. *Id.*

---

Court. At a minimum, that provision should be made public and part of the official court record to allow all proposed Class Members to make a fully informed decision as to participation based on a transparent record of the entirety of the terms to which they are being bound by this Court.

("Pursuant to HERA, FHFA as conservator may request a stay 'not to exceed 45 days,' and the Court must grant such a request.") *See also Esther Sadowsky Testamentary Tr. v. Syron*, 639 F. Supp. 2d 347, 352 (S.D.N.Y. 2009) ("12 U.S.C. § 4617(b)(10)(A)(i) states that a conservator who becomes a party to any judicial action or proceeding may request a stay for a period not to exceed forty-five (45) days. The Court here ORDERS a forty-five (45) day stay to this action.").

While no justification is needed for the stay, here, FHFA requests a 45-day stay to ascertain FHFA's and Freddie Mac's rights to protect assets and property of the conservatorship estate. Among other things, a purported release of Freddie Mac's claims through the proposed class action settlement as a result of a failure to submit a request for exclusion by August 16, 2017 is directly contrary to the terms, intent and spirit of the Tolling Agreement with Wells Fargo. (Hart Decl. ¶ 8.) For the last nine years, Defendant Wells Fargo has tolled FHFA's securities claims against it concerning the Freddie Mac Bonds, including in the Tenth Amendment to the Tolling Agreement executed on August 30, 2017. (Hart Decl. ¶¶ 5-6.) To ensure that neither FHFA nor Freddie Mac is impaired by the Proposed Settlement's release, and to ensure that FHFA has the unfettered ability to recover in full from Wells Fargo for the damage it inflicted upon the Freddie Mac conservatorship estate, FHFA and Freddie Mac respectfully request that this Court honor FHFA's statutory right to a 45-day stay of proceedings.

## CONCLUSION

For the foregoing reasons, the proceedings in this action should be stayed for not less than 45 days and the Final Approval Hearing should be moved to no earlier than October 27, 2017.

DATED: September 12, 2017
         New York, New York

McKOOL SMITH, P.C.

By: _____
Christopher P. Johnson (CJ2054)
(cpjohnson@mckoolsmith.com)
Kyle Lonergan (KL0650)
(klonergan@mckoolsmith.com)
One Bryant Park
47th Floor
New York, New York 10036

*Attorneys for Objectors the Federal Housing Finance Agency and the Federal Home Loan Mortgage Corporation*