# COHEN MILSTEIN

Joel P. Laitman
(212) 750-7581
jlaitman@cohenmilstein.com

November 20, 2017

*Via ECF*

The Honorable Deborah A. Batts
United States District Court
Southern District of New York
500 Pearl Street, Room 2510
New York, NY 10007

   Re: *New Jersey Carpenters Health Fund v. NovaStar Mortgage, Inc., et al.*, No. 08-cv-5310 (DAB) (S.D.N.Y.)

Dear Judge Batts:

  We represent the Plaintiffs, and we also write on behalf of all Defendants, in the above referenced matter.  In response to our recent inquiries regarding the scheduling of a hearing to consider final approval of the class action settlement in this case, we received an email last week from your law clerk, Ms. Chloe Serinsky, indicating that "*the final hearing is stayed pending a decision from the Second Circuit on Objectors' appeal*."  We write to clarify the procedural posture of the case to the extent there is any misunderstanding, and to provide further reasons for our request that a final approval hearing be scheduled.

  **<u>Background</u>**

  On September 12, 2017, Objectors FHFA and Fannie Mae moved by order to show cause for a 45-day stay of proceedings, asserting that they were entitled to such a stay under HERA, 28 U.S.C. 4617(b)(10).  The Court denied the Objectors' stay request at a hearing the same day, and entered an order to that effect on September 15, 2017.  Dkt. # 279.  No further stay request has been made to this Court by the Objectors or any party.

  On September 15, 2017, the Objectors moved the Second Circuit for an emergency stay pending an interlocutory appeal of this Court's denial of their 45-day stay request.  A judge of the Second Circuit entered a temporary stay until the motion could be heard by a three-judge panel.  Dkt. # 284.  Following a hearing before a three-judge panel, the Second Circuit denied the Objectors' stay motion, and the temporary stay was thus dissolved.  Dkt. # 288.  Thus, no order of the Second Circuit prevents this Court from scheduling a final approval hearing.

COHENMILSTEIN

Honorable Deborah A. Batts
November 20, 2017
Page 2

### The Court should reschedule the final approval hearing

The parties respectfully submit that the Court should reschedule the final approval hearing, because there is no stay in place and because scheduling the hearing would be the most efficient way to move these proceedings forward. Postponing the final approval hearing is unnecessary because the Objectors' interlocutory appeal concerns only whether FHFA was entitled to a 45-day stay under HERA (an issue that is in any event now moot because well more than 45 days has passed since FHFA made that request). *See* Dkt. # 280, Notice of Appeal (appealing from this Court's Order, entered on September 15, 2017, "denying FHFA's request, pursuant to 12 U.S.C. § 4617(b)(10), for a 45-day stay of proceedings."). The issues to be addressed at the final approval hearing—including the merits of the Objectors' objection, and whether Fannie Mae should be permitted to opt out notwithstanding its failure to timely submit an opt-out request—are not part of the interlocutory appeal. Those questions are of course committed to the sound judgment of this Court in the first instance.

Postponing the final approval hearing will further delay the final resolution of this case, and will thereby harm over 500 class members who have submitted claims and who are waiting for distribution of their share of the settlement, once it is approved. The Defendants have, as required by the Settlement Agreement, already paid the settlement funds into escrow, where they are being held pursuant to the terms of said agreement. Accordingly, the parties respectfully request the Court set a date for the final approval hearing at a time convenient to the Court.[1]

Respectfully submitted,

*/s/ Joel P. Laitman*

Joel P. Laitman

cc: All Counsel of Record

---

[1] The parties are of course cognizant that the Court can, pursuant to its own Preliminary Approval Order (Dkt. # 252), and the Court's inherent power to manage its own docket, postpone the final approval hearing for any reason. If there are other factors not addressed herein that the Court has considered in deciding to postpone the final approval hearing, we respectfully request that the Court identify those reasons so that we can understand them and convey them to the Class.