# McKool Smith

Christopher P. Johnson
Direct Dial: (212) 402-9416
cpjohnson@McKoolSmith.com

One Bryant Park
47th Floor
New York, NY 10036

Telephone: (212) 402-9400
Facsimile: (212) 402-9444

October 25, 2018

**VIA ECF**

The Honorable Deborah A. Batts, U.S.D.J.
United States District Court
 for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      RE:    *New Jersey Carpenters Health Fund, on behalf of itself and all others similarly situated v. Novastar Mortgage, Inc., et al.*, Civ. Action No. 1:08-cv-5310

Dear Judge Batts:

      On behalf of the Federal Housing Finance Agency ("FHFA"), in its capacity as conservator of the Federal Home Loan Mortgage Corporation ("Freddie Mac"), and Freddie Mac (Freddie Mac and FHFA, collectively, the "Objectors"), we write in response to the October 24, 2018 letter from counsel for the Class Plaintiff regarding Objectors' proposed motion for leave to file their Sur-Reply in Support of and Second Supplement to Their Objection to the Proposed Class Action Settlement (the "Second Supplement").

      The proposed Second Supplement raises substantial legal and factual issues implicated by the Class Plaintiff having included (intentionally or inadvertently) FHFA assets within the class definition and release they drafted. Some of the issues in the Second Supplement – such as the inability of the Class Plaintiff to resolve claims belonging to FHFA as conservator – are dispositive, as clearly set out at 12 U.S.C. §4617 (f). Others – like the uncontested fact that Class Plaintiff did not provide **FHFA** with notice of the Class Action settlement – have yet to be considered by this Court.

      If the Court were to permit Objectors' motion for leave (either with or without a pre-motion conference), we could file that motion within one business day, which would allow the Court to consider the Second Supplement, and any response from the class parties, prior to the Final Approval Hearing. Class Plaintiff's suggestion that a pre-motion conference be conducted at the Final Approval Hearing, however, is impractical, as it provides no opportunity for other class parties to respond or for this Court to consider the merits of the Second Supplement before rendering the Court's decision as to final approval.

The Honorable Deborah A. Batts, U.S.D.J.
October 25, 2018
Page 2

      Accordingly, Objectors request that this Court either schedule a pre-motion conference or waive the conference and grant Objectors leave to file the Second Supplement.

Respectfully submitted,

/s/ Christopher P. Johnson

Christopher P. Johnson

cc:    Counsel of record (via ECF)