```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
NEW JERSEY CARPENTERS HEALTH FUND,
on behalf of itself and all
others similarly situated,

                    Plaintiffs,

     -against-                              08 Civ. 5310 (DAB)
                                            MEMORANDUM & ORDER

ROYAL BANK OF SCOTLAND GROUP, PLC,
et al.,

                    Defendants.
------------------------------------X
```

DEBORAH A. BATTS, United States District Judge.

I.   INTRODUCTION AND SUMMARY

On March 7, 2019, the Court held a Fairness Hearing to consider final certification of the Settlement Class and the substantive and procedural fairness of the terms of the Parties' Settlement, based on Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation and Lead Counsel's Motion for Approval of Attorneys' Fees and Reimbursement of Litigation Expenses from the Settlement Fund. (ECF No. 257-263; 287). At the hearing, the Court indicated that it would file this Memorandum and Order, setting out the Court's rationale for final certification of the Settlement Class and approval of the Settlement.

A. <u>BACKGROUND</u>

On May 21, 2008, Plaintiffs commenced this action against Defendants as a putative class action under Article 9 of the New York Civil Practice Law and Rules, bringing claims under the Securities Act. On June 10, 2008, the action was removed from the New York State Supreme Court to this Court. Following two Motions to Dismiss, an appeal, and a Motion to reconsider, on March 9, 2015, Plaintiffs filed a Third Amended Complaint in this action.  On November 4, 2016, the Court granted Plaintiffs' Motion for Class Certification, Appointment of New Jersey Carpenters Health Fund and Iowa Public Employees' Retirement System as Class Representatives, and Appointment of Cohen, Milstein, Sellers & Toll, PLLC as class counsel.

Plaintiffs allege, in sum and substance, that Defendant Novastar Mortgage Inc. abandoned its underwriting guidelines during the mortgage origination process, making each Offering Document pertaining to the Offerings in which Plaintiffs invested materially misleading. The Offerings covered in this litigation consist of NovaStar Mortgage Funding Trusts, NovaStar Home Equity Loan Series 2006-3, 2006-4, 2006-5, 2006-6, 2007-1, and 2007-2.

B. <u>SETTLEMENT</u>

After multiple rounds of mediation over the course of one year with the Honorable Layn Phillips, a former federal judge and well-respected mediator, the Parties agreed on the material terms of a settlement on December 11, 2016.  The extensive and arms-length negotiations resulted in a comprehensive Settlement Agreement, which all Parties executed on March 8, 2017.

On May 9, 2017, this Court entered an Order preliminarily approving the Settlement, conditionally certifying the Settlement Class, appointing Cohen, Milstein, Sellers & Toll, PLLC as Class Counsel, and authorizing the dissemination of the Notice to Class Members.

The terms of the Settlement are as follows:

The Settlement Agreement creates a gross Settlement Fund of 165 million dollars.  Defendants have already fully funded the Settlement Fund.  The Settlement Fund covers all payments to Class Members, taxes, tax expenses, attorneys' fees and litigation costs, and notice and administration costs.

The Settlement Agreement provides that every Class Member who does not timely opt out of the Settlement will release Defendants from all claims that were asserted or could have been asserted in this litigation.

The Class consists of individuals and entities who acquired publicly-offered certificates representing interests in any of the NovaStar Mortgage Funding Trusts, NovaStar Home Equity Loan Series 2006-3, 2006-4, 2006-5, 2006-6, 2007-1 or 2007-2 Offerings, prior to May 21, 2008, pursuant or traceable to the Registration Statement and accompanying prospectus filed by NovaStar Mortgage Funding Corporation with the Securities and Exchange Commission on June 16, 2006 (No. 333-134461), and who were injured thereby. Excluded from the Class are parties who submitted a valid and timely request for exclusion in accordance with the terms of the Preliminary Approval Order. Also excluded from the Settlement Class are all Defendants, their officers and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has or had a controlling interest, except for any Investment Vehicle.

The allocation formula for distributing payments to the Class Members is based upon the statutory measure for damages under § 11 of the Securities Act. The formula takes into account which Certificate was acquired; when the Certificate was acquired; whether it was sold, and if it was sold, when and for how much; and the value of the Certificate on May 21, 2008.

On August 16, 2017, Plaintiffs moved for Final Approval of the Settlement.  Defendants did not oppose the motion.

C. Settlement Response

The response to the settlement has been relatively positive. Counsel for Lead Plaintiffs has notified the Court that, as of August 15, 2017, Epiq Class Action & Claims Solution Inc. ("Epiq"), the Claims Administrator, had sent 2,503 copies of the Notice and Proof of Claim Form to potential Class Members. In addition, the Summary Notice was published in the Wall Street Journal and transmitted over PR Newswire, and Epiq established a website dedicated to the Settlement. To date, at least 620 proofs of claim have been filed, and only one exclusion has been filed.

The only objection received to the settlement was filed by the Federal Housing Finance Agency ("FHFA") and the Federal Home Loan Mortgage Corporation ("FHLMC") (collectively, "Objectors"). They did not object to the settlement, the fees, or the expenses. While the Notice made clear that in order to object to the settlement, an objector had to be a member of the settlement class, what FHFA and FHLMC objected to was being a member of the class. On Tuesday, September 12, 2017, the Objectors attempted to seek an extraordinary remedy pursuant to 12 U.S.C. §

5

4617(b)(10)(B). The Court held a hearing, heard from all Parties and the Objectors, and denied the Objectors' request.

The Objectors filed an interlocutory appeal before the Second Circuit challenging the Court's denial of its request. A three-judge panel heard argument on October 17, 2017. On November 21, 2017, the Court stayed the Fairness Hearing pending resolution of the interlocutory appeal. On October 19, 2018, in a summary order, the Second Circuit dismissed the Objectors' appeal as moot. On December 4, 2018, the Objectors filed a petition for panel or en banc rehearing of the Second Circuit's decision. On January 3, 2019, the Second Circuit denied the Objectors' petition.

At the Fairness Hearing on March 7, 2019, Objectors renewed their objection to their inclusion in the class. Specifically, Objectors argued that 12 U.S. Code § 4617(f) restricted the Court's jurisdiction, such that the Court could not impose upon FHFA the release of claims contemplated in the Settlement.

The Court overruled the Objector's motion, finding that FHFA's duty as a conservator could not "be turned into a sword" and that 12 U.S. Code § 4617(f) did not "divest[] [the Court] of jurisdiction to finalize a settlement in a class action where one of the plaintiffs had slept on his or her rights."

6

(Transcript of Fairness Hearing at 31.) Finding jurisdiction to finalize the Settlement with FHFA as a class member subject to the Settlement's restrictions, the Court DENIED the objection.

## II. Class Certification and Approval of the Settlement

| CLASS CERTIFICATION | | |
|---|---|---|
| In order to certify the class as defined by Plaintiffs the Court will consider the criteria of Federal Rule of Civil Procedure 23(a) and (b). | | |
| COURT FINDING | EVIDENCE FROM SUBMISSIONS | LEGAL REQUIREMENT(S) SATISFIED |
| All of the criteria set forth in Federal Rule of Civil Procedure 23 are satisfied. | The Class (a class consisting of essentially the same persons) was "certified" in the Court's Order of November 4, 2016; the Court preliminary approved settlement class on May 9, 2017.<br><br>Settlement Class is defined as: "[A]ll Persons who purchased or otherwise acquired publicly offered Certificates representing interests in any of the NovaStar Mortgage Funding Trusts, NovaStar Home Equity Loan Series 2006-3, 2006-4, 2006-5, 2006-6, 2007-1, or 2007-2 Offerings, prior to May 21, 2008, pursuant or traceable to the Registration Statement and accompanying prospectus filed with the Securities and Exchange Commission by NovaStar Mortgage Funding Corporation | I. Each Rule 23 requirement must be met. "Some showing" is not sufficient.<br><br>II. All evidence (not simply a class Plaintiff's evidence) must be assessed.<br><br>III. Where a Rule 23 requirement overlaps with an issue on the merits, the Court must still rule as to whether the requirement is met (although the Court can appropriately |

|  | | |
|---|---|---|
| | a/k/a NovaStar Certificates Financing Corporation on June 16, 2006 (No. 333-134461), and who were damaged thereby, except those Persons that timely and validly requested exclusion from the class pursuant to and in accordance with the terms of the Preliminary Approval Order. Also excluded from the Settlement Class are all Defendants, their officers and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has or had a controlling interest, except for any Investment Vehicle." (Proposed Order, ECF No. 271 Ex. B (Supp. Laitman Decl.) at 6-7; see also Memo of Law on Final Approval of Settlement at 21.) | limit its scope of inquiry at the class certification stage).<br><br>In re IPO Securities Litigation, 471 F.3d 24 (2d Cir. 2006) |
| Having received no objections to the class certification, and finding no reason to reconsider that determination, THE CLASS CERTIFICATION IS HEREBY FINALLY CONFIRMED. | | |

| **FAIRNESS** |
|:---:|

Under Federal Rule of Civil Procedure 23(e), to grant final approval of a settlement, the Court must determine whether the proposed settlement is fair, reasonable and adequate. In making this determination, the Court must review both the procedural and substantive fairness of a proposed settlement. To find a settlement procedurally fair, the Court must pay close attention to the negotiating process, to ensure that the settlement resulted from arm's-length negotiations, and that Plaintiffs' Counsel possessed the experience and ability, and engaged in the discovery necessary for effective representation of the classes' interests. To find a settlement substantively fair, the Court reviews the nine Grinnell Factors. See City of Detroit v. Grinnell Corp., 495 F.2d 448, 463 (2d Cir. 1974).

| COURT FINDING | EVIDENCE FROM SUBMISSIONS | LEGAL REQUIREMENT(S) SATISFIED |
|:---:|:---:|:---:|
| \multicolumn{3}{c}{PROCEDURAL FAIRNESS} |
| The settlement resulted from "arm's-length negotiations." Class Counsel possessed the requisite amount of experience and ability, and the parties engaged in the discovery necessary for effective representation of the Classes' interests. | "[A]ll parties in the Action are represented by highly experienced counsel . . .; the Settlement was reached after arm's length negotiations before an experienced mediator and former Federal Judge . . . ; and the parties understood the strengths and weaknesses of the claims any defenses before settlement was reached." (Pls.' Memo of Law in Supp. of Final Approval, ECF No. 258 at 9; see also Phillips' Decl.) | Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 116 (2d Cir. 2005) ("A 'presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.'") (quoting Manual For Complex Litigation (Third) § 30.42 (1995)). D'Amato v. Deutsche Bank, 236 F.3d 78, 85 (2d |

9

|  |  | Cir, 2001), citing <u>Weinberger v. Kendrick</u>, 698 F.2d 61, 74 (2d Cir. 1982). |
|---|---|---|
| SUBSTANTIVE FAIRNESS | | |
| Courts in this Circuit review a proposed settlement agreement for substantive fairness according to the nine <u>Grinnell</u> Factors: |  |  |
| (1) Litigation is complex, and would likely be costly and lengthy in duration. | "Securities class actions are complex and uncertain; here, Pls.' would have had to oppose Summary Judgment, Daubert motions and then trial (and then appeal); Defs.' answers collectively asserted 160 affirmative defenses." (Memo of Law on Final Approval of Settlement at 10-11.) | <u>Grinnell</u> Factor 1: The complexity, expense and likely duration of the litigation |
| (2) The reaction of the class to the settlement has been positive. | There has only been one exclusion, despite hundreds of claims filed; no objection has been made to the substance of the Settlement. (Memo of Law on Final Approval of Settlement at 10-11; Reply Memo at 4.) | <u>Grinnell</u> Factor 2: The reaction of the class to the settlement. |

| (3) Proceedings have progressed and sufficient discovery has been completed to understand Plaintiffs' claims and negotiate settlement terms | "At the time of settlement, nine years after commencement of the lawsuit, fact discovery — which included reviewing nearly 9 million pages of documents, 26 fact depositions, and motion practice relating to fact discovery — as well as discovery related to class certification, including two expert depositions, had been completed. This is, of course, in addition to the multiple hotly contested motions, including several discovery motions, two motions to dismiss, a class-certification motion, as well as an appeal to the Second Circuit. Accordingly, Plaintiffs and Lead Counsel had a strong grasp of the strengths and weaknesses of the case when negotiating and evaluating the proposed Settlement."(Memo of Law on Final Approval of Settlement at 13; see also Laitman Decl. ¶ 4.) | Grinnell Factor 3: The stage of the proceedings and the amount of discovery completed. |

11

| | | |
|---|---|---|
| (4) The risks of establishing liability are significant. | "Risks included challenges in proving that there were misstatements and omissions in the Offering Documents, which also contained disclosures that Defendants argued negated liability. Further risks included, for example, overcoming Defendants' arguments that whatever misstatements or omissions may have existed were immaterial to investors; that some or all of the declines in the value of the Certificates were due to causes other than the alleged misstatements or omissions (the 'negative causation' defense); and that that Defendants had conducted a 'reasonable investigation' and thus could satisfy their 'due diligence' defense." (Memo of Law on Final Approval of Settlement at 14.) | Grinnell Factor 4: The risks of establishing liability. |
| (5) The risks of establishing damages are significant. | "[D]amages may be reduced or eliminated if the defendant proves that a portion or all of the statutory damages are attributable to causes other than the misstatements or omissions. In addition, several of the contested issues on damages "would have required expert | Grinnell Factor 5: The risks of establishing damages. |

12

| | | |
|---|---|---|
| | testimony before the jury . . . Plaintiffs could not be certain which experts' views the jury would credit, and who would prevail in this 'battle of the experts.'" (Memo of Law on Final Approval of Settlement at 15.) | |
| (6) The risks of maintaining the class action through trial are significant | The Court could have decertified the class at any time. (Memo of Law on Final Approval of Settlement at 16.) | Grinnell Factor 6: The risk of maintaining the class action through the trial. |
| (7) Defendants' ability to withstand a greater judgment may be present, but this factor alone is not dispositive under Grinnell. | Some of the Defendants are in bankruptcy; fact that others are large banks does not weigh against approval.(Memo of Law on Final Approval of Settlement at 16.) | Grinnell Factor 7: The ability of the Defendants to withstand greater judgment. |
| (8) and (9) The settlement is reasonable in light of: (a) Plaintiffs' best possible recovery, and (b) the attendant risks of litigation. | "Although the damages that might be recoverable in this case were substantial, Defendants had formidable arguments with respect to those damages (as well as liability in general) that, if successful, could have greatly reduced or eliminated altogether those damages"; "Lead Counsel is intimately familiar with the facts in the case and has extensive experience prosecuting comparable securities class actions. In these | Grinnell Factor 8: The range of reasonableness of the settlement fund in light of the best possible recovery.<br><br>Grinnell Factor 9: The range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. |

13

| | circumstances, Lead Counsel's opinion that the Settlement is reasonable is entitled to 'great weight.'" (Memo of Law on Final Approval of Settlement at 16-18.) | |
|---|---|---|
| Having considered the procedural and substantive factors, the Court finds the proposed settlement to be fair, reasonable and adequate under Federal Rule of Civil Procedure 23. **THE SETTLEMENT IS HEREBY APPROVED.** |||

### III. Attorneys' Fees, Expenses, and Lead Plaintiff Awards

District Courts have a duty "to act as a fiduciary who must serve as a guardian of the rights of absent class members," City of Detroit v. Grinnell Corp., 560 F.2d 1093, 1099 (2d Cir. 1977). This duty involves a "searching assessment" of attorneys' fees, "eschew[ing] any rubber stamp approval in favor of an independent evaluation." Goldberger v. Integrated Resources, Inc., 209 F.3d 43, 52 (2d Cir. 2000); Grinnell 495 F.2d at 462. "[T]he fees awarded in common fund cases may not exceed what is 'reasonable' under the circumstances. . . . What constitutes a reasonable fee is properly committed to the sound discretion of the district court." Goldberger, 209 F.3d at 48 (internal citation omitted). The Second Circuit has made repeatedly clear that "no presumption applies to the percentage of a common 22

fund." McDaniel v. City of Schenectady, 595 F.3d 411, 425–26 (2d Cir. 2010).

Counsel has requested attorneys' fees in the amount of 28% of the $165 million Settlement, or $46,200,000.00 (before interest), which represents a multiplier of 1.43 of Lead Counsel's lodestar amount. (Memo of Law in Supp. of Approval of Attorneys' Fees at 18-9; see also Laitman Decl. at 28.) Accordingly, the Court accepts counsels' request for a 28% attorneys' fees award of $46,200,000.00, pursuant to the Goldberger analysis below.

| ATTORNEYS' FEES & EXPENSES | | |
|---|---|---|
| COURT FINDING | EVIDENCE FROM SUBMISSIONS | LEGAL REQUIREMENT(S) SATISFIED |
| To ensure the appropriateness of attorneys' fees and costs, the Court will now review the six Goldberger criteria. Goldberger v. Integrated Res. Inc., 209 F.3d 43, 50 (2d Cir. 2000) | | |
| ATTORNEYS' FEES | | |

| | | |
|---|---|---|
| **The Second Circuit has recognized that a district court may calculate reasonable attorney fees by either the lodestar method or the percentage method.** Goldberger, 209 F.3d at 50. **The proposed attorneys' fee, calculated here according to the percentage method, is reasonable. No matter which method is chosen, district courts should be guided by the six traditional** Goldberger **criteria in determining a reasonable common fund fee.** Goldberger, 209 F.3d at 50. | | |
| | | The six Goldberger Factors are: |
| **(1) Counsel has expended considerable time and labor on behalf of Plaintiffs** | "Over more than nine years, counsel for the Plaintiffs dedicated over 71,500 hours and expended over $2.2 million in expenses in prosecuting this case." (Memo of Law in Supp. of Approval of Attorneys' Fees at 13.) | Goldberger Factor 1: The time and labor expended by counsel. |

16

| (2) The litigation is complex and of large magnitude. | Securities class actions are difficult; "proof on the merits required fact-intensive analysis of due diligence conducted in numerous MBS public offerings focusing on Defendants' assessment on whether the loans being securitized complied with various loan origination guidelines . . . In addition, because MBS are not traded on an automated exchange, the determination of damages required time-consuming discovery of dozens of non-party trading firms in order to obtain historical pricing and purchasing information and consultations with experts." (Memo of Law in Supp. of Approval of Attorneys' Fees at 14.) | Goldberger Factor 2: The magnitude and complexities of the litigation. |
| --- | --- | --- |
| (3) The risks of litigation for Plaintiffs are substantial. | "[A]t the time the suit was commenced, securities class action claims on behalf of MBS investors were largely untested. The unusual risks attendant with pursuing this case — including the fact that when the case was brought no securities class action had ever been certified consisting of MBS purchasers, the absence of any publicly available trading data, and the lack of government action — were reflected in the fact that no other firm was | Goldberger Factor 3: The risk of litigation. |

17

| | | |
|---|---|---|
| | willing to prosecute it." (Memo of Law in Supp. of Approval of Attorneys' Fees at 12-13.) | |
| (4) Representation of class counsel is of high quality. | "Lead Counsel specializes in complex securities litigation, including pioneering the new field of litigation involving MBS, with a successful track record in cases throughout the country"; Defendants were also represented by "two of the most highly-respected and largest law firms in the country, who spared no effort in their zealous representation of their clients." (Memo of Law in Supp. of Approval of Attorneys' Fees at 15.) | Goldberger Factor 4: The quality of representation. |
| (5) The requested attorneys' fees are reasonable in relation to Parties' settlement. | "[T]he requested 28% fee is well within the range of percentage fees that courts in the Second Circuit and around the country have awarded in comparable cases, and in other MBS class actions in particular." (Memo of Law in Supp. of Approval of Attorneys' Fees at 16.) | Goldberger Factor 5: The requested fee in relation to the settlement.<br><br>See also Goldberger, 209 F.3d at 50 (stating that "the lodestar remains useful" and "we encourage the practice of requiring documentation of hours as a 'cross check' on the reasonableness of the |

18

| | | |
|---|---|---|
| | | requested percentage."); <u>In re Hi-Crush Partners L.P. Securities Litig.</u>, No 12-Civ-8557, 2014 WL 7323417, at * 12 (S.D.N.Y. Dec. 19, 2014) ("In this Circuit, courts routinely award attorneys' fees that run to 30% and even a little more of the amount of the common fund.") (collecting cases). |
| (6) Requested attorneys' fees are not contrary to public policy. | Lead counsel pursued a novel case others were unwilling to take. (Memo of Law in Supp. of Approval of Attorneys' Fees at 16.) | <u>Goldberger</u> Factor 6: Public policy considerations. |
| ATTORNEY'S COSTS ||| 
| The Court finds that expenses in this matter are reasonable. | "The expenses for which Lead Counsel seeks reimbursement are the types of expenses that are necessarily incurred in litigation and routinely charged to clients billed by the hour." (Memo of Law in Supp. of Approval of Attorneys' Fees at 18-9; <u>see also</u> Laitman Decl. at 28.) | "Attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they were 'incidental and necessary to the representation' of those |

| | | |
|---|---|---|
| | | clients."<br><br><u>In re Independent Energy Holdings PLC Securities Litigation</u>, 302 F.Supp.2d 180, 183 (S.D.N.Y. 2003) |
| Having conducted the <u>Goldberger</u> analysis, the Court finds the requested attorneys' fees of 28% of the $165 million Settlement or $46,200,000.00 (with interest on such amount at the same rate as earned by the Settlement Fund), including reasonable and necessary expenses of $2,738,657.11 to be reasonable. The attorneys' fees are HEREBY APPROVED. |||

The Fairness Hearing of March 7, 2019 and this Memorandum and Order constitute the Court's findings and rulings in this matter. This Action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to terminate all open Motions and close the docket in this case.

SO ORDERED.

Dated:   New York, New York
         March 8, 2019

_____
Deborah A. Batts
United States District Judge

20