USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/13/19

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NEW JERSEY CARPENTERS
HEALTH FUND, *on Behalf of Itself and all Others Similarly Situated*,

Plaintiff,

v.

NOVASTAR MORTGAGE, INC.,
NOVASTAR MORTGAGE FUNDING
CORPORATION, SCOTT F. HARTMAN,
GREGORY S. METZ, W. LANCE
ANDERSON, MARK HERPICH, RBS
SECURITIES INC. f/k/a GREENWICH
CAPITAL MARKETS, INC., d/b/a RBS
GREENWICH CAPITAL, DEUTSCHE
BANK SECURITIES INC., WELLS FARGO
ADVISORS, LLC f/k/a WACHOVIA
SECURITIES LLC,

Defendants.

Case No. 08-cv-5310 (DAB)

ECF Case

## [PROPOSED] ORDER AND FINAL JUDGMENT

This matter came for hearing on September 13, 2017 (the "Final Approval Hearing"), on the application of Plaintiffs to determine whether the terms and conditions of the Stipulation and Agreement of Settlement (the "Stipulation") are fair, reasonable, adequate and in the best interest of the Settlement Class Members for the settlement (the "Settlement") of all claims by Lead Plaintiff New Jersey Carpenters Health Fund and the other Class Representative Iowa Public Employees Retirement System, on behalf of themselves and the Settlement Class, against Defendants NovaStar Mortgage, Inc., NovaStar Mortgage Funding Corporation, Scott F. Hartman, Gregory S. Metz, W. Lance Anderson, Mark Herpich, RBS Securities Inc. f/k/a Greenwich Capital Markets, Inc., d/b/a RBS Greenwich Capital, Deutsche Bank Securities Inc., and Wells Fargo Advisors, LLC f/k/a Wachovia Securities LLC in the above-captioned Action,

1

2229545.1

and should be approved; and whether judgment should be entered dismissing the Action on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are members of the Settlement Class herein who have not requested exclusion therefrom, and releasing the Released Claims.

Due and adequate notice having been given to the Settlement Class as provided in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings held in this Action and otherwise being fully informed of the matters herein and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. As used in this Order and Final Judgment the following terms (together with their cognate forms) have the meanings specified below:

    a. "Action" means the securities class action styled *New Jersey Carpenters Health Fund v. NovaStar Mortgage, Inc., et al.*, No. 08-cv-5310 (S.D.N.Y.) (DAB).

    b. "Claim" means a claim submitted by a Settlement Class Member to the Claims Administrator for payment pursuant to the Plan of Allocation.

    c. "Claims Administrator" means Epiq Systems, Inc.

    d. "Defendants" means NovaStar Mortgage, Inc., NovaStar Mortgage Funding Corporation, Scott F. Hartman, Gregory S. Metz, W. Lance Anderson, Mark Herpich, RBS Securities Inc. f/k/a Greenwich Capital Markets, Inc., d/b/a RBS Greenwich Capital, Deutsche Bank Securities Inc., and Wells Fargo Advisors, LLC f/k/a Wachovia Securities LLC.

    e. "Effective Date" means the earliest date on which all of the events and conditions specified in ¶ 37 of the Stipulation have occurred or have been met.

2229545.1

  f. "Escrow Account" means an escrow account mutually agreeable to the Settling Parties, established, maintained, and controlled by the Escrow Agent, subject to the Court's supervisory authority, into which Defendants shall deposit or cause to be deposited the Settlement Amount.

  g. "Escrow Agent" means The Huntington National Bank, or a third party financial services company jointly designated by the Settling Parties to serve as escrow agent.

  h. "Investment Vehicle" means any investment company or pooled investment fund (including, but not limited to, mutual fund families, exchange-traded funds, fund of funds and hedge funds) in which any Defendant has or may have a direct or indirect interest, or as to which its affiliates may act as investment advisors, but of which any Defendant or any of its respective affiliates is not a majority owner or does not hold a majority beneficial interest.

  i. "Litigation Expenses" means the reasonable costs and expenses incurred by Lead Counsel in connection with commencing and prosecuting the Action, for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund. Litigation Expenses may also include reimbursement of the expenses of Plaintiffs in accordance with 15 U.S.C. § 77z-1(a)(4).

  j. "Notice" means the Notice of Pendency of Class Action, Preliminary Approval Order and Proposed Settlement, Final Approval Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (substantially in the form attached as Exhibit A-1 to the Stipulation), which was sent to members of the Settlement Class.

2229545.1

k. "Offerings" means NovaStar Mortgage Funding Trusts, NovaStar Home Equity Loan Series 2006-3, 2006-4, 2006-5, 2006-6, 2007-1, and 2007-2.

l. "Person" and "Persons" means any individual, corporation, limited liability company, limited partnership, partnership, professional corporation, association, affiliate, joint stock company, estate, trust, unincorporated association, entity, government and any political subdivision thereof, or any other type of business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

m. "Plaintiffs" means the New Jersey Carpenters Health Fund and the Iowa Public Employees' Retirement System.

n. "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice. The Plan of Allocation is not part of the Settlement, and the Released Parties have no responsibility for, and no liability with respect thereto.

o. "Preliminary Approval Order" means the order entered by the Court on May 9, 2017, preliminarily certifying the Settlement Class, preliminarily approving the Settlement, and directing that Notice be provided to the Settlement Class.

p. "Proof of Claim Form" means the form provided to Settlement Class Members by the Claims Administrator for purposes of submitting a Claim, substantially in the form attached to the Stipulation as Exhibit A-3.

q. "Released Claims" means any and all claims (including "Unknown Claims," as defined in ¶ 1(x) herein), demands, rights, liabilities, and causes of action of every nature and description, known or unknown, suspected or unsuspected, contingent or non-contingent, matured or unmatured, whether or not concealed or hidden, which

4

2229545.1

now exist, or heretofore have existed, or can, shall or may exist, whether arising under federal, state, common or foreign law or at equity, that Plaintiffs or any Settlement Class Member (a) asserted in this Action, or (b) could have asserted in the Action or in any other proceeding or forum arising from or related in any way to the acts, failures to act, transactions, facts, events, matters, disclosures, statements, occurrences, representations, or omissions asserted or that could have been asserted in the Action against any Released Party; provided, however, that "Released Claims" shall not include a claim, if any, filed prior to December 20, 2016 solely and exclusively to the extent such claim asserted contractual repurchase rights with respect to any residential mortgage loan included in any of the Offerings.

    r.    "Released Party" and "Released Parties" means (i) each Defendant and his, her or its parents, subsidiaries, and affiliates and all of their respective past, current, and future respective directors, officers, employees, partners, insurers, co-insurers, reinsurers, agents, controlling shareholders, shareholders, attorneys, accountants, auditors, advisors, investment advisors, personal or legal representatives, predecessors, successors, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, and (ii) any entity in which any Defendant has a controlling interest, and all of their respective property.

    s.    "Settlement Amount" means one hundred sixty five million U.S. dollars ($165,000,000.00).

    t.    "Settlement Class Member" means a person or entity that is a member of the Settlement Class (as defined in ¶ 3 below) and that has not excluded himself, herself or itself by timely filing a request for exclusion pursuant to and in accordance with the

2229545.1

requirements set forth in the Preliminary Approval Order (such persons who have so excluded themselves being identified in Exhibit 1 attached hereto).

u. "Settlement Fund" means the Settlement Amount plus any interest earned thereon after it is deposited into the Escrow Account.

v. "Settling Parties" means (i) Defendants and (ii) Plaintiffs on behalf of themselves and the Settlement Class (as defined in ¶ 3 below).

w. "Summary Notice" means the Summary Notice of the Pendency of Class Action and Proposed Settlement, Preliminary Approval Order, Final Approval Hearing, and Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached to the Stipulation as Exhibit A-2, which was published on May 30, 2017, as set forth in the Preliminary Approval Order.

x. "Unknown Claims" means any and all Released Claims that Plaintiffs and/or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to object to this Settlement or not exclude himself, herself or itself from the Settlement Class.

2. This Court has jurisdiction to enter this Order and Final Judgment. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of the Settlement only, a class (the "Settlement Class") consisting of all Persons who purchased or otherwise acquired publicly offered Certificates representing interests

in any of the NovaStar Mortgage Funding Trusts, NovaStar Home Equity Loan Series 2006-3, 2006-4, 2006-5, 2006-6, 2007-1, or 2007-2 Offerings, prior to May 21, 2008, pursuant or traceable to the Registration Statement and accompanying prospectus filed with the Securities and Exchange Commission by NovaStar Mortgage Funding Corporation a/k/a NovaStar Certificates Financing Corporation on June 16, 2006 (No. 333-134461), and who were damaged thereby, *except* those Persons that timely and validly requested exclusion from the class pursuant to and in accordance with the terms of the Preliminary Approval Order. Also excluded from the Settlement Class are all Defendants, their officers and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has or had a controlling interest, *except* for any Investment Vehicle.

4.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for the purposes of the Settlement, Plaintiffs New Jersey Carpenters Health Fund and Iowa Public Employees' Retirement System are appointed as Class Representatives of the Settlement Class, and the law firm of Cohen Milstein Sellers & Toll PLLC ("Lead Counsel") is appointed as lead counsel for the Settlement Class.

5.  With respect to the Settlement Class, this Court finds, solely for the purposes of the Settlement, that: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Class Representatives are typical of the claims of the Settlement Class; (d) Class Representatives and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class Members; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions

2229545.1

affecting only individual members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; and (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement, and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class Members. This Court further finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions therein. The Settling Parties are hereby directed to perform the Settlement's terms.

7. The distribution of the Notice and the publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified with reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement, to all persons and entities entitled to such notice, and said notice fully satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and any other applicable law, including the Private Securities Litigation Reform Act of 1995. A full and fair opportunity was accorded to all Settlement Class Members to be heard with respect to the Settlement. Thus, it is hereby determined that all members of the Settlement Class, other than

2229545.1

Case 1:08-cv-05310-DAB-HBP   Document 321-5   Filed 03/06/19   Page 10 of 14

those persons and entities who validly and timely requested exclusion from the Settlement Class as listed in Exhibit 1 hereto, are bound by this Order and Final Judgment.

8. The Court has received one objection to the Settlement, submitted by the Federal Housing Finance Agency ("FHFA") in its capacity as conservator of the Federal Home Loan Mortgage Corporation ("Freddie Mac"). The Court finds and concludes that FHFA and Freddie Mac's objections to the adequacy of notice is without merit and therefore overrules it in its entirety. *and individual 12 USC § 4617(f) (objection to subject matter jurisdiction of Court) are* DAB 3/13/19

9. The Action and all claims contained therein are hereby dismissed on the merits with prejudice as to Plaintiffs and the Settlement Class Members. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

10. Upon the Effective Date, Plaintiffs and all other Settlement Class Members, on behalf of themselves and any of their personal representatives, spouses, domestic partners, trustees, heirs, executors, administrators, successors or assigns, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally and forever waived, released, relinquished, discharged, and dismissed all Released Claims, with prejudice and on the merits, whether or not such Plaintiff or Settlement Class Member executes and delivers a Proof of Claim Form. Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and of the provisions, rights and benefits of § 1542 of the California Civil Code (and any other similar provision of law of any other jurisdiction), was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.

11. Upon the Effective Date, Plaintiffs and all other Settlement Class Members, on behalf of themselves and any of their personal representatives, spouses, domestic partners,

trustees, heirs, executors, administrators, successors or assigns, are forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any Released Claims, including, without limitation, instigating, voting in favor of or otherwise supporting the assertion of any claim asserting contractual repurchase (or other "putback") rights with respect to any residential mortgage loan included in any of the Offerings other than in any action filed prior to December 20, 2016 asserting such claims.

12.  Upon the Effective Date, the Released Parties shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally and forever waived, released, relinquished, discharged, and dismissed all claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims, with prejudice and on the merits, against each and all of the Plaintiffs, Settlement Class Members, and Lead Counsel.

13.  The fact and terms of the Stipulation, including Exhibits thereto, this Order and Final Judgment, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

    a.  shall not be offered or received against the Released Parties, Plaintiffs or the Settlement Class Members as evidence of, or construed as, or deemed to be evidence of, any presumption, concession or admission by any of the Released Parties or by Plaintiffs or the Settlement Class Members with respect to the truth of any fact alleged by Plaintiffs, or the validity, or lack thereof, of any claim, or the deficiency of any defense that was or could have been asserted in the Action or in any litigation, in this or any other court, administrative agency, arbitration forum or other tribunal, or of any liability,

negligence, fault or wrongdoing of the Released Parties, Plaintiffs or the Settlement Class Members;

    b.    shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or against any Released Party, Plaintiffs or the Settlement Class Members as evidence of any infirmity in the claims or defenses that have been or could have been asserted in the Action;

    c.    shall not be offered or received against the Released Parties, Plaintiffs or the Settlement Class Members as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Released Parties, Plaintiffs or Settlement Class Members in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

    d.    shall not be construed against the Released Parties, Plaintiffs or the Settlement Class Members as an admission, concession or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

    e.    shall not be construed as or received in evidence as an admission, concession or presumption against Plaintiffs or Settlement Class Members that any of

their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

14. The Released Parties may file the Stipulation and/or this Order and Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation and enforcement of the Settlement; (b) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (c) disposition of the Settlement Fund; (d) enforcing and administering this Order and Final Judgment; (e) enforcing and administering the Stipulation, including any releases and bar orders executed in connection therewith; and (f) other matters related or ancillary to the foregoing.

16. Any plan of allocation submitted by Lead Counsel, or any order entered regarding the allowance or disallowance, in whole or in part, of any attorneys' fees and/or Litigation Expenses shall in no way disturb or affect this Order and Final Judgment and shall be considered separate from this Order and Final Judgment. The Released Parties have no responsibility for, and no liability with respect to (i) the investment or distribution of the Settlement Amount under any plan of allocation, or (ii) the attorneys' fees or Litigation Expenses that the Court may or may not award.

17. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

18. The Escrow Account, into which Defendants have deposited the Settlement Amount, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code 468B and the Treasury Regulations promulgated thereunder.

19. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants or any of them who paid such Settlement Amount on behalf of Defendants, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated to the extent provided by the Stipulation and, in such event: (a) all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; and (b) the fact of the Settlement shall not be admissible in any trial of the Action.

20. Without further Order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

Dated: New York, New York

*Deborah A. Batts*
HONORABLE DEBORAH A. BATTS
UNITED STATES DISTRICT JUDGE
3|13|19

2229545.1